MICHAEL A. MAZZOCONE (STATE BAR NO. 183209)
MICHAEL A. MAZZOCONE, ATTORNEY AT LAW
601 MONTGOMERY STREET, SUITE 850
SAN FRANCISCO, CALIFORNIA 94111
TEL: (415) 399-0800
FAX: (415) 399-0900

ATTORNEYS FOR DEFENDANTS
JOSEPH MARTIN AND LEIGH LIGHTFOOT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MARTIN, et al.,<br><br>Defendants. | **CASE NO. 17-CV-07330-SBA**<br><br>**DEFENDANTS JOSEPH MARTIN AND LEIGH LIGHTFOOT'S NOTICE F MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**<br><br>*ASSIGNED TO HON. SAUNDRA B. ARMSTRONG*<br><br>**DATE:** AUGUST 8, 2018<br>**TIME:** 1:00 P.M.<br>**JUDGE:** HON. SAUNDRA B. ARMSTRONG<br>**LOCATION:** COURTROOM 210<br>**TRIAL DATE:** NOT YET SET<br><br>**COMPLAINT FILED:** DECEMBER 27, 2017 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT on August 8, 2018 at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 210, of the above-entitled court, located 1300 Clay Street, Oakland, California, the Honorable Saundra B. Armstrong presiding, Defendants Joseph Martin and Leigh Lightfoot (collectively "Defendants") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an Order completely dismissing Plaintiff's Claims and Complaint based on the res judicata doctrine, the Settlement Agreement and Mutual Release signed by the parties and the statute of limitations.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, the Declaration of Michael A. Mazzocone, the pleadings and other papers on file in this action, and any further papers, evidence, and/or argument as may be submitted to the Court in connection with this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case must be dismissed for a number of reasons. In short, all of these claims have either been adjudicated in other proceedings, were released by Plaintiff Carl Wescott ("Wescott" or "Plaintiff"), or are time-barred. Wescott declared under penalty of perjury in his "Application to Proceed In Forma Pauperis" that "the complaint which [he was] seeking to file" did ***not*** "raise claims that have been presented in other lawsuits." Sadly, this statement is patently false.

Defendants' counsel, acting under the meet and refer requirements of the Court's May 1, 2015 Standing Order, Paragraph 4, succinctly pointed out these facts and requested Plaintiff dismiss his action promptly. *See* Declaration of Michael Mazzocone in Support of Motion to Dismiss filed concurrently herewith. After exchanging multiple letters and emails, Wescott ultimately refused to dismiss his Complaint, contending he could cure the defects in his Complaint by amendment. Defendants disagree, necessitating this motion.

## II. STATEMENT OF FACTS

Wescott alleges in his Complaint that he was a successful international real estate

investor who had a unique business model and business methods. (Complaint, ¶¶ 9-10.) After meeting Defendant Joseph Martin in 2004 and learning that he and his wife (co-Defendant Leigh Lightfoot) owned multiple properties in Honduras and were planning to retire there (*Id.* at ¶12), Wescott alleges he "entered into a five-year contract with the Defendants to manage a development project in Honduras ('the Project') commencing in 2007" that he claims would have been quite profitable. (*Id.* at ¶13.)

As part of the contract [not attached], Wescott alleges he invested money to buy the land for the Project and to pay design and engineering fees. (Complaint, ¶17.) Under the contract, Wescott claims Defendants received relocation expenses and monthly living expenses, and they were to act as Plaintiff's agents regarding the Project and, as such, were entrusted with Plaintiff's alleged trade secrets and proprietary real estate business methods. (*Id.* at ¶¶14-16.) Plaintiff further alleges the Project failed because Defendants did not perform their duties as contracted. (*Id.* at ¶¶18-20.)

Without providing any specific dates, Plaintiff then alleges and admits Defendants sued Plaintiff for the last two years of their compensation under their contract. (Complaint, ¶20.) Plaintiff further alleges and admits he entered into a stipulated judgment with "plaintiffs" [sic] for $140,000, but then alleges that the stipulated judgment is not entitled to res judicata effect as to Defendants' breaches of contract and fiduciary duties under *Landeros v. Pankey* (1995) 39 Cal.App.4th 1167. (*Id.* at ¶20.)

Plaintiff additionally alleges Defendants also breached their contractual and fiduciary duties as part of Plaintiff's 2012 bankruptcy proceeding which he filed in the Northern District of California, Case No. 12-30143DM. Wescott alleges the Project's property was difficult to sell and would have reverted to him if Defendants had not intervened with the bankruptcy Trustee. Wescott alleges Defendants helped the bankruptcy Trustee sell the property to a third party in breach of their purported duties, thus preventing Plaintiff from reclaiming the property, developing it, and making millions of dollars. (Complaint, ¶¶22-24.) Wescott also alleges Defendant Martin falsely represented himself as a real estate broker to the Trustee. (*Id.* at ¶23.)

Plaintiff has sued Defendants for the following:

(1) for their breach of fiduciary duties (a) in not working toward achieving the goals of the Project, (b) for suing him for money to which they were not entitled and (c) for assisting the bankruptcy Trustee in selling the Project's property to his detriment (Complaint, ¶¶25-28);

(2) for their breach of contract for alleged "misfeasance" and "nonfeasance" for the same acts described above (*Id.* at ¶¶30-34);

(3) for their misappropriation of trade secrets under California Code of Civil Procedure [sic] section 3426 *et seq.* by misappropriating Wescott purportedly novel and proprietary real estate business methods and utilizing those confidential methods in further investments they made (*Id.* at ¶¶ 35-41); and

(4) for an accounting of (a) all funds allegedly misspent by Defendants, (b) all profits obtained by Defendants through misappropriation of his trade secrets and (c) all lost profits he has suffered over the years because of Defendants' actions (*Id.* at ¶¶42-45.)

## III. LEGAL STANDARD

Under FRCP 12(b)(6), a claim may be dismissed if it does not "state a claim upon which relief can be granted." Courts normally do not look outside the pleadings in deciding a FRCP 12(b)(6) motion to dismiss. However, there are exceptions. As this Court stated:

> A document is not considered outside the complaint if it is "incorporated by reference," *i.e.*, the complaint specifically refers to the document and its authenticity is not questioned. *See Knivevel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir.1997). A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1948, 1052 (9th Cir. 2007). If dismissal of the complaint is warranted, it is generally without prejudice, unless it is clear that the complaint can not be saved by any amendment. *See Sparling v. Duou*, 411 F. 3d 1006, 1013 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172, 126 S.Ct. 1335, 164, L.Ed.2d 51 (2006); *Gompeper v. VISZ, Inc.* 298 F.3d 893, 898 (9th Cir. 2002) [*Galiano v. Institute of Governmental Studies at the University of California at Berkeley*, 2008 WL 4155594 at *3 (N.D. Cal. 2008.]

(*See* The Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Chpt. 9-D Motions to Dismiss (Rule 12(b)), ¶¶9:212.1, 9:212.15 and 9:219 (2018).)

As shown by Defendants' Request for Judicial Notice, public records (court filings) related to Plaintiff's earlier-filed complaint in California state court mandate dismissal of the instant Complaint because they demonstrate that Wescott's claims were or could have been

adjudicated in the earlier state court action which was dismissed with prejudice and released by Wescott himself.

## IV. LEGAL ARGUMENT

### A. ALL OF PLAINTIFF'S CLAIMS RELATED TO THE PROJECT MUST BE DISMISSED PURSUANT TO FRCP 12(B)(6) Based on the Res Judicata Doctrine Since Such Claims Have Been Litigated and Settled.

#### 1. Res Judicata Standard

Numerous courts have held that the affirmative defense of res judicata, to prevent relitigating issues that were or could have been raised in an earlier action, may be raised by way of a motion to dismiss when the relevant facts can be determined by judicial notice of a court's own records. (*Drawsand v. F. F. Properties, LLP*, 866 F.Supp.2d 1110, 1126 (N.D. Cal. 2011); *Guevara v. Marriott Hotel Svcs. Inc.*, 2011 WL 3419510 at *4 (N.D. Cal. 2011).

The Court in *Guice v. Emerson*, 2014 WL 1618799 at *2-3 (N.D. Cal. 2014) explained how the res judicata issue must be analyzed in a diversity case like this one:

> "[A] federal court siting in diversity must apply the res judicata law of the state in which it sits." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364 (9th Cir. 1993). Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).
>
> Under California law, a claim is barred by res judicata if three requirements are met: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys*., 568 F.3d 725, 734 (9th Cir. 2009) (quoting *Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal.App.4th 1161 (2003)).
>
> California applies the primary rights doctrine to ascertain whether the prior and present actions involve the same cause of action. *Manufactured Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1031 (9th. Cir. 2005) ("MHC"). The primary rights doctrine provides that "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002). "A 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* at 904 (internal quotation and alterations omitted). "[U]nder the primary rights theory, the determinative factor is the harm suffered." *Boeken v. Philip Morris USA, Inc.,* 48 Cal.4th 788, 798 (2010). "If an action involves the same injury to

> the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983 (internal citations omitted). [Footnote omitted.]

As the court stated in *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996), "[f]or res judicata purposes, an agreed or stipulated judgment is a judgment on the merits." Consequently, the fact that earlier state court action resulted in a stipulated judgment has no effect on the res judicata effect of the prior action on the Complaint filed in this case.

**2. The Doctrine of Res Judicata Bars All of Plaintiff's Claims Related to the Project.**

Although Plaintiff admits in his Complaint that Defendants sued him regarding their participation in the Project and obtained a stipulated Judgment in that litigation against him (Complaint, ¶21), he fails to advise the Court about the Settlement Agreement and Mutual Release signed in that case in connection with that stipulated Judgment. Rather, he attempts to plead around the stipulated Judgment by alleging that res judicata should not apply here because of a California appellate case. (*Id.*) His attempt to do so must fail.

Defendant Martin sued Plaintiff in San Francisco Superior Court for breach of contract, breach of fiduciary duty and several other causes of action regarding his contractual involvement with Plaintiff and the Project. (This July 29, 2010 complaint filed in the prior state court action is attached to the Request for Judicial Notice **Exhibit A**.)

Wescott cross-complained against Defendant Martin, claiming fraud by inducement, intentional misrepresentation, negligent misrepresentation, and common counts, seeking an accounting related to Defendant Martin's involvement in the Project. (Attached as **Exhibit B** to the Request for Judicial Notice is a copy of Wescott's amended cross-complaint filed in the prior state court action.)

The prior state court action was resolved by stipulated Judgment in 2011, and the parties signed a stipulation (as alleged in the Complaint in this case) in which Wescott agreed to pay Defendant Martin $130,000 on his claims and agreed to dismiss his cross-complaint with prejudice. A true and correct copy of the Judgment and Stipulation in Support of the Judgment are attached as **Exhibit C** to the Request for Judicial Notice. As part of the stipulated Judgment,

Wescott signed an Settlement Agreement and Mutual Release. (Attached as **Exhibits D** is a true and correct copy of the parties' Settlement Agreement and Mutual Release.)

These documents demonstrate why each of three elements of the res judicata doctrine are present to bar all of Plaintiff's claims. As to the first element, this lawsuit involves the same cause of action as the earlier state court litigation. Not only did Defendant Martin's lawsuit raise claims relating to the Project and his contractual arrangement with Wescott, but Wescott's cross-complaint brought some of the very same claims he is raising again in this action.

Moreover, under California's primary rights law cited in detail in the *Guice* decision *supra*, to the extent there are any additional claims in this Complaint arising from Defendants' participation in the Project, those claims were waived because Plaintiff failed to bring them in the cross-complaint he filed in the state court action.

Finally, in the Settlement Agreement and Mutual Release signed by Plaintiff, he agreed to release all known and unknown claims against both Defendants related to the dispute set forth in the complaint and cross-complaint in the prior state court action. (*See* the state court complaint, cross-complaint, stipulate Judgment and Settlement Agreement and Mutual Release attached to the Request for Judicial Notice as **Exhibit D**.)

As to the second and third elements of the res judicata doctrine, there cannot be any dispute they are met here since a stipulated Judgment regarding these parties was entered in the state court action. (*See* the Judgment attaching the Stipulation of the Parties for Entry of Judgment attached as **Exhibit C** to the Request for Judicial Notice.) Therefore, the res judicata doctrine is applicable here to bar Wescott's claims in this Complaint.

### 3. The Court Should Reject Wescott's Argument that the Res Judicata Doctrine Does Not Bar His Project-Related Claims.

Plaintiff presumably recognizes that the stipulated Judgment he agreed to in order to resolve the state court action would bar his Project-related claims against Defendants. To avoid that result, Wescott alleges in his Complaint the stipulated Judgment is not entitled to res judicata effect based on *Landeros v. Pankey*, 39 Cal.App.4th 1167 (1995). (Complaint, ¶21.) Not only does Plaintiff fail to allege any factual basis for his non-applicability argument, but the *Landeros* case he cites provides him no relief.

First, Plaintiff alleges no facts whatsoever as to why the *Landeros* case should provide him relief from the application of the res judicata doctrine here. On that basis alone, it should be rejected. Further, no leave to amend his Complaint should be permitted Wescott here since, as shown below, no amendment could possibly cure the deficiencies in the Complaint regarding the non-applicability of the res judicata doctrine to this pleading. (*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).)

Second, and more importantly, the *Landeros* case has no application to this situation and does not permit Wescott to relitigate in this Court the same issues he raised or could have raised in the state court litigation. In *Landeros*, the appellate court noted stipulated judgments are not always given collateral estoppel effect when the parties do not manifest an intent to be collaterally bound by its terms. (*Landeros, supra*, 39 Cal.App.4th at pp. 1172-1173.) Because of the ambiguous stipulated judgment in that case and the lack of other evidence, the *Landeros* court decided collateral estoppel did not apply to an issue which could not be raised in the prior proceeding. (*Id.* at pp. 1173-1174.)

Not so here. First, it is clear from the face of the stipulated Judgment that the parties manifested an intent to give it preclusive effect because the parties specifically agreed that the Judgement would serve to dismiss ***all*** of Wescott's claims alleged in his cross-complaint ***with prejudice***. (*See* the stipulated Judgment attached as Exhibit C to the Request for Judicial Notice.) Thus, there is no ambiguity that the parties intended to give preclusive effect to the Judgment entered on the stipulation. Had they intended otherwise, they would have dismissed the claims without prejudice and Defendant Joe Martin would not have been awarded any amount on his complaint.

Additionally, in contrast to the *Landeros* situation, where there was "no comprehensive settlement language nor any release of all claims," (39 Cal.App.4th at 1172), the parties here entered into an broad Settlement and Mutual Release evidencing the parties' intent. *See* Request for Judicial Notice, **Exhibit D**. The Court must conclude from that document, which specifically refers to the stipulated Judgment, that the parties intended to release one another from any and all claims arising from the Project so that they could not be relitigated by either party.

In light of the above, all of Wescott's Project-related claims are barred by principals of res judicata and collateral estoppel and should be dismissed.

**B. The Settlement Agreement and Mutual Release Entered By the Parties Alone Warrants Dismissal of the Complaint in This Case.**

In addition to all of Wescott's Project-related claims which must be dismissed based on the res judicata doctrine, Wescott has also alleged Defendants breached their fiduciary and contractual duties during Plaintiff's 2012 bankruptcy by improperly interfering and assisting the bankruptcy Trustee to sell the Honduran development property to a third party rather than letting the property be abandoned to Wescott's detriment. (Complaint, ¶¶22, 23, 27 and 28.) These claims, as is the case with the Project-related claims, should be dismissed because Wescott released all such claims against Defendants related to the Project as part of the Settlement Agreement and Mutual Release signed by all the parties.

Courts have held that the question of whether a release bars a plaintiff's claims is properly raised in a FRCP 12(b)(6) motion to dismiss. (*See, e.g., Stephen H. v. West Contra Costa County Unified School District,* 2007 WL 1557482 at *1-2 (N.D. Cal. 2007).) Moreover, the interpretation of a release under California law is governed by the same principles applicable to any other contract and is interpreted to give effect to the mutual intention of the parties at the time of contracting. (*See Lu v. AT & T Servs., Inc.*, 2011 WL 2470268, at *2 (N.D. Cal. 2011).)

In the Settlement Agreement and Mutual Release signed by Plaintiff upon the advice of his attorney, he completely released Defendants from all known and unknown claims and waived the protections of California Civil Code section 1542. (*Id.* at ¶4.) *See* Request for Judicial Notice **Exhibit D**. Because this waiver is clear, explicit, and comprehensive in each of its essential details and clearly notifies Wescott of the effect of signing the Settlement Agreement and Mutual Release, it is enforceable. (*See Harmon v. Johnson & Johnson*, 2009 WL 10659667 at *4 (C.D. Cal. 2009) citing *Skrbina v. Fleming Co.*, 45 Cal.App.4th 1353, 1368 (1996).)

Based on the explicit and unambiguous terms of the Settlement Agreement and Mutual Release signed by Wescott, his entire Complaint must be dismissed.

**C. Plaintiff's Complaint Must Be Dismissed in Its Entirety Under FRCP 12(b)(6) Since All of His Claims Are Barred By the Statute of Limitations**

Another reason why Plaintiff's Complaint must be dismissed is that all of his claims are barred by the pertinent statute of limitations. A party may move under FRCP 12(b)(6) to dismiss claims for being time-barred if the running of the statute of limitations is apparent from the face of the complaint. *(Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010); *Guevara, supra*, 2011 WL 3419510 at *8; *Roberson v. St. Anthony Foundation*, 2011 WL 2844908 at * 2 (N.D. Cal. 2011).)

Under California law, the statute of limitations for a breach of contract is four years. (Code Civil Proc., §337.) The statute of limitations for a breach of fiduciary duty is under the general statue and is also four years. (Code Civil Proc., §343; *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998).) The statute of limitations for misappropriation of trade secrets comes under Civil Code [not the Code of Civil Procedure as alleged in the Complaint] section 3426.6 is three years. Wescott alleges he "entered into a five-year contract with the Defendants to manage a development project in Honduras ('the Project') commencing in 2007" that he claims would have been quite profitable. (*Id.* at ¶13.) Wescott filed his First Amended Complaint in the prior state court action on November 17, 2010. *See* Request for Judicial Notice **Exhibit B**. Consequently, among other claims, he took the position that by that date the Defendants committed fraud in inducing him to enter the contract. Since this Complaint was filed December 27, 2017, all of these claims are clearly time-barred by the applicable statutes of limitations. Wescott knew about the all of these claims far more than four years before filing this Complaint on December 27, 2017. They are al time-barred

**D. Wescott's Bankruptcy Related Claims Should Have Been Raised in Bankruptcy Court and Have No Place in this Complaint.**

Likewise, Plaintiff's spurious bankruptcy related claims are waived and time-barred. The Chapter 7 bankruptcy Trustee appointed to that case, Janina Hoskins, filed a Motion to Employ Consultant and Declaration of Proposed Consultant on June 20, 2012, seeking court approval to retain the service of Joe Martin to provide services to assist the Trustee in disposing of the Honduran Property. A true and correct copy of that Motion is attached as **Exhibit E** to the Request for Judicial Notice. According to the Docket for that bankruptcy proceeding, only one

objection was filed to that Motion, which was filed on June 26, 2012 by the United States Trustee. A true and correct copy of the Docket for the Bankruptcy Proceeding is attached to the Request for Judicial Notice, **Exhibit F**. According to the Docket, Wescott filed no objections to the Motion and therefore cannot complain about its having been entered now. Ultimately, Mr. Martin's appointment was resolved by a Stipulation to Appoint him, a true and correct copy of which is attached as **Exhibit G** to the Request for Judicial Notice. According to the Docket, Wescott filed no objections to the Stipulation to Employ Joe Martin either.

Any objection should have been brought in the bankruptcy proceeding, or in an appeal or motion for relief from the judgment, not in this Court. Normally, an appeal from a bankruptcy judgment, order or decree must be filed with 14 days. (Federal Rule of Bankruptcy Procedure §8002.) According to the Docket, the Final Decree of the bankruptcy court was entered on July 15, 2016 and to date no appeal has been filed. *See* Request for Judicial Notice, **Exhibit F**. If Plaintiff sought relief from a bankruptcy judgment or order under FRCP 60 or Federal Rule of Bankruptcy Procedure section 9024, such relief normally must be filed within one year. The time has long passed for Plaintiff to challenge the bankruptcy Trustee's action to sell the Honduran development property or Mr. Martin's appointment, so these claims are also time-barred.

## V. CONCLUSION

By the complaint in this action, Wescott is attempting to litigate anew issues that have already been disposed of by both the prior state court action and the bankruptcy proceeding. Wescott's repackaged claims against these Defendants in this Complaint have already been released. The Court should grant this motion and dismiss it without leave to amend.

DATED: JUNE 22, 2018 MICHAEL A. MAZZOCONE, ATTORNEY AT LAW

By: */s/ Michael A. Mazzocone*
MICHAEL A. MAZZOCONE
ATTORNEY FOR DEFENDANTS JOSEPH MARTIN AND LEIGH LIGHTFOOT

**PROOF OF SERVICE**

**Case Name:** **Carl Alexander Wescott v. Joseph Martin, et al.**
**Court and Case No.:** **United States Northern District Court, Case No: 17-CV-07330-SBA**

I, the undersigned, declare that I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. On June 22, 2018, I served the within documents:

**Defendants Joseph Martin and Leigh Lightfoot's Notice of Motion and Motion to Dismiss Pursuant to FRCP 12(b)(6)**

**Defendants Joseph Martin and Leigh Lightfoot's Request for Judicial Notice in Support of Their Motion to Dismiss Pursuant to FRCP 12(b)(6)**

**Declaration of Michael A. Mazzocone Regarding Meet and Confer Requirement**

**[Proposed] Order Granting Defendants Joseph Martin and Leigh Lightfoot's Motion to Dismiss Pursuant to FRCP 12(b)(6)**

on the part[y/ies] addressed as follows:

Carl Alexander Wescott
PO Box 190875
San Francisco, CA 94119
c@carlawescott.com

Plaintiff Pro Per

☒ BY MAIL by placing a true copy of each document listed above in a sealed envelope addressed to the parties listed above and/or on the attachment hereto and placing it for collection in my office for deposit in the United States Postal Service. I am readily familiar with the regular business practices of my office and attest that envelopes so placed for collection are deposited on the same business day with the United States Postal.

☐ BY HAND I caused each such envelope to be delivered by hand to the addressee(s) listed above and/or on the attachment hereto via messenger.

☒ BY ELECTRONIC MAIL The document(s) listed above was(were) served electronically to the electronic mail address(es) listed above and the transmission was reported as complete and without error.

☐ BY FEDERAL EXPRESS by placing a true copy of each document listed above in a sealed envelope for delivery via Federal Express to the addressee(s) listed above and/or on the attachment hereto.

☐ BY FACSIMILE I caused a true copy to be transmitted via facsimile to the addressee(s) listed above and/or on the attachment hereto at the FAX number(s) noted after the party's[ies'] address[es].

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 22, 2018 at San Francisco, California.

Amy Wolfenberger
Amy Wolfenberger