MICHAEL A. MAZZOCONE (STATE BAR NO. 183209)
MICHAEL A. MAZZOCONE, ATTORNEY AT LAW
601 MONTGOMERY STREET, SUITE 850
SAN FRANCISCO, CALIFORNIA 94111
TEL: (415) 399-0800
FAX: (415) 399-0900

ATTORNEYS FOR DEFENDANTS
JOSEPH MARTIN AND LEIGH LIGHTFOOT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MARTIN, et al.,<br><br>Defendants.<br>_____ | **CASE NO.  17-CV-07330-SBA**<br><br>**DEFENDANTS JOSEPH MARTIN AND LEIGH LIGHTFOOT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**<br><br>*ASSIGNED TO HON. SAUNDRA B. ARMSTRONG*<br><br>**DATE:** AUGUST 8, 2018<br>**TIME:** 1:00 P.M.<br>**JUDGE:**  HON. SAUNDRA B. ARMSTRONG<br>**LOCATION:** COURTROOM 210<br>**TRIAL DATE:** NOT YET SET<br><br>**COMPLAINT FILED:** DECEMBER 27, 2017 |

Defendants Joseph Martin and Leigh Martin respectfully request this Court take judicial notice, pursuant to Federal Rule of Evidence ("FRE") 201, of the following documents in connection with their Federal Rule of Civil Procedure ("FRCP") 12(b)(6) Motion to Dismiss the complaint in this matter:

1.      Defendant Joseph Martin's July 29, 2010 Complaint against Carl Wescott filed in in the California Superior Court for the City and County of San Francisco, Case No. CGC-10-502027, a true and correct copy of which is attached as **Exhibit A**.

2.      Plaintiff Carl Wescott's November 17, 2010 Amended Cross-Complaint filed in the in California Superior Court for the City and County of San Francisco, Case No. CGC-10-502027, a true and correct copy of which is attached as **Exhibit B**.

3.      The October 18, 2011 Stipulated Judgement filed in the California Superior Court

for the City and County of San Francisco, Case No. CGC-10-502027, including the "Stipulation of the Parties for Entry of Judgment," a true and correct copy of which is attached as **Exhibit C**.

4.      The October 2011 Settlement Agreement and Mutual Release entered between Plaintiff and Defendant Joe Martin, a true and correct copy of which is attached as **Exhibit D**.

5.      Motion to Employ Consultant and Declaration of Proposed Consultant filed on June 20, 2012 in the case of *In Re Carl Alexander Wescott and Monette Rosemarie Stephens* filed in the United States Bankruptcy Court for the Northern District of California, Case No. 12-30143 DM, a true and correct copy of which is attached as **Exhibit E**.

6.      The docket of the case *In Re Carl Alexander Wescott and Monette Rosemarie Stephens* filed in the United States Bankruptcy Court for the Northern District of California, Case No. 12-30143 DM as of June 19, 2018, a true and correct copy of which is attached as **Exhibit F** to this Request.

7.      Stipulation Re: Trustee's Motion to Employ Joe Martin as Consultant filed in the case of *In Re Carl Alexander Wescott and Monette Rosemarie Stephens* filed on July 9, 2012 in the United States Bankruptcy Court for the Northern District of California, Case No. 12-30143 DM, a true and correct copy of which is attached as **Exhibit G**.

The above-referenced documents are properly the subject of judicial notice pursuant to Federal Rule of Evidence 201, which provides that a court may take judicial notice of facts "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As to Exhibits A through C and E through G, a court may take judicial notice of court filings and other matters of public record. (*Wilson v. Chandroo*, 2017 WL 4286973 at *2 ["A court record, such as minute orders and other filed documents, are judicially noticeable" under FRE 201, granting defendants' request for judicial notice of California state court documents in an FRCP 12(b)(6) motion to dismiss]); *Brooks v. Gomez*, 2013 WL 496339 at *4 (N.D. Cal. 2013).)

As to Exhibit D (the October 2011 Settlement Agreement and Mutual Release of the state court action signed by Plaintiff and Defendant Martin on advice of their counsel and covering co-

1  Defendant Lightfoot), courts may consider documents on an FRCP 12(b)(6) motion not

2  specifically referenced in the complaint through the doctrine of incorporation by reference if they

3  are "crucial" or "essential" to his claims. (*Garcia v. Enterprise Holdings, Inc.*, 78 F.Supp.3d

4  1125, 1136-1137 (N.D. Cal. 2015); *Grillo v. State of California*, 2006 WL 335340 at *6 (N.D.

5  Cal 2006; *In re Calpine Corporation Securities Litigation*, 288 F.Supp.2d 1054, 1076 (N.D. Cal.

6  2003).

7      The appellate court in *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded

8  by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d

9  676, 681 (9th Cir. 2006) explained the rationale behind the above rule and held ". . . a district

10  court ruling on a motion to dismiss may consider a document *the authenticity of which is not

11  contested*, and **upon which the plaintiff's complaint relies**." (Emphasis added.)

12      The Settlement Agreement and Mutual Release ("Release") is just such a document and

13  should be judicially noticed. Plaintiff specifically alleges in his Complaint that the Stipulated

14  Judgment was "not entitled to Res Judicata effect". (Complaint, ¶21; emphasis in the original.)

15  In so doing, Plaintiff has placed the Stipulated Judgment and its related documents which he

16  failed to attach to his complaint at issue. The Settlement Agreement and Mutual Release

17  specifically refers to the Stipulated Judgment entered as consideration for the Agreement at

18  Paragraph 2.

19      Although Plaintiff only refers to the Stipulated Judgment in his Complaint, avoiding the

20  enforcement of the release that disposes of any and all claims against Defendants and waives the

21  protection of California Civil Code section 1542 is "crucial" and "essential" if his Complaint is

22  to succeed. Plaintiff should not be permitted to survive an FRCP 12(b)(6) motion by deliberately

23  failing to attach documents to which he has referred in his pleading simply by failing to attach

24  them.

25  / / /

26  / / /

27  / / /

28  / / /

1    Accordingly, Defendants respectfully request this Court take judicial notice of the

2    documents attached as Exhibits A through F, hereto.

3

DATED:  JUNE 22, 2018                MICHAEL A. MAZZOCONE, ATTORNEY AT LAW

4

5                                     _/s/ Michael A. Mazzocone_
                         By:    MICHAEL A. MAZZOCONE
6                               ATTORNEY FOR DEFENDANTS JOSEPH MARTIN AND LEIGH
                                LIGHTFOOT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 JUL 29  AM 1: 05

CLERK OF THE COURT
BY:_____
ELIAS RIOS
DEPUTY CLERK

1   MICHAEL A. MAZZOCONE (STATE BAR NO. 183209)
    CAROL A. JASINSKI, ESQ. (STATE BAR No.159775)
2   MICHAEL A. MAZZOCONE, ATTORNEY AT LAW
    400 MONTGOMERY STREET, SUITE 200
3   SAN FRANCISCO, CALIFORNIA 94104
    TEL: (415) 399-0800
4   FAX: (415) 399-0900

5   ATTORNEYS FOR PLAINTIFF JOSEPH MARTIN

CASE MANAGEMENT CONFERENCE SET

DEC 3 0 2010 - 9:00 AM

DEPARTMENT 212

6
7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                FOR THE CITY AND COUNTY OF SAN FRANCISCO

9                         UNLIMITED JURISDICTION

10

11  JOSEPH MARTIN, an individual      )   CASE NO. CGC-10-502027
                                      )
12              Plaintiff,            )   COMPLAINT FOR:
                                      )
13       vs.                          )   1. BREACH OF WRITTEN CONTRACT;
                                      )   2. BREACH OF FIDUCIARY DUTY;
14  CARL WESCOTT, an individual AND   )   3. SUPPRESSION OF FACT;
    DOES 1-35; inclusive             )   4. CONSTRUCTIVE FRAUD;
15                                    )   5. NEGLIGENT MISREPRESENTATION;
                                      )   6. NEGLIGENCE; AND
16              Defendants.           )   7. UNFAIR BUSINESS PRACTICES.
    _____)

17

18

19       COMES NOW PLAINTIFF, Joseph Martin, an individual ("Plaintiff"or "Martin"), and

20  alleges as follows:

21                         **GENERAL ALLEGATIONS**

22       1.     Plaintiff Joseph Martin is an individual and currently a resident of the state of

23  Florida.

24       2.     Defendant CARL WESCOTT ("Wescott") is an individual, currently a resident of

25  the City and County of San Francisco.  Wescott at all times referenced herein held himself out as

26  a real estate developer.

27       3.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein

28  as Does 1 through 35, inclusive, and therefore sues those Defendants by such fictitious names.

Joseph Martin's Complaint                                          Page 1 of 12

1  Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously

2  named Defendants when ascertained.  Plaintiff is informed and believes that each Defendant

3  designated as a Doe is in some manner responsible for the acts and omissions alleged herein

4  which have caused damage to Plaintiff.

5      4.     Plaintiff is informed and believes that, at all material times Defendants and each

6  of them, were agents, servants, employees or co-conspirators of the remaining Defendants, and in

7  doing the things herein alleged, were acting within the course and scope of such agency,

8  employment or conspiracy.

9      5.     On or about April 30, 2007 Martin and Wescott entered into a written contract

10  entitled Memorandum of Understanding Real Estate Development Partnership Agreement

11  ("Contract"), a true and correct copy of which is attached hereto as **Exhibit A**.

12      6.     Under the terms of the Contract, Wescott agreed to compensate Martin for real

13  estate development services in connection with a real estate development project located in

14  Honduras ("Project").

15      7.     Under the terms of the Contract, Wescott was to provide all capital and funding

16  for the Project.  Martin was to provide other services related to the development and marketing of

17  the Project.

18      8.     A portion of the compensation owed by Wescott to Martin under the terms of the

19  agreement was to make some of the payments to Martin for his services at a rate of $4,000 per

20  month for the five year term of the agreement beginning on September 1, 2007.

21      9.     In reliance on the promises made by Wescott in connection with the Contract,

22  Martin and his wife, Leigh, relocated to Honduras in late July 2007 to perform Martin's

23  obligations under the terms of the contract to develop the project.

24      10. In order to pay Martin $4,000 monthly and fund the Project, Wescott gave Martin

25  pre-signed checks which Martin would deposit in the appropriate account on the first of each

26  month.  Martin would email Wescott the amounts he planned to deposit so Wescott could ensure

27  the account had sufficient funds in his account to cover the checks.

28      11.    In July of 2008, Martin started receiving delay notices from Wescott on funds he

1    requested for operations and, as a result, several deadlines with contractors were missed.

2         12.    Wescott sent Martin an email assuring Martin that Wescott was obtaining a $30

3    million investment from a hedge fund deal that Wescott would use to fund the Project. This

4    never materialized, nor did bank loans that Wescott claimed he was confident would be

5    approved.

6         13.    Subsequently, Wescott's checks began to bounce and Wescott delayed the deposit

7    of more and more requests for payment.

8         14.    By June 2009, Wescott was getting further behind on his payments to Martin and

9    for the prosecution of the Project. The last payment was received from Wescott in October 2009

10   to catch up on payments that were in arrears from June 2009 to August 2009. Thereafter, no

11   further payments were received from Wescott.

12        15.    In order to keep the Project moving, Martin and his wife loaned money to the

13   project.

14        16.    After not receiving payments since October 2009 and having no funds for

15   operations, Martin wrote to Wescott in November 2009 to give him an update on the status of the

16   Project, requesting that he pay all outstanding debts to the Project team. Martin also indicated

17   that it was his intention to remain on the project until June 1, 2010. This prompted a telephone

18   conversation in early December between Wescott and Martin in which Wescott suggested that

19   Martin and his wife move back to the United States as soon as possible and manage the project

20   remotely. He also indicated that he had several properties he was selling and that, once this

21   money came in, he would reimburse Martin for the money owed him.

22        17.    Martin returned to the United States January 21, 2010. Thereafter,

23   Wescott declared that he had decided to scrap the Project and sell the land. He told Martin he

24   needed nothing further from him. Martin took this as Wescott's demand to terminate the

25   partnership.

26        18.    Despite this declaration from Wescott, he continued to correspond with Martin to

27   obtain information about the Project.

28        19.    In February 2010. the Project architect sent Wescott an e-mail requesting payment

1  which was in arrears.  Wescott replied, copying Martin (as well as some of the partners from his

2  other projects), and indicated that he was launching the sales phase of a project in Uruguay

3  during March and that he expected to generate enough money to pay off all of his commitments.

4      20.    On March 9, 2010 Martin sent Wescott an email with the final accounting of the

5  money owed Martin in guaranteed compensation, personal loans to the partnership, and

6  unreimbursed expenses and requested that he state whether he disputed the amounts owed.

7  Martin further indicated that if Wescott did not respond by March 20, 2010, Martin would

8  assume that Wescott was in agreement with the amount stated and that he would anticipate

9  receiving full payment, a promissory note, or a combination of partial payment and promissory

10  note.  Wescott refused to reply substantively to this email or to follow-up emails.

11      21.    On or about April 22, 2010, Martin contacted Wescott by telephone to discuss the

12  letter of March 9, 2010 to see if Wescott would agree to a payment plan.  Wescott replied, "if you

13  want to unilaterally decide what I owe you, then I will unilaterally decide when I pay you".   He

14  then hung up the phone on Martin.

15      22.    On May 5, 2010, Martin received an email from the Project's environmental

16  engineer on which Wescott was copied.  The e-mail stated that the environmental permit for the

17  Project which was pending was near approval but that certain modifications to the master plan

18  were required and some additional information about water sources needed to be submitted.

19  Martin promptly wrote an e-mail to Wescott outlining the action items required to get this done,

20  which included paying the project architect and environmental engineer, as well as Martin and

21  other Project contractors.  Wescott responded that he intended to pay the environmental engineer

22  the following week, and asked again for the amounts owed everyone for the project.  Martin

23  responded with all of the information but, to Martin's knowledge, neither the contractors, the

24  environmental engineer, nor the design professionals were ever paid.

25      23.    On June 24, 2010 Martin's counsel wrote to Wescott demanding payment to

26  Martin and reminding Wescott of his duty to continue funding the Project so that all necessary

27  permits would be obtained.  He also reminded Wescott of his ongoing fiduciary duty to the

28  partnership.

Joseph Martin's Complaint

24.   Thereafter, Martin discovered that Wescott had been sued on a promissory note in this Court. After investigating the lawsuit, he discovered for the first time that Wescott had pledged the real property on which the Project is located as collateral to secure the promissory note. Wescott had never advised Martin that he was encumbering the Project. Nor had Wescott ever advised Martin that a prejudgment writ of attachment had been issued by this Court.

25.   To date, Wescott has failed and refused to make payment to Martin of demanded and outstanding amounts due under the terms of the Contract. Further, Martin is informed and believes, and thereupon alleges, that Wescott has continued to refuse to fund the Project, all of which will result in continued damages to the partnership created by the Contract and to Martin specifically.

## FIRST CAUSE OF ACTION

### Breach of Written Contract

*(Against All Defendants)*

26.   Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 25, above.

27.   On or about April 30, 2007, Plaintiff and Wescott entered into the Contract as hereinabove alleged.

28.   Plaintiff has performed all conditions, covenants and promises required of him to be performed in accordance with the terms and conditions of the Contract, except to the extent that Defendants prevented, excused or waived Plaintiff's performance.

29.   Wescott breached the Contract, and the covenant of good faith and fair dealing therein by, among other things, failing to provide proper funding for the project, failing to pay Martin under the terms of the Contract, and by otherwise thwarting Matin's ability to continue development of the Project through to completion.

30.   As a direct consequence of the above referenced breaches of the Contract and the good faith covenant contained therein, Plaintiff has been damaged in an amount to be ascertained at trial which includes, among other things, all amounts due and owing to Plaintiff under the terms of the Contract, repayment of funds loaned to the partnership which have gone unpaid,

Joseph Martin's Complaint

Page 5 of 12

1 anticipated profits due Martin upon completion and sale of the Project, and related, unreimbursed
2 incidental costs.

3             WHEREFORE, Plaintiff prays for judgment as set forth below.

4 **SECOND CAUSE OF ACTION**

5 **Breach of Fiduciary Duty**

6 *(Against All Defendants)*

7     31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above,
8 as if set forth fully herein.

9     32.    By virtue of the Contract between Martin and Wescott, a partnership was created.
10 Pursuant to that partnership, Wescott owed a fiduciary duty to his partner, Martin, in connection
11 with the Project. Defendants' actions, as described above, constitute a violation of their fiduciary
12 duties owed to Plaintiff to act with the highest good faith and fair dealing in connection with the
13 objectives of the partnership. Those of Defendants' actions which constitute such a breach of
14 this duty, include, but are not limited to:

15     a.    Failing and refusing to fund the Project adequately as called for by the Contract;

16     b.    Failing and refusing to compensate Martin as required by the Contract;

17     c.    Entering into agreements with third parties which resulted in encumbering the
18         Project without the knowledge or consent of Martin;

19     d.    Obstructing Martin's performance of his duties under the Contract by failing to
20         adequately fund the Project;

21     e.    Failing to disclose to Martin at the outset of the Project that he lacked sufficient
22         capital to fund the Project through to completion;

23     f.    Failing to take all necessary steps to acquire all necessary permits for the Project
24         when instructed to do so in order to have the Project fully entitled to augment its
25         value to the partnership; and

26     g.    Failing to explore the sale of the Project to third parties in order to mitigate the
27         losses to the partnership.

28     33.    As a direct and proximate result of Defendants' conduct, Plaintiff has been

1   damaged in an amount to be proved at trial.

2       34.     By engaging in the aforementioned conduct, Defendants were guilty of

3   oppression, fraud and malice within the meaning of California Civil Code section 3294, thereby

4   entitling Plaintiff to exemplary and punitive damages in an amount to be ascertained at trial.

5       WHEREFORE, Plaintiff prays for judgment as set forth below.

6                          **THIRD CAUSE OF ACTION**

7                          **Deceit - Suppression of Fact**

8                          *(Against All Defendants)*

9       35.     Plaintiff realleges and incorporates by reference paragraphs 1 through 34 above,

10  as if set forth fully herein.

11      36. When Martin entered into the Contract with Wescott, he was not told by Wescott

12  that he did not have the capital to complete the Project that is the subject of the Contract but

13  rather stated that he had adequately budgeted the funds for its completion.   Nor was Martin ever

14  told by Wescott that Wescott was pledging the property being developed as part of the Project as

15  collateral to secure loans obtained by Wescott.

16      37. The suppression of the existence of these facts was intended to mislead, and did

17  mislead Plaintiff into believing that: (1) Wescott had the capital to fund the Project through to

18  completion and (2) that the partnership could sell the completed Project and divide the proceeds

19  of the sale as contemplated by the Contract without any obligation to any third party.

20      38.     The failure to disclose information and suppression of information herein alleged

21  to have been made by Defendants was made with the intent to induce Plaintiff to act in the

22  manner herein alleged in reliance thereon.

23      39. Plaintiff, at the time this suppression of facts occurred, and at the time Defendants

24  took the actions herein alleged, was ignorant of the existence of the facts which Defendants

25  suppressed and failed to disclose.  If Plaintiff had been aware of the existence of the facts not

26  disclosed by Defendants, they would not have, as they did, agreed to enter into the Contract,

27  spend a considerable time in Honduras working under difficult conditions, and would not have

28  made loans or advanced any funds whatsoever to the partnership.

Joseph Martin's Complaint                                    Page 7 of 12

40. As a direct and proximate result of the fraudulent and deceitful suppression of fact by Defendants as herein alleged, Plaintiff was damaged in an amount to be proved at the time of trial of this matter.

41. The aforementioned conduct of Defendants was an intentional deceit known to them and made with the intent to deprive Plaintiff of his legal rights and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of his rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### Constructive Fraud

*(Against All Defendants)*

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above, as if set forth fully herein.

43. By virtue of the fiduciary relationship hereinabove alleged that existed between Plaintiff and Defendants, a confidential relationship existed at all times herein mentioned between Plaintiff and Defendants.

44. Despite having voluntarily accepted the trust and confidence reposed in them by Plaintiff with regard to the Project, and in violation of this relationship of trust and confidence, Defendants abused Plaintiff's trust and confidence by deliberately breaching the duties owed to Plaintiff as was their fiduciary obligation, through the acts averred hereinabove.

45. Defendants undertook the acts herein alleged with the intent to deceive and defraud Plaintiff and sought to conceal from him the fact that they were inducing action by Plaintiff for their own benefit and not for the benefit of Plaintiff.  Defendants did these acts with the intent to induce Plaintiff to continue providing services on the Project without compensation and to induce Plaintiff to advance funds to the partnership that Defendants, and not Plaintiff, were obligated to pay.

46.     Plaintiff did, in fact, place his confidence and reliance in Defendants, up until the time he learned that Wescott did not have the funds necessary to complete the Project and would

1    not obtain those funds.

2         47. As a direct result of the fraud of Defendants as herein alleged, Plaintiff has been

3    damaged in an amount to be proved at the time of trial of this matter.

4         48. The aforementioned conduct of Defendants was an intentional deceit known to

5    Defendants and with the intent on the part of Defendants to thereby deprive Plaintiff of his

6    legal rights and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in

7    conscious disregard of his rights, so as to justify an award of exemplary and punitive damages.

8         WHEREFORE, Plaintiff prays for judgment as set forth below.

9    ### FIFTH CAUSE OF ACTION

10   ### NEGLIGENT MISREPRESENTATION

11   *(Against All Defendants)*

12        49.    Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above,

13   as if set forth fully herein.

14        50.    Defendants directly and by and through their agents, negligently represented to

15   Plaintiff that Wescott had adequate capital to fund the Project through to completion and that

16   Martin would be compensated in a timely manner for the services provided under the terms of

17   the contract.  In so doing, Defendants thereby suppressed the true nature and character of

18   feasibility of the Project and the commensurate risks inherent therein.

19        51.    The negligent misrepresentation of the true nature and character of feasibility of

20   the Project and the commensurate risks inherent therein was likely to mislead, and did mislead,

21   Plaintiff.

22        52.    Defendants' negligent misrepresentations and mischaracterization of the true

23   nature and character of feasibility of the Project and the commensurate risks inherent therein was

24   done with the intent to induce Plaintiff to continue providing services on the Project without

25   compensation and to induce Plaintiff to advance funds to the partnership that Defendants, and not

26   Plaintiff, were obligated to pay.

27        53.    Plaintiff, at the time the negligent misrepresentation of facts by Defendants

28   occurred, and at the times Plaintiff took the actions herein alleged, was ignorant of the

Joseph Martin's Complaint                                              Page 9 of 12

1  existence of the facts which Defendants had negligently misrepresented and failed to disclose.

2  If Plaintiff had been aware of the existence of the facts not disclosed by Defendants, Plaintiff

3  would not have acted as he did.

4      54.    Plaintiff justifiably relied on the representations made by the Defendants as to

5  the nature and character of feasibility of the Project and the commensurate risks inherent

6  therein.

7      55.    As a proximate result of the negligent misrepresentations, Plaintiff was damaged

8  in an amount to be determined at trial.

9      WHEREFORE, Plaintiff prays for judgment as set forth below.

10  ### SIXTH CAUSE OF ACTION

11  ### NEGLIGENCE

12  *(Against All Defendants)*

13      56.    Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above,

14  as if set forth fully herein.

15      57.    As a partner to Martin and one who held himself out as an experienced real

16  estate developer as hereinabove alleged, Defendants owed a duty of care to Martin to use

17  reasonable skill and care to properly manage, handle and/or otherwise oversee their obligations

18  in connection with the Project.

19      58.    In undertaking the acts as herein alleged above, Defendants were negligent in

20  their managing, handling, and overseeing their obligations related to the Project.

21      59.    As a direct and proximate result of their negligence, Defendants breached the

22  duty of care they owed to Plaintiff.

23      60.    As a further and direct result of the negligence of the Defendants, and their

24  breach of the duty of care they owed to Plaintiff, Plaintiff suffered injuries and losses to his

25  detriment and damage in an amount to be proved as trial.

26      WHEREFORE, Plaintiff prays for judgment as set forth below.

27  / / /

28  / / /

**SEVENTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

*(Against All Defendants)*

61.    Plaintiff realleges and incorporates by reference paragraphs 1 through 60 above, as if set forth fully herein.

62.    The California Unfair Business Practices Act is designed to "safeguard the public . . . and foster and encourage competition by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented." (California Business & Professions Code section 17001.)  California Business & Professions Code section 17200 defines unfair competition to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."

63.    California Business & Professions Code section 17203 provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

64.    California Business & Professions Code section 17204 entitles plaintiff to restitution from Defendants, and each of them, for their injuries and also entitles and empowers this court to disgorge the profits obtained by them through the unfair business practices as alleged herein.

65.    By their fraudulent activities and omissions alleged above, Defendants have engaged in unlawful or unfair business practices within the meaning of California Business & Professions Code section 17200 et seq.

66.    Defendants threaten to, and unless restrained, will continue to act in violation of the applicable standards of care incumbent upon real estate developers in California and thereby continue and repeat their violations of the Unfair Practices Act.

67.    The actions and omissions of Defendants alleged above will irreparably harm persons exposed to such conduct, including persons such as Plaintiff.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For consequential and compensatory damages in an amount to be determined at trial together with prejudgment interest at the rate of 10%  percent per year according to proof;

2. For pre and post-judgment interest as allowed by law;

3. For exemplary and punitive damages in an amount to be determined at trial;

4. For the disgorgement of ill gotten gains of Defendants;

5. For such other and further relief as this Court deems just and proper.

Dated: July 29, 2010                    MICHAEL A. MAZZOCONE, ATTORNEY AT LAW


By:      Michael A. Mazzocone
         Attorneys for Plaintiff Joseph Martin

Joseph Martin's Complaint

Page 12 of 12

**EXHIBIT A**

## Memorandum of Understanding
## Real Estate Development Partnership Agreement

Joe Martin (hereafter "MARTIN") and Carl Wescott (hereafter "WESCOTT") wish to enter in to a partnership to develop real estate in Honduras (and possible future countries).

The primary focus will be identifying and acquiring well located land to invest in, and the subsequent development of such land which can be subdivided into individual residential lots for resale.

The initial term of this agreement is five years, beginning June 1st, 2007, and continuing through May 31st, 2012 or ending sooner if the project is completed and sold or the partnership otherwise dissolved; however, the partners will endeavor to finish any projects begun in that timeframe and also hope to work together long after this agreement has been completed.

Responsibilities:

WESCOTT will provide overall guidance and management for the development projects, including engineering, infrastructure, and architectural plans and work.

WESCOTT will provide capital for land purchases and expenses of start-up, development/operating expenses, marketing and sales, including municipal and provincial government fees, installation of infrastructure and marketing for resale.

WESCOTT will help market and sell the subdivided lots and any homes that are built and will manage international sales.

MARTIN is responsible for all other aspects of the development projects, including the finding and acquisition of suitable projects and land, managing the project and the legal, planning, and development process to obtain all proper permits and approvals for subdivision, hiring and firing staff, contractors, and vendors, designing and building infrastructure, homes, stables, entrance, & roads, supervising construction, working with local realtors, showing properties to prospective buyers locally, selling to them, handling closings, setting up any local companies and bank accounts, and accounting for all monies received and spent. After acquisition MARTIN will manage the legal, planning and development process to obtain all proper permits and approvals for subdivision. MARTIN will also oversee and manage the installation of infrastructure.

WESCOTT and MARTIN will make all major decisions together.

One or more company shall be set up to invest in each acquisition.

One or more company shall be set up to develop each acquired piece.

MARTIN will receive 12% of profits from the development(s) and WESCOTT will receive 88%.

MARTIN is guaranteed by WESCOTT to receive a minimum $100,000 US per year worked in Honduras out of back-end profits on the project(s) to be paid after initial investments in the project(s) have been recouped, less the amounts advanced on the guarantee. Regardless, any

remaining guaranteed amount will be due and payable at the 5th year anniversary of the project(s), June 1, 2012, unless both parties otherwise agree to postpone payment.

WESCOTT will pay MARTIN a portion of the guaranteed profits ($48,000.00 annually) as an advance. WESCOTT will issue a cashier's check for $48,000 to MARTIN June 1, 2007 which will be used to establish a banking relationship in Honduras, cover initial start-up expenses ($36,000) and provide 3 month's living expenses. Starting Sept 1, 2007 WESCOTT will pay MARTIN $4,000 at the beginning of each month for the length of this agreement.

In the event WESCOTT should decease prior to the completion of the project or become unable to carry out his responsibilities as outlined in this agreement, his rightful heirs or delegate will continue to fund the project to completion and the terms of this agreement with MARTIN will be honored.

In the event MARTIN should decease prior to the completion of the project, his business partner, spouse and estate executor, LEIGH LIGHTFOOT-MARTIN, shall be entitled to but not required to carry out his responsibilities and receive compensation under the terms outlined in this agreement.

In the event that MARTIN becomes disabled, or for family emergency or health reasons, is no longer able to carry out his responsibilities as outlined in this agreement, he shall be paid a prorated share of the guarantee and profits he is entitled based on the time worked on the project and advance payments will cease.

In the event that MARTIN or WESCOTT mutually decide to dissolve the partnership for other reasons, MARTIN will be paid the guaranteed amount, prorated for the time worked on the project, plus a prorated share of the profits based on the time worked and advance payments will cease.

Agreed:

_____
Joe Martin

Date: 4/30/2007

_____
Carl Wescott

Date: 4/30/2007

# EXHIBIT B

1    Noel Knight (SBN 223821)
     HACIENDA DE LOS ENSUENOS
2    THE LAW OFFICES OF NOEL KNIGHT
     2616 Harrison, #1, Oakland, California 94612
3    Telephone: (510) 435-9210
     Facsimile: (510) 281-6889
4
     Attorneys for Defendant,
5
     CARL WESCOTT
6

**F I L E D**
Superior Court of California
County of San Francisco

NOV 1 7 2010

CLERK OF THE COURT
BY: _____
           Deputy Clerk

7

8        **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **COUNTY OF SAN FRANCISCO**

10

11

12    JOSEPH MARTIN,

13                 Plaintiff,

14        vs.

15    CARL WESCOTT, an individual;

16

17    And Does 1 -35, inclusive,

18              Defendants.

     _____

19    CARL WESCOTT,

20            Cross-Complainant,

21        vs.

22

23    JOSEPH MARTIN

24    and  ROES 1-20,

25           Cross-Defendants.

**Case No.  CGC-10-502027**

**AMENDED CROSS-COMPLAINT
OF DEFENDANT CARL A. WESCOTT
REQUESTING   DECLARATORY RELIEF**

**Filing:**      **November 17, 2010**
**Location:**   **Civic Center**
**Status:**     **Amended Cross Complaint**

26

27

28

    **AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1       Comes now Cross-Complainant <u>CARL WESCOTT</u>...

2  and hereby cross complains against Cross-Defendant JOSEPH MARTIN (hereinafter either

3  "MARTIN" or "Cross-Defendant") and alleges as follows:

4       1.  Cross-Complainant CARL A. WESCOTT (hereinafter "Cross- Complainant" or

5  "Wescott," alternatively) is an individual, citizen, and resident of the State of California.

6       2.  Cross-Complainant is ignorant of the true names and capacities of

7  Cross-Defendant sued herein as ROES 1-20, inclusive, and therefore sues these

8  Cross-Defendant by such fictitious names. Cross-Complainant will amend this

9  cross-complaint to allege their true names and capacities when ascertained.

10      3.  Cross-Complainant is informed and believe and thereon alleges that

11  each fictitiously named Cross-Defendant is responsible in some manner for the

12  occurrences alleged herein, and that the damages of the Cross-Complainant as

13  herein alleged were proximately caused by the Cross-Defendant.

14      4.  Cross-Complainant is informed and believe and on that basis hereby allege that,

15  at all times herein mentioned, each of the Cross-Defendants, including but not limited to

16  each of the ROE Cross-Defendants, was acting as the principal, agent, employer, joint venture,

17  or partner of Cross-Defendant MARTIN, and each of the other Cross-Defendants, and, in

18  doing the things hereafter alleged, were acting in the scope of such agency, employment, or

19  partnership and with the consent and permission of such Cross-Defendant and each of the

20  other Cross-Defendants.

21      5.  Certain disputes have arisen between the Cross-Complainant and the

22  Cross-Defendant as hereinafter set forth.

23      6.  Cross-Complainant and Cross-Defendant are unable to resolve the

24  disputes between themselves and thus require the decision of this Court to resolve

25  such disputes.

26

27

28

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1

## FACTUAL FOUNDATION

2     This matter involves circumstances regarding the purchase by Wescott of

3 371 acres of land in the country of Honduras (the "Property"). Wescott purchased

4 the Property for $1,047,000 **cash;** when closing costs, taxes, registrations, and legal

5 are included, the actual cash outlay by Wescott was almost $1,100,000 **cash.**

6     Pursuant to this purchase, Wescott formed a partnership with Martin whereby

7 Martin was to help develop the Property. "Development" included, but was not limited

8 to, the acquisition of entitlements and also property management. Pursuant to this

9 partnership, Martin and his wife moved to Honduras to be situated close to the Property.

10 Pursuant to this move to Honduras by Martin, Wescott was to…

11     a.  Provide Martin with $4000 per month as an interest-free loan against future

12         profits resulting from the Property. Martin and his wife lived off this $4000

13         per month loan while they were in Honduras;

14
      As result of this $4000 per month living expense loan arrangement, <u>Martin was to</u>…
15
      b.  Work to get the Property entitled and then both supervise development
16
          of the Property and next manage sales of the developed Property;
17
      c.  Receive 12% of the profits from the sales for the developed Property.
18

19 Although Martin and his wife took the $4000 monthly payment over a two and a half year

20 period, they in fact did very little to secure the entitlements or get the Property development

21 ready. In addition, Martin and his wife also expensed personal items as business expenses.

22 For instance, Martin hired one "Mary Larios" to assist him with the Property development

23 project. In actuality, the majority of Ms. Larios time was devoted to running personal errands

24 for Martin and his wife. As result of Martin's representations and actions, Wescott expended

25 over $1,500,000 in cash on a Property which was never entitled nor developed. Furthermore,

26 as result of the Property never being entitled or developed, Wescott has lost over $10,000,000

27 in potential profits from the sale of the Property, in addition to associated damages.

28

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1

## FIRST CAUSE OF ACTION

2

## FRAUD IN THE INDUCEMENT AND INTENTIONAL MISREPRESENTATION

3

4      7.  Cross-Complainant hereby incorporate by this reference each and all allegations

5  set forth in Paragraphs 1-6 hereinabove, as if hereinbelow set forth in their entirety.

6      8.  The general terms and representations of the partnership and arrangement

7  between Wescott and Martin which serves as the basis for this Cross Complaint, are included

8  as the "Factual Foundation" placed immediately above this section.

9      9.  During negotiations prior to and immediately after the formation of the partnership

10  between Wescott and Martin regarding the development of the Property, Martin informed,

11  advised, and represented to Wescott that in return for living expense loans as well as 12% of

12  the profits from the sale of the developed Property, Martin would acquire entitlement for the

13  Property as well as develop and manage the Property. In fact, it was always Martin's intention

14  never to seek either entitlement for, or development of the Property.

15      10. There was no other disclosures contrary to the afore-mentioned representations

16  by either the Cross-Defendant or his wife, prior to or after the enabling of the partnership

17  agreement concerning the development of the Property; with Wescott relying on the

18  afore-mentioned representations to his detriment.

19      11. In fact, contrary to the representations made by the Cross-Defendant, the

20  Cross-Complainant eventually discovered that although Martin took the $4000 monthly

21  payment over a two year period to a total of approximately $150,000, Martin in fact did

22  very little to secure the entitlements or get the Property development ready. The resulting

23  aftermath, delays, and glitches as result of Martin's actions and misrepresentations to the

24  Cross-Complainant have cost the Cross-Complainant over $1,500,000 in cash and over

25  $10,000,000.00 in lost profits.

26      12. Martin's representations to the Cross-Complainant were misleading at the time

27  they were made and were relied upon by the Cross-Complainant. These same representations

28  caused the Cross-Complainant to enter partnership with Martin for the purpose of the

---

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1    entitlement and development of the Property; which has resulted in the loss by

2    Cross-Complainant of over $11,500,000 dollars.

3         13. Cross- Defendant knew that the representations he made to Wescott were false

4    at the time when they were made as described in part above.

5         14. Cross- Defendant' misrepresentations were intended to and did induce

6    Cross-Complainant to enter into the partnership agreement which served as the basis for

7    the development of the Property.

8

9         15. Cross-Complainant CARL A. WESCOTT, hereby respectfully requests the

10   declaratory judgment of this Court that Cross-Complainant is entitled to a rescission of the

11   partnership agreement with Martin, and a return of all funds expended and other damages

12   incurred by the Cross-Complainant as result of Martin's representations and actions.

13                        SECOND CAUSE OF ACTION

14                     NEGLIGENT MISPREPRESENTATION

15

16        16. Cross-Complainant re-alleges and incorporates by reference each allegation

17   contained in Paragraphs 1-15, inclusive, as if fully set forth herein.

18        17.  Cross Defendant informed, advised, and represented to Wescott that in return

19   for living expense loans as well as 12% of the profits from the sale of the developed Property,

20   Martin would acquire entitlement for the Property as well as develop and manage the Property.

21   In fact, it was always Martin's intention never to seek either entitlement for, or development

22   of the Property.

23        18. At the time the Cross Defendant entered into the Honduran partnership

24   with Wescott, and at all times relevant hereto, Cross-Defendant did not, in fact, intend to

25   do anything to promote the development of the Honduran property and he took over

26   $150,000  in interest free loan with no intention of repaying the same.

27

28

AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT

19. Cross-Defendant, as well as one or more of the Cross-Defendant's agents, members, or principals, knew either that the representations made were false at the time when one or more of the Cross-Defendants made the representations described above, or they made the representations without any reasonable ground for believing them to be true and without concern for their effects upon the Cross-Complainant.

20. Cross-Defendant's misrepresentations were intended, and did in fact, induce Cross-Complainant to enter into the partnership with Martin and thereby expend time, money, and efforts and to put at risk his financial standing in order to obtain maintain the Property.

21. Cross-Complainant, unaware of the falsity of the representations made by one or more of the Cross-Defendants, expended substantial time, money, and effort in order to obtain the benefits promised by one or more of the Defendant.

22. As a direct and immediate result of Cross-Complainant's reliance on one or more of Cross-Defendant's misrepresentations, Cross-Complainant has suffered damages in an amount to be determined at trial.

THIRD CAUSE OF ACTION

COMMON COUNTS AND ACCOUNTING FOR GAINS

23. Cross-Complainant re-alleges and incorporates by reference each allegation contained in Paragraphs 1-22, inclusive, as if fully set forth herein.

24. Cross-Defendant as well as one or more of the Cross-Defendant's agents, members, and/or principals, represented to Wescott that Martin's involvement in the Property and acceptance of interest free loan moneys would result in the entitlement and development of the Property.

25. One or more of Cross-Defendant's statements were in fact false, and they induced Cross-Complainant to expend a considerable amount of time, money and effort in

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1    regards to the Property.

2        26. Because Cross-Defendant as well as one or more of Cross-Defendant's agents,

3    members, or principals received benefits based on their wrongful action and to the detriment

4    of Cross-Complainant, Cross-Defendant is subject to the disgorgement of its ill-gotten gains.

5    Cross-Complainant asks this Court to issue a decree for accounting for gains, requiring

6    Cross-Defendant to account for all profits, monies and benefits diverted or received by them

7    

8    as a result of their wrongful conduct and deliver the same to Cross-Complainant.

9        27. Cross-Complainant CARL A. WESCOTT,  hereby respectfully request the

10    declaratory judgment of this Court that Cross-Complainant is entitled to a rescission of the

11    real estate partnership at the heart of this matter, and a return of all funds expended and other

12    damages  incurred by the Cross-Complainant as result of this document.

13    

14    **PRAYER FOR RELIEF**

15        28. WHEREFORE, Cross-Complainant CARL WESCOTT respectfully prays

16    for the judgment of this Court that:

17        a.   he does not owe any moneys in connection with the real estate partnership

18    arrangement which serves as the basis of Martin's involvement in the Property;

19        b.   that he is entitled to a rescission of the real estate agreement which is at

20    issue in the matter at hand;

21        c.   that the $150,000 advanced to Martin be returned to Unexpected Development,

22    the entity which made the loan;

23        d.   that he is entitled to recover from Cross-Defendant his attorneys fees and

24    expenses and costs of suit; and

25        e.   that he is entitled to such other relief as the Court shall determine to be fair, just,

26    and appropriate.

27    

28    

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1

2   Dated:  November 16, 2010        THE LAW OFFICES OF NOEL KNIGHT

3

4

5                                 By: _____

6                                   Noel Knight
                                     Attorney for Defendant

7                                   Carl A. Wescott

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

1
## PROOF OF SERVICE

2      I am a member of the California State Bar and I am over the age of 18 and not a party to
the within action. My business address is Hacienda de los Ensuenos, 2616 Harrison St., Ste. #1,
3  Oakland, CA 94612.

4      On November 17, 2010, I served the foregoing documents described as:

5

6          **AMENDED ANSWER AND AMENDED CROSS COMPLAINT OF**

7          **DEFENDANT CARL A. WESCOTT  TO  THE COMPLAINT OF**

8                    **PLAINTIFF JOSEPH MARTIN**

9  on the interested parties in this action by placing [ ] the original [x] a true copy thereof enclosed
in sealed envelopes addressed as follows [ ] (see attached list):
10

11                    **MICHAEL MAZZOCONE, ESQ.**
                **LAW OFFICES OF MICHAEL MAZZOCONE, ESQ.**
12                **400 MONTGOMERY STREET, SUITE 200,**
                    **SAN FRANCISCO, CA  94104**
13

14                    TELEPHONE: 1 415 399 0800

15

16

17

18  [X]    BY FAX: I am familiar with the recipient's business facsimile number; following said
19         knowledge, I caused the enclosed legal document to be transmitted electronically to said
           facsimile number, for which I have a transmission confirmation sheet.
20

21      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on November 16, 2010 at Oakland, California.
22

23

24  _____
               Noel Knight
25

26

27

28

**AMENDED ANSWER & AMENDED CROSS-COMPLAINT OF DEFENDANT CARL WESCOTT**

# EXHIBIT C

**F I L E D**
Superior Court of California
County of San Francisco

**OCT 1 8 2011**

CLERK OF THE COURT
BY: _____
Deputy Clerk

1  MICHAEL A. MAZZOCONE (STATE BAR NO. 183209)
   MICHAEL A. MAZZOCONE, ATTORNEY AT LAW
2  400 MONTGOMERY STREET, SUITE 200
   SAN FRANCISCO, CALIFORNIA 94104
3  TEL: (415) 399-0800
   FAX: (415) 399-0900
4
   ATTORNEYS FOR PLAINTIFF AND
5  CROSS-DEFENDANT JOSEPH MARTIN

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            FOR THE CITY AND COUNTY OF SAN FRANCISCO

9                       UNLIMITED JURISDICTION

10  JOSEPH MARTIN, an individual,         )    CASE NO.    CGC-10-502027
                                          )
11              Plaintiff,                )    **JUDGMENT**
                                          )
12      vs.                               )
                                          )
13  CARL WESCOTT, an individual; and DOES )
    1-35, inclusive,                      )
14                                        )
                Defendants.               )    Date:       October 18, 2011
15  _____)    Time:       9:00 A.M.
                                          )    Place:      Department 604
16  CARL WESCOTT, an individual           )    Judge:      Hon. Marla Miller
                                          )
17              Cross-complainant,        )    Complaint filed:    July 29, 2010
                                          )
18      vs.                               )
                                          )
19  JOSEPH MARTIN, an individual, and     )
    ROES 1-20, inclusive,                 )
20                                        )
                Cross-Defendants.         )
21  _____)

22                          **JUDGMENT**

23      Pursuant to the Stipulation of Plaintiff and Cross-Defendant Joseph Martin ("Joseph

24  Martin") and Defendant and Cross-Complainant Carl Wescott ("Carl Wescott") which is

25  attached as Exhibit A hereto,

26      **IT IS ADJUDGED, ORDERED, AND DECREED** as follows:

27      Joseph Martin is awarded $130,000.00 in damages against Defendant Wescott on his

28  Complaint in this action; and

Judgment                                                            Page 1 of 2

1    Carl Wescott's Amended Cross-Complaint in this action is hereby dismissed **with**

2  prejudice and Carl Wescott shall take nothing by it; and

3    The parties shall bear their own costs and fees; and

4    Interest shall accrue on this judgment at the statutory rate of ten percent per annum from

5  the date of entry of judgment.

6    **IT IS SO ADJUDGED, ORDERED, AND DECREED**

7

8  Dated: October 18, 2011

9  The Honorable Marla Miller
   Judge of the Superior Court of California

10  for the City and County of San Francisco

11

12  Approved as to form:

13  October 17, 2011

      Michael A. Mazzocone, Esquire
14    Counsel for Plaintiff and Cross-Defendant
      Joseph E. Martin

15  October 1, 2011

16    James Roberts, Esquire
      Counsel for Defendant and Cross-Complainant
17    Carl A. Wescott

18

19

20

21

22

23

24

25

26

27

28

Judgment                                                    Page 2 of 2

**EXHIBIT A**



1  MICHAEL A. MAZZOCONE (STATE BAR NO. 183209)
   MICHAEL A. MAZZOCONE, ATTORNEY AT LAW
2  400 MONTGOMERY STREET, SUITE 200
   SAN FRANCISCO, CALIFORNIA 94104
3  TEL: (415) 399-0800
   FAX: (415) 399-0900
4
   ATTORNEYS FOR PLAINTIFF AND
5  CROSS-DEFENDANT JOSEPH MARTIN
6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                FOR THE CITY AND COUNTY OF SAN FRANCISCO
10                         UNLIMITED JURISDICTION
11
12  JOSEPH MARTIN, an individual,           )  CASE NO.    CGC-10-502027
                                            )
13                   Plaintiff,             )  STIPULATION OF THE PARTIES FOR ENTRY
                                            )  OF JUDGMENT
14        vs.                               )
                                            )
15  CARL WESCOTT, an individual; and DOES   )  Date:        October 11, 2011
    1-35, inclusive,                        )  Time:        3:30 P.M.
16                                          )  Place:       Department 604
                     Defendants.            )  Judge:       Hon. Marla Miller
17  _____)
                                            )  Complaint filed:  July 29, 2010
18  CARL WESCOTT, an individual             )
                                            )
19                   Cross-complainant,     )
                                            )
20        vs.                               )
                                            )
21  JOSEPH MARTIN, an individual, and       )
    ROES 1-20, inclusive,                   )
22                                          )
                     Cross-Defendants.      )
23  _____)
24        Plaintiff and Cross-Defendant Joseph Martin ("Joseph Martin") and Defendant and

25  Cross-Complainant Carl Wescott ("Carl Wescott") hereby stipulate to the entry of judgment in

26  this case as follows:

27        Joseph Martin shall be awarded $130,000.00 in damages against Carl Wescott on his

28  Complaint in this action; and

Stipulation of the Parties for Entry of Judgment                    Page 1 of 2

## EXHIBIT A

1    Carl Wescott's operative Cross-Complaint, the Amended Cross-Complaint, in this action

2  shall be dismissed <u>with</u> prejudice and Wescott shall take nothing by it; and

3    The parties have consulted with, and had the benefit of counsel in connection with this

4  stipulation and the judgment to be entered upon it;

5    The parties shall bear their own costs and fees.

6    IT IS SO AGREED AND STIPULATED:

7

8  October 11, 2011                    _____
                                        Joseph E. Martin
9                                       Plaintiff and Cross-Defendant

10 October 1, 2011                     _____

11                                      Carl A. Wescott
                                        Defendant and Cross-Complainant
12

13 Approved as to form:

14

15 October 11, 2011                    _____
                                        Michael A. Mazzocone, Esquire
16                                      Counsel for Plaintiff and Cross-Defendant
                                        Joseph E. Martin
17

18 October 1, 2011                     _____

19                                      James Roberts, Esquire
                                        Counsel for Defendant and Cross-Complainant
                                        Carl Wescott
20

21

22

23

24

25

26

27

28

Stipulation of the Parties for Entry of Judgment                          Page 2 of 2

# EXHIBIT A

# EXHIBIT D

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT ("Agreement") is entered into by the parties on the dates indicated below (the "Effective Date") by and among Joseph E. Martin, an individual residing in Florida ("Martin") and Carl A. Wescott, an individual residing in Ecuador ("Wescott") (Martin and Wescott referred to herein collectively as the "Parties").

## RECITALS

This Agreement is made with reference to the following facts:

WHEREAS, a dispute has arisen between Wescott and Martin embodied in San Francisco Superior Court case *Martin v. Wescott*, et al. Case No. CGC-10-502027 (the "Dispute"), which action contains a Complaint and a Cross-Complaint, to which the Parties have each filed their respective general denials.

WHEREAS, Martin and Wescott desire to settle and compromise the Dispute between the Parties on a mutually acceptable basis, and release any and all other claims, the specific terms and condition of which settlement are embodied herein.

NOW THEREFORE, in consideration of the covenants and promises herein set forth, the Parties hereto agree as follows:

## AGREEMENT

1.    **Incorporation of Recitals.** The Recitals are incorporated as though fully set forth herein.

2.    **Consideration.** In consideration of the mutual settlement of all claims, Wescott agrees that judgment by stipulation will be entered against him in the amount of $130,000 on or about October 18, 2011. As further consideration, Wescott shall stipulate to the dismissal of his Amended Cross-Complaint, the operative Cross-Complaint, and it shall be dismissed with prejudice. Further, the Parties shall stipulate that each party shall bear his own costs and fees.

3.    **Release of Claims.**

(a)    **Release of Claims by Wescott.** Wescott, on behalf of himself, his successors and assigns, and his heirs, executors, administrators, attorneys and legal representatives, or otherwise, hereby releases and discharges Martin, and his successors and assigns, and his agents, heirs, executors, administrators, attorneys and legal representatives or otherwise and persons or entities associated with Martin (including Leigh Martin, Agua Dulce Management Company, S.A., Martin Foot Enterprises Investment Company, S.A., M&M Ventures Investment Company, S.A., and Lightfoot Ventures, Inc.) (collectively, the "Martin Releasees") from and against any and all actions and causes of action, suits, debts, dues, accounts, accountings, bonds, covenants, contracts, agreements, promises, warranties, guarantees, representations, judgments, claims and demands whatsoever, however arising, relating to or involving directly or indirectly any and all claims of Wescott against the Martin Releasees, whether known claims or unknown claims, asserted or unasserted, accrued or unaccrued, whether direct, individual, class representative, derivative or in any other capacity, collectively or individually, at law or in equity, whether past, present or future, foreseen or unforeseen, direct or indirect, fixed or contingent, which Wescott has ever had, now has, or hereafter may have against any one, several or all of Martin Releasees, including but not limited to those arising from or relating to the Dispute. Wescott hereby represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any matter released by this Agreement

1



(b)    **Release of Claims by Martin.** Except for Wescott's obligation to Martin in connection with the judgment to be entered by stipulation of the Parties, Martin, on behalf of himself and his successors and assigns, and his heirs, executors, administrators, attorneys and legal representatives or otherwise, hereby releases and discharges Wescott, his successors and assigns, and his, agents, heirs, executors, administrators, attorneys and legal representatives, or otherwise, and persons or entities associated with Carl Wescott (including Monette Stephens, Lightfoot Investment Company, SA and Lightfoot Holding Company, SA) (collectively, the "Wescott Releasees") from and against any and all actions and causes of action, suits, debts, dues, accounts, accountings, bonds, covenants, contracts, agreements, promises, warranties, guarantees, representations, judgments, claims and demands whatsoever, however arising, relating to or involving directly or indirectly any and all claims of Martin against the Wescott Releasees, whether known claims or unknown claims, asserted or unasserted, accrued or unaccrued, whether direct, individual, class representative, derivative or in any other capacity, collectively or individually, at law or in equity, whether past, present or future, foreseen or unforeseen, direct or indirect, fixed or contingent, which Martin has ever had, now has, or hereafter may have against any one, several or all of Wescott Releasees, including but not limited to those arising from or relating to the Dispute. Martin hereby represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person not a party hereto any matter released by this Agreement

4.    **Section 1542 Release.** Each party hereto, on behalf of themselves, their successors and assigns, their heirs, executors, administrators, attorneys and legal representatives, or otherwise, expressly acknowledges that they are aware of and waive any and all rights they may have arising from Section 1542 of the Civil Code of the State of California, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each party respectively acknowledges that they have each carefully read this entire release; that they have reviewed this release with their attorney or had full opportunity to review this release with their attorney; that they have full understanding of its contents and the effects thereof; and that they have executed the Agreement of their own free will, without coercion by anyone, either party or nonparty, to this release.

5.    **Severability.** Should any provision herein be in any respect declared invalid, illegal or unenforceable, such invalidity, illegality or unenforceability shall not affect the enforceability of such other provisions of this Agreement, which shall remain in full force and effect, and shall be interpreted as though such invalid, illegal or unenforceable provision was not a part hereof.

6.    **Governing Law, Jurisdiction and Venue.** The Parties further agree that California law shall govern the validity and interpretation of this Agreement.

7.    **Entire Agreement.** This Agreement constitutes the complete understanding between the Parties and supersedes any and all prior agreements, promises or inducements concerning the subject matter of this Agreement. No modifications, amendments, promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by authorized representatives of these Parties.

2



8.    <u>Understanding of the Agreement.</u> The Parties and signatories hereto represent that they have had an opportunity to be represented by counsel of their own choosing and in the negotiations for and in the preparation of this Agreement; that they did in fact thoroughly discuss all aspects of this Agreement with their respective counsel; that they have carefully read this Agreement; and that they have freely and voluntarily entered into it. Accordingly the normal rule of construction that any ambiguities ought to be resolved against the drafting Parties shall not be utilized in the interpretation of this Agreement.

9.    <u>Counterpart Signatures.</u> This Agreement may be executed in any number of counterparts, with the same effect as if all Parties have signed the same document, and each such executed counterpart shall be deemed to be an original instrument.

10.    <u>Fees and Costs.</u> The Parties shall each bear their own costs, expenses, expert fees, attorneys' fees and other fees incurred in connection with the Dispute and/or litigation of <u>Martin v. Wescott,</u> et al. Case No. CGC-10-502027.

11.    <u>Authority.</u> The Parties represent and warrant that the undersigned signatories have the respective authority to act on behalf of their respective companies and to bind their respective companies and all who may claim through it to the terms and conditions of this Agreement. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein.

12.    <u>Successors and Assigns.</u> This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

13.    <u>Denial of Liability.</u> It is understood and agreed that this is a compromise settlement of potential or actual disputed claims and is made by the Parties solely for the purpose of avoiding the expense and inconvenience of further litigation; and further, that neither this Agreement itself, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time for any purposes an admission of any party's liability or responsibility for any wrongdoing of any kind, which liability and wrongdoing is expressly denied. The Parties agree that this Agreement may be used as evidence in any subsequent proceeding in which any of the Parties allege a breach of this Agreement or seeks to enforce any of its provisions.

14.    <u>Confidentiality.</u> The Parties hereto each agree to maintain in confidence the existence of this Agreement, the contents and terms of this Agreement, and the consideration for this Agreement (hereinafter collectively referred to as "Settlement Information"). Each Party hereto agrees to take every reasonable precaution to prevent disclosure of any Settlement Information to third Parties, and each agrees that there will be no publicity, directly or indirectly, concerning any Settlement Information. The Parties hereto agree to take every precaution to disclose Settlement Information only to those employees, officers, directors, attorneys, accountants, and governmental entities, who have a reasonable need to know of such Settlement Information.


Dated: October 17th, 2011                      Dated: October 14, 2011


CARL A. WESCOTT                                JOSEPH E. MARTIN


_____                         _____
Carl A. Wescott                                Joseph E. Martin

-3-

Approved as to form:

James Roberts, Esquire
Counsel for Defendant and Cross-Complainant Carl Wescott

Approved as to form:

Michael A. Mazzocone, Esquire
Counsel for Plaintiff and Cross-Defendant Joseph E. Martin

4

# EXHIBIT E

1   MacCONAGHY & BARNIER, PLC
    JOHN H. MacCONAGHY, State Bar No. 83684
2   JEAN BARNIER, State Bar No. 231683
    645 First St. West, Suite D
3   Sonoma, California 95476
    Telephone:  (707) 935-3205
4   Email:      jbarnier@macbarlaw.com

5
    Attorneys for Trustee
6   JANINA M. HOSKINS

7
                    UNITED STATES BANKRUPTCY COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10
    In re                          )
11                                 )    Case No. 12-30143 DM
    CARL ALEXANDER WESCOTT AND     )    (Chapter 7)
12  MONETTE ROSEMARIE STEPHENS,    )
                                   )    **MOTION TO EMPLOY**
13              Debtors.           )    **CONSULTANT AND**
                                   )    **DECLARATION OF PROPOSED**
14  _____)    **CONSULTANT**

15

16          Janina M. Hoskins, Chapter 7 Trustee of the Estate of Carl Alexander Wescott and

17  Monette Rosemarie Stephens, respectfully represents as follows:

18          1.      On January 31, 2012 Carl Alexander Wescott and Monette Rosemarie Stephens

19  filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.  Thereafter, Janina

20  M. Hoskins was duly appointed Chapter 7 Trustee in Bankruptcy for the Debtors' Estate.

21          2.      The Trustee desires to employ Joe Martin as a consultant to represent the Trustee

22  regarding the efforts to market and sell either 1) the interest held by Carl Wescott in Lightfoot

23  Holding SA and Lightfoot Investments SA which controls 371 acres of undeveloped land located

24  in La Ceiba, Honduras or  2) the real property consisting of 371 acres of undeveloped land

25  located in La Ceiba, Honduras.

26          3.      The Trustee requests the employment of Joe Martin as her consultant because of

1  his extensive experience and knowledge in the field of marketing and sale of real property in

2  Honduras and his knowledge of potential buyers for Lightfoot Holding SA and Lightfoot

3  Investments SA.

4      4.    The Trustee has selected Joe Martin after conducting an extensive background

5  check.   Joe Martin entered into an agreement with Wescott to oversee the developments to the

6  Honduras property as a partner.  The partnership was dissolved on January 17, 2010.  Joe Martin

7  has resided in Honduras and is familiar with Honduran law and transfers of deeds of trust.  In

8  addition to knowing the value of the property and the improvements that have been made to the

9  Honduras property, Joe Martin has contacts in Honduras that will enable him to locate potential

10  buyers.  Honduras law does not require the use of licensed agents to sell property.  Joe Martin

11  has also agreed to assist the Trustee with locating Honduran attorneys in the transfer of the

12  property if necessary.

13      5.    The proposed consultant has indicated a willingness to represent the Trustee and

14  to be compensated at the rate of 7.5% of the selling price for the interest in Lightfoot Holding

15  SA and Lightfoot Investments SA and/or the subject property, subject to Bankruptcy Court

16  approval.  In the event the purchaser of the property is represented by their own real estate

17  professionals (who cannot be affiliated with Joe Martin or any entity Joe Martin may have an

18  interest in), then an additional commission at the rate of 7.5% of the selling price will be paid to

19  the purchaser's real estate professionals, subject to Bankruptcy Court approval.

20      6.    The proposed consultant had entered into a partnership with Carl Wescott and

21  may know some of the Debtors' creditors.  The partnership was dissolved on January 17, 2010.

22  Joe Martin and his wife, Leigh Martin, are owed monies by Carl Wescott for expenses they bore.

23  The Martins have agreed to withdraw all claims they may have against the bankruptcy estate

24  unless Joe Martin is unable to sell either the property or Wescott's interest in the property.  If a

25  sale is not consummated, their claims would be allowed.  The proposed consultant has no known

26  connections with the United States Trustee or any person employed in the Office of the United

1  States Trustee.  The Trustee believes the proposed consultant is disinterested and holds no

2  interest adverse to the Estate.

3

4          WHEREFORE, the Trustee prays for an order:

5          1.      Authorizing the Employment of Joe Martin as a consultant; and

6          2.      Granting the Trustee such other and further relief, at law or in equity, to which

7  she may be justly entitled.

8  Dated: June 14, 2012

9                                          ___/s/ Jean Barnier_____
                                           Jean Barnier
10                                         *Attorneys for Janina M. Hoskins,*
                                           *Trustee in Bankruptcy*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## DECLARATION OF PROPOSED REAL ESTATE CONSULTANT

2        I, Joe Martin, state:

3        1.        I agreed to enter into a partnership with Carl Wescott to oversee the

4    improvements and entitlements to 371 acres in La Ceiba, Honduras.  I oversaw the surveying and

5    topographical mapping; the fencing; the environmental impact study; the architect's master plan;

6    engineering plans; and all legal matters related to this property while I lived in Honduras.  I have

7    specific knowledge of this property and will be able to use that knowledge to market the property

8    to perspective buyers.   The partnership was dissolved on January 17, 2010.  I have not interests

9    in either Lightfoot Investments SA or Lightfoot Holding SA.   Lightfoot is my wife's maiden

10    name and Wescott selected it as the name for the holdings in Honduras.

11        2.        I am familiar with developing Honduran properties, and have worked in this field

12    for approximately three years.  It is not necessary to be a real estate broker or agent to sell

13    property in Honduras.  I am currently residing in Merritt Island, Florida, but will travel to

14    Honduras at my own expense if necessary.

15        3.        I have no connection or material relationship with the United States Trustee, or

16    any person employed in the Office of the United States Trustee.  I understand that, once

17    employed, I will be acting as the representative for the Trustee, not the Debtors.  I also

18    understand that I will be representing only the Trustee's interest in any transaction and that I

19    cannot represent both Ms. Hoskins and any buyer of the subject real property.

20        4.        In exchange for representing the Trustee in this transaction, I have agreed to

21    withdraw any claims I may have against the bankruptcy estate of Carl Alexander Wescott and

22    Monette Rosemarie Stephens unless I am unable to sell either the property or Wescott's interest

23    in the property.   In that case, my claim will be allowed.

24    /

25    /

26    /

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct, that I have personal first-hand knowledge thereto, that if called as a witness, I

3    could and would testify competently thereto and that this declaration is executed on June 14,

4    2012 at Merritt Island, Florida.

5

6                                   /s/ Joe Martin
                                  Joe Martin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT F

DSCDNY, CLOSED

```
                    U.S. Bankruptcy Court
              Northern District of California (San Francisco)
                    Bankruptcy Petition #: 12-30143
```

Assigned to: Judge Dennis Montali          Date filed: 01/17/2012
Chapter 7                                  Date terminated: 07/15/2016
Voluntary                                  Debtor discharged: N/A
Asset                                      Joint debtor discharged:
Debtor disposition: Discharge Denied         10/02/2014
Joint debtor disposition: Standard Discharge  341 meeting: 07/25/2012
                                           Deadline for objecting to discharge: 10/15/2012
                                           Deadline for financial mgmt. course: 03/02/2012


Debtor                          represented by   Carl Alexander Wescott
Carl Alexander Wescott                           PRO SE
PO Box 190875
San Francisco, CA 94119
SAN FRANCISCO-CA                                 Neil Ison
408-564-6000                                     Law Office of Neil Ison
SSN / ITIN: xxx-xx-8664                          15091 Becky Lane
                                                 Monte Sereno,, CA 95030
                                                 (408) 828-2490
                                                 Email: isonlaw@yahoo.com
                                                  TERMINATED: 10/02/2014

                                                 Sheila Gropper Nelson
                                                 (See above for address)
                                                  TERMINATED: 10/02/2014

                                                 Barbara A. Smart
                                                 (See above for address)
                                                  TERMINATED: 10/02/2014

Joint Debtor                    represented by   Neil Ison
Monette Rosemarie Stephens                       Law Office of Neil Ison
853 Ashbury Street                               15091 Becky Lane
San Francisco, CA 94117                          Monte Sereno,, CA 95030
SAN FRANCISCO-CA                                 (408) 828-2490
408-564-6000                                     Email: isonlaw@yahoo.com
SSN / ITIN: xxx-xx-1831                           TERMINATED: 05/05/2012

                                                 Gary M. Kaplan
                                                 Farella Braun and Martel LLP
                                                 235 Montgomery St.
                                                 San Francisco, CA 94104
                                                 (415)954-4940
                                                 Email: gkaplan@fbm.com

                                                 David I. Katzen
                                                 Law Offices of Katzen and Schuricht
                                                 P.O. Box 735
                                                 Alamo, CA 94507-0735
                                                 925-831-8254
                                                 Email: katzen@ksfirm.com

                                                 Sheila Gropper Nelson
                                                 Law Offices of Sheila Gropper Nelson
                                                 260 California St. #1001
                                                 San Francisco, CA 94111
                                                 (415) 362-2221
                                                 Email: SheDoesBKLaw@aol.com
                                                  TERMINATED: 10/27/2014

                                                 Sheila Gropper Nelson
                                                 (See above for address)
                                                 SELF- TERMINATED: 10/27/2014

                                                 Barbara A. Smart
                                                 Smart Legal Services
                                                 22693 Hesperian Blvd. #210
                                                 Hayward, CA 94541
                                                 (510) 670-0101
                                                 Email: smartlegalservices@gmail.com

TERMINATED: 06/27/2012

Brian Williams
 Law Offices of Brian Williams
1248 Belmont Ave.
San Carlos, CA 94070
(650) 862-7507
Email: blwilliamslaw@gmail.com
TERMINATED: 06/12/2012

Trustee                          represented by   Gregory James Babcock
Janina M. Hoskins                                 1860 Lornadell Lane
P.O. Box 158                                      Santa Rosa, CA 95405
Middletown, CA 95461                              (707) 935-3205
(707) 569-9508                                    Email: gbabcockecf@gmail.com
                                                  TERMINATED: 05/03/2013

                                                  Jean Barnier
                                                  MacConaghy and Barnier
                                                  645 1st St. W #D
                                                  Sonoma, CA 95476
                                                  (707) 935-3205
                                                  Email: jbarnier@macbarlaw.com

                                                  Monique Jewett-Brewster
                                                  Bryan Cave LLP
                                                  560 Mission St. 25th Fl.
                                                  San Francisco, CA 94105
                                                  (415)675-3474
                                                  Email: mjb@hopkinscarley.com
                                                  TERMINATED: 05/03/2013

                                                  John H. MacConaghy
                                                  MacConaghy and Barnier
                                                  645 1st St. W  #D
                                                  Sonoma, CA 95476
                                                  (707) 935-3205
                                                  Email: macclaw@macbarlaw.com

U.S. Trustee                     represented by   Julie M. Glosson
Office of the U.S. Trustee / SF                   Glosson Law
Phillip J. Burton Federal Building                P.O. Box 1131
450 Golden Gate Ave. 5th Fl., #05-0153            Pleasanton, CA 94566
San Francisco, CA 94102                           (925) 400-8161
(415)705-3333                                     Email: Julie@jglossonlaw.com
                                                   TERMINATED: 06/13/2018

                                                  Vikas Kumar
                                                  Office of the U.S. Trustee
                                                  235 Pine St. #700
                                                  San Francisco, CA 94104
                                                  (415) 705-3333
                                                  Email: vikas.kumar@usdoj.gov
                                                   TERMINATED: 06/13/2018

                                                  Timothy S. Laffredi
                                                  Office of the U.S. Trustee - SF
                                                  450 Golden Gate Ave.
                                                  Suite 05-0153
                                                  San Francisco, CA 94102
                                                  (415) 705-3333
                                                  Email: timothy.s.laffredi@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 01/17/2012 | 1 | Chapter 7 Voluntary Petition. Fee Amount $306. Financial Management Certificate Due Prior to Discharge. Filed by Carl Alexander Wescott, Monette Rosemarie Stephens. Incomplete Filings due by 01/31/2012. Section 521 Filings due by 03/2/2012. Order Meeting of Creditors due by 01/31/2012. (Ison, Neil) Modified on 1/18/2012 INCOMPLETE FILING: Refer to Notice of Failure to Provide List of |

| | | |
|---|---|---|
| | | Creditors DEBTS ARE PRIMARILY BUSINESS DEBTS (nw). (Entered: 01/17/2012) |
| 01/17/2012 | | Receipt of filing fee for Voluntary Petition (Chapter 7)(12-30143) [misc,volp7] ( 306.00). Receipt number 15344014, amount $ 306.00 (U.S. Treasury) (Entered: 01/17/2012) |
| 01/17/2012 | 2 | Statement of Social Security Number. Filed by Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/17/2012) |
| 01/17/2012 | 3 | Statement of Social Security Number. Filed by Joint Debtor Monette Rosemarie Stephens (Ison, Neil) (Entered: 01/17/2012) |
| 01/17/2012 | 4 | Certificate of Credit Counseling Filed by Debtor Carl Alexander Wescott (Attachments: # (1) Certificate) (Ison, Neil) Modified on 1/18/2012 INCLUDES: Exhibit D (nw). (Entered: 01/17/2012) |
| 01/17/2012 | 5 | Certificate of Credit Counseling Filed by Joint Debtor Monette Rosemarie Stephens (Attachments: # (1) Certificate) (Ison, Neil) Modified on 1/18/2012 INCLUDES: Exhibit D(nw). (Entered: 01/17/2012) |
| 01/17/2012 | | First Meeting of Creditors with 341(a) meeting to be held on 02/22/2012 at 09:30 AM at San Francisco U.S. Trustee Office. Objections for Discharge due by 04/23/2012. (Ison, Neil) (Entered: 01/17/2012) |
| 01/18/2012 | 6 | Notice of Failure to Provide Debtor's List of Creditors. Matrix due by 1/25/2012. (nw) (Entered: 01/18/2012) |
| 01/18/2012 | 7 | Creditor Matrix  Filed by Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/18/2012) |
| 01/19/2012 | 8 | Order To File Required Documents and Notice Regarding Dismissal . Non-Compliance (Documents) due by 2/2/2012 (nw) (Entered: 01/19/2012) |
| 01/19/2012 | 9 | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines (Generated) (nw) (Entered: 01/19/2012) |
| 01/20/2012 | 10 | BNC Certificate of Mailing - Notice of Failure to Provide Debtor's Social Security Number (RE: related document(s) 6 Notice of Failure to Provide SSN). Notice Date 01/20/2012. (Admin.) (Entered: 01/20/2012) |
| 01/21/2012 | 11 | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s) 9 Generate 341 Notices). Notice Date 01/21/2012. (Admin.) (Entered: 01/21/2012) |
| 01/21/2012 | 12 | BNC Certificate of Mailing (RE: related document(s) 8 Order to File Missing Documents). Notice Date 01/21/2012. (Admin.) (Entered: 01/21/2012) |
| 01/24/2012 | 13 | Request for Notice *with Proof of Service* Filed by Creditor HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3, through its servicing agent America's (Damen, Jonathan) (Entered: 01/24/2012) |
| 01/31/2012 | 14 | Schedule A  (RE: related document(s)8 Order to File Missing Documents). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 01/31/2012 | 15 | Schedule C  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 01/31/2012 | 16 | Schedule D  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |

| 01/31/2012 | 17 | Schedule E  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
|---|---|---|
| 01/31/2012 | 18 | Schedule H  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 01/31/2012 | 19 | Schedule I  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 01/31/2012 | 20 | Schedule J  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 01/31/2012 | 21 | Payment Advices  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 01/31/2012) |
| 02/02/2012 | 22 | Schedule G  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 23 | Schedule F  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Attachments: # (1) Formatted Attachment) (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 24 | Statement of Financial Affairs  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Attachments: # (1) Formatted Attachment# (2) Item 4, Attachment 1# (3) Item 5, Attachment 2# (4) Item 10, Attachment 3, Part 1# (5) Item 10, Attachment 3, Part 2# (6) Item 10, Attachment 3, Part 3# (7) Item 10, Attachment 3, Part 4# (8) Item 18, Attachment 4) (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 25 | Schedule B  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Attachments: # (1) Line 16, Attachment 1# (2) Line 21, Attachment 2# (3) Line 35, Attachment 3) (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 26 | Summary of Schedules  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) Modified on 2/3/2012 INCLUDES: Statistical Summary of Certain Liabilities (nw). (Entered: 02/02/2012) |
| 02/02/2012 | 27 | Statistical Summary of Certain Liabilities. Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 28 | Declaration of Wescott, Stephens *concerning Debtors' Schedules* (RE: related document(s)8 Order to File Missing Documents). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | 29 | Amendment to List of Creditors *First Amendment*. Fee Amount $30 Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 02/02/2012) |
| 02/02/2012 | | Receipt of filing fee for Amended Creditor Matrix (Fee)(12-30143) [misc,amdcm] ( 30.00). Receipt number 15536486, amount $ 30.00 (U.S. Treasury) (Entered: 02/02/2012) |
| 02/03/2012 | 30 | Notice of Appearance and Request for Notice  by Robert N. Weaver. Filed by Creditor Frederick C. Fiechter (Weaver, Robert) (Entered: 02/03/2012) |
| 02/03/2012 | 31 | Request for Debtor to File Tax Information  Filed by Creditor Frederick C. Fiechter Tax Return due by 03/5/2012. (Weaver, Robert) (Entered: 02/03/2012) |

| | | |
|---|---|---|
| 02/14/2012 | 32 | Application to Employ MacConaghy & Barnier, PLC as Counsel *by Chapter 7 Trustee [UST stated no Objection]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 02/14/2012) |
| 02/14/2012 | 33 | Request for Notice  Filed by Creditor GE Capital Retail Bank. (Singh, Ramesh) (Entered: 02/14/2012) |
| 02/14/2012 | 34 | Application to Employ Bachecki, Crom & Co., LLP as Accountant *[UST stated no objection] (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration in Support of Application) (Barnier, Jean) (Entered: 02/14/2012) |
| 02/14/2012 | 35 | Order Authorizing Employment of Counsel by Trustee (Related Doc # 32) (nw) (Entered: 02/15/2012) |
| 02/14/2012 | 36 | Order Authorizing Employment of Accountant: Bachecki, Crom & Co., LLP (Related Doc # 34) (nw) (Entered: 02/15/2012) |
| 02/17/2012 | 37 | BNC Certificate of Mailing (RE: related document(s) 36 Order on Application to Employ). Notice Date 02/17/2012. (Admin.) (Entered: 02/17/2012) |
| 02/23/2012 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 3/21/2012 at 09:30 AM at San Francisco U.S. Trustee Office (Hoskins, Janina) (Entered: 02/23/2012) |
| 02/27/2012 | 38 | Request for Notice  Filed by Creditor Quality Housing Solutions, LLC (Brook, Michael) (Entered: 02/27/2012) |
| 03/05/2012 | 39 | Notice of Deficiency of Financial Management Course Certificate Due Before Discharge (admin) (Entered: 03/05/2012) |
| 03/06/2012 | 40 | Motion for Relief from Stay  RS #SMD-025, Fee Amount $176, Filed by Creditor HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3 (Attachments: # (1) RS Cover Sheet # (2) Declaration # (3) Exhibit A# (4) Exhibit B# (5) Exhibit C# (6) Certificate of Service) (Dominguez, Stacy) (Entered: 03/06/2012) |
| 03/06/2012 | | Receipt of filing fee for Motion for Relief From Stay(12-30143) [motion,mrlfsty] ( 176.00). Receipt number 15876445, amount $ 176.00 (U.S. Treasury) (Entered: 03/06/2012) |
| 03/06/2012 | 41 | Notice of Hearing  (RE: related document(s)40 Motion for Relief from Stay  RS #SMD-025, Fee Amount $176, Filed by Creditor HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3). **Hearing scheduled for 3/22/2012 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Creditor HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3 (Dominguez, Stacy) (Entered: 03/06/2012) |
| 03/08/2012 | 42 | BNC Certificate of Mailing (RE: related document(s) 39 Notice of Deficiency Financial Management Course). Notice Date 03/08/2012. (Admin.) (Entered: 03/08/2012) |
| 03/14/2012 | 43 | Financial Management Course Certificate.  Filed by Debtor Carl Alexander Wescott (Ison, Neil) (Entered: 03/14/2012) |
| 03/14/2012 | 44 | Financial Management Course Certificate.  Filed by Joint Debtor Monette Rosemarie Stephens (Ison, Neil) (Entered: 03/14/2012) |

| | | |
|---|---|---|
| 03/16/2012 | 45 | Motion to Abandon *Real Property [853 Ashbury St., San Francisco, CA 94117]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/16/2012) |
| 03/16/2012 | 46 | Notice and Opportunity for Hearing *of Trustee's Motion to Abandon Real Property (w/proof of service)* (RE: related document(s)45 Motion to Abandon *Real Property [853 Ashbury St., San Francisco, CA 94117]* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/16/2012) |
| 03/22/2012 | | Hearing Held. Motion granted; order to be submitted by counsel for moving party. (related document(s): [40] Motion for Relief From Stay) (1p) (Entered: 03/22/2012) |
| 03/23/2012 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 4/4/2012 at 09:30 AM at San Francisco U.S. Trustee Office (Hoskins, Janina) (Entered: 03/23/2012) |
| 03/26/2012 | 47 | Certificate of Service *RE: Proposed Order* (RE: related document(s)40 Motion for Relief From Stay). Filed by Creditor HSBC Bank USA, National Association, as Trustee for the holders of the certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR3 (Dominguez, Stacy) (Entered: 03/26/2012) |
| 03/26/2012 | 48 | Motion for 2004 Examination *[Leo Zendejas]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Order to be Issued) (Barnier, Jean) (Entered: 03/26/2012) |
| 03/26/2012 | 49 | Motion for 2004 Examination *[Gina Perry]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Order to be Issued) (Barnier, Jean) (Entered: 03/26/2012) |
| 03/26/2012 | 50 | Motion for 2004 Examination *[Steven W. Haggard, C.P.A.]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Order to be Issued) (Barnier, Jean) (Entered: 03/26/2012) |
| 03/27/2012 | 51 | Order Granting Motion for Relief From Stay (Related Doc # 40) (rw) (Entered: 03/28/2012) |
| 03/29/2012 | 52 | Order Granting Motion for 2004 Examination (Steven W. Haggard, C.P.A.) (Related Doc # 50) (rw) (Entered: 03/30/2012) |
| 03/30/2012 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued *with Debtors to Appear.* 341(a) meeting to be held on 4/18/2012 at 09:30 AM San Francisco U.S. Trustee Office (Hoskins, Janina) (Entered: 03/30/2012) |
| 03/30/2012 | 53 | BNC Certificate of Mailing (RE: related document(s) 51 Order on Motion for Relief From Stay). Notice Date 03/30/2012. (Admin.) (Entered: 03/30/2012) |
| 03/30/2012 | 55 | Order for Examination Pursuant to Bankruptcy Rule 2004 (Leo Zendejas) (Related Doc # 48) (nw) (Entered: 04/02/2012) |
| 03/30/2012 | 56 | Order for Examination Pursuant to Bankruptcy Rule 2004 (Gina Perry) (Related Doc # 49) (nw) Modified on 4/2/2012 (nw). (Entered: 04/02/2012) |
| 04/02/2012 | 54 | Request for Entry of Default Re: *Order Authorizing Abandonment of Real Property* (RE: related document(s)45 Motion to Abandon Real Property [853 Ashbury St., San Francisco, CA 94117]). Filed by Trustee Janina M. Hoskins (Barnier, Jean) Modified on 4/5/2012 (nw). (Entered: 04/02/2012) |
| 04/03/2012 | 57 | Order Authorizing Abandonment of Real Property (Related Doc # 45) (nw) (Entered: 04/04/2012) |

| | | |
|---|---|---|
| 04/05/2012 | | **CORRECTIVE ENTRY** Clerk Modified Linkage to Reflect Motion, doc#45 (RE: related document(s)45 Motion to Abandon *Real Property [853 Ashbury St., San Francisco, CA 94117]*, 54 Request For Entry of Default). (nw) (Entered: 04/05/2012) |
| 04/19/2012 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 5/9/2012 at 09:30 AM at San Francisco U.S. Trustee Office Debtor appeared. Joint debtor appeared. (Hoskins, Janina) (Entered: 04/19/2012) |
| 04/20/2012 | 58 | Adversary case 12-03057. 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud), 67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny) Complaint by Frederick C. Fiechter against Carl Alexander Wescott , Monette Rosemarie Stephens . Fee Amount $293 . (ia) (Entered: 04/20/2012) |
| 04/20/2012 | 59 | Adversary case 12-03058. 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud) Complaint by David H Kirk against Carl Alexander Wescott, Monette Rosemarie Stephens. Fee Amount $293. (Attachments: # (1) Exhibit Exhibit A# (2) Exhibit Exhibit B# (3) Exhibit Exhibit C) (Gladstone, Heather) (Entered: 04/20/2012) |
| 04/20/2012 | 60 | Motion to Extend Time *in Which to File Complaint Objecting to Discharge* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/20/2012) |
| 04/20/2012 | 61 | Declaration of Jean Barnier in support of *Motion for Order Extending Time in Which to File Complaint Objecting to Discharge* (RE: related document(s)60 Motion to Extend Time). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/20/2012) |
| 04/20/2012 | 62 | Notice of Hearing *on Motion for Order Extending Time in Which to File Complaint Objecting to Discharge (w/proof of service)* (RE: related document(s)60 Motion to Extend Time *in Which to File Complaint Objecting to Discharge* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 5/18/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/20/2012) |
| 04/23/2012 | 63 | Adversary case 12-03062. 13 (Recovery of money/property - 548 fraudulent transfer), 62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud), 68 (Dischargeability - 523(a)(6), willful and malicious injury) Complaint by Quality Housing Solutions, LLC against Carl Alexander Wescott, Monette Rosemarie Stephens. Fee Amount $293. (Brook, Michael) (Entered: 04/23/2012) |
| 04/24/2012 | 64 | Trustee's Request for Notice of Possible Dividends . (Hoskins, Janina) (Entered: 04/24/2012) |
| 04/24/2012 | 65 | Motion for 2004 Examination *[Carl Alexander Wescott and Monette Rosemarie Stephens - Documents] (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit A) (Barnier, Jean) (Entered: 04/24/2012) |
| 04/25/2012 | 66 | Notice of Possible Dividends Proofs of Claims due by 7/26/2012 (nw) (Entered: 04/25/2012) |
| 04/25/2012 | 67 | Order for Examination Pursuant to Bankruptcy Rule 2004 [Carl Alexander Wescott and Monette Rosemarie Stephens - Documents] (Related Doc # 65) (nw) (Entered: 04/26/2012) |
| 04/27/2012 | 68 | BNC Certificate of Mailing - Notice of Possible Dividend. (RE: related document(s) 66 Notice of Possible Dividends). Notice Date 04/27/2012. (Admin.) (Entered: 04/27/2012) |

| | | |
|---|---|---|
| 05/04/2012 | 69 | Ex Parte Motion to Shorten Time *in Which to Serve Trustee's Notice of Motion to Compel Turnover of Documents* (RE: related document(s)70Motion to Compel Turnover of Documents Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) Modified on 5/7/2012 (nw). (Entered: 05/04/2012) |
| 05/04/2012 | 70 | Motion to Compel *Turnover of Documents* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Jean Barnier in Support of Trustee's Motion to Compel Turnover of Documents) (Barnier, Jean) (Entered: 05/04/2012) |
| 05/04/2012 | 71 | Notice of Hearing *on Motion to Compel Turnover of Documents (w/proof of service)* (RE: related document(s)70 Motion to Compel *Turnover of Documents* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 5/18/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 05/04/2012) |
| 05/05/2012 | 72 | Substitution of Attorney . Brian Williams added to the case. Filed by Joint Debtors Monette Rosemarie Stephens, Monette Rosemarie Stephens, Monette Rosemarie Stephens (Ison, Neil) (Entered: 05/05/2012) |
| 05/05/2012 | 73 | Certificate of Service *Brian Williams substituted in for Neil Ison* (RE: related document(s)72 Substitution of Attorney). Filed by Joint Debtor Monette Rosemarie Stephens (Ison, Neil) (Entered: 05/05/2012) |
| 05/07/2012 | | **CORRECTIVE ENTRY** Clerk Linked and Added Docket Entry Relationship to doc# 69 and #70. (RE: related document(s)69 Ex Parte Motion to Shorten Time *in Which to Serve Trustee's Notice of Motion to Compel Turnover of Documents,* 70 Motion to Compel *Turnover of Documents*). (nw) (Entered: 05/07/2012) |
| 05/07/2012 | | **CORRECTIVE ENTRY** Clerk Terminated Attorney, Neil Ison, for Joint Debtor, per doc#72 (RE: related document(s)72 Substitution of Attorney). (nw) (Entered: 05/07/2012) |
| 05/07/2012 | 74 | Ex Parte Motion to Compel *Turnover of Documents (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Jean Barnier in Support Thereof) (Barnier, Jean) (Entered: 05/07/2012) |
| 05/09/2012 | 75 | Order Compelling Debtors to Turnover Documents (Related Doc # 74) (nw) (Entered: 05/10/2012) |
| 05/10/2012 | | Statement Adjourning Meeting of 341(a) Meeting of Creditors. Meeting of Creditors Continued. Next Meeting of Creditors to be Held on 6/20/2012 at 09:30 AM at San Francisco U.S. Trustee Office Debtor appeared. Joint debtor appeared. (Hoskins, Janina) (Entered: 05/10/2012) |
| 05/10/2012 | 76 | Motion for Relief from Stay *to Continue Federal Court Action* RS #MAO-001, Fee Amount $176, Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 05/10/2012) |
| 05/10/2012 | | Receipt of filing fee for Motion for Relief From Stay(12-30143) [motion,mrlfsty] ( 176.00). Receipt number 16538661, amount $ 176.00 (U.S. Treasury) (Entered: 05/10/2012) |
| 05/10/2012 | 77 | Notice of Hearing  (RE: related document(s)76 Motion for Relief from Stay *to Continue Federal Court Action* RS #MAO-001, Fee Amount $176, Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company). **Hearing scheduled for 6/7/2012 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 05/10/2012) |

| | | |
|---|---|---|
| 05/10/2012 | 78 | Memorandum of Points and Authorities in Support of (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 05/10/2012) |
| 05/10/2012 | 79 | Declaration of Richard L. Gobler in Support of (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 05/10/2012) |
| 05/10/2012 | 80 | Relief From Stay Cover Sheet (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 05/10/2012) |
| 05/10/2012 | 81 | Certificate of Service (RE: related document(s)76 Motion for Relief From Stay 77Notice of Hearing 78Memorandum of Points and Authorities in Support of 79Declaration of Richard L. Gobler in Support of 80Relief From Stay Cover Sheet 82Declaration of Andrew J. King in Support of ). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) Modified on 5/11/2012 (nw). (Entered: 05/10/2012) |
| 05/10/2012 | 82 | Declaration of Andrew J. King in Support of (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E# (6) Exhibit F# (7) Exhibit G) (Olson, Mark) (Entered: 05/10/2012) |
| 05/11/2012 | | **CORRECTIVE ENTRY** Clerk Added Additional Linkage to Reflect PDF (RE: related document(s)81 Certificate of Service). (nw) (Entered: 05/11/2012) |
| 05/12/2012 | 83 | BNC Certificate of Mailing (RE: related document(s) 75 Order on Motion to Compel). Notice Date 05/12/2012. (Admin.) (Entered: 05/12/2012) |
| 05/14/2012 | 84 | Notice of Appearance and Request for Notice by Heather Sapp. Filed by Creditor David Kirk (Sapp, Heather) (Entered: 05/14/2012) |
| 05/15/2012 | | Hearing on 5/18/12 at 10:00 a.m. is dropped. (related document(s): [70] Motion to Compel) (lp) (Entered: 05/15/2012) |
| 05/15/2012 | | **DOCKET TEXT ORDER** (no separate order issued:) TENTATIVE RULING on motion to extend time for trustee to file complaint objecting to discharge: GRANT. Motion is unopposed, and grounds exist for the relief requested. If debtors object to this tentative ruling, their counsel should notify Ms. Lorena Parada (415-268-2323) and Ms. Barnier no later than noon on May 17, 2012, that they want the hearing on May 18 to proceed. Otherwise, the hearing will be taken off calendar and Ms. Barnier should upload an order granting the motion.. (Montali, Dennis) (Entered: 05/15/2012) |
| 05/15/2012 | 86 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 75/hr Filed by Joint Debtor Monette Rosemarie Stephens (nw) (Entered: 05/17/2012) |
| 05/15/2012 | 87 | Certificate of Service (RE: related document(s)86 Disclosure of Compensation of Attorney for Debtor). Filed by Joint Debtor Monette Rosemarie Stephens (nw) (Entered: 05/17/2012) |
| 05/17/2012 | 85 | Ex Parte Motion to Compel *Turnover of Documents [Steven W. Haggard]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Jean Barnier in Support Thereof) (Barnier, Jean) (Entered: 05/17/2012) |

| | | |
|---|---|---|
| 05/17/2012 | | Hearing on 5/18/12 at 10:00 a.m. is dropped per the 5/15/12 Docket Text Order. (related document(s): [60] Motion to Extend Time) (lp) (Entered: 05/17/2012) |
| 05/19/2012 | 91 | Order Extending Time in Which to File Complaint Objecting to Discharge (Related Doc # 60) Last day to oppose discharge or dischargeability is 10/15/2012 for , NOTE: Per Order, Trustee, the Office of the U.S.Trustee or any other interested party may file a Complaint Objecting to Discharge of the Debtors to October 15, 2012. (nw) (Entered: 05/21/2012) |
| 05/21/2012 | 88 | Amended Motion to Compel *Turnover of Documents [Steven W. Haggard]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Jean Barnier in Support Thereof) (Jewett-Brewster, Monique) (Entered: 05/21/2012) |
| 05/21/2012 | 89 | Notice and Opportunity for Hearing *of Trustee's Amended Motion to Compel Turnover of Documents (w/proof of service)* (RE: related document(s)88 Amended Motion to Compel *Turnover of Documents [Steven W. Haggard]* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Jewett-Brewster, Monique) (Entered: 05/21/2012) |
| 05/21/2012 | 90 | Adversary case 12-03086. 13 (Recovery of money/property - 548 fraudulent transfer), 14 (Recovery of money/property - other) Complaint by Janina M. Hoskins against Pook Snook Dook Limited Partnership, a purported limited partnership, Lodmell & Lodmell, P.C., a Professional corporation, Carl A. Wescott, as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust, Monette R. Stephens, as Trustee of the Wescott-Stephens Family Trust aka Pook Snook Dook Trust. Fee Tentatively Deferred, Application to be Filed. (Attachments: # (1) Exhibit Bill of Transfer, dated September 4, 2010# (2) Exhibit Bill of Transfer, dated June 24, 2010# (3) AP Cover Sheet AP Cover Sheet) (Barnier, Jean) (Entered: 05/21/2012) |
| 05/23/2012 | 92 | BNC Certificate of Mailing (RE: related document(s) 91 Order on Motion to Extend Time). Notice Date 05/23/2012. (Admin.) (Entered: 05/23/2012) |
| 05/25/2012 | 93 | Application to Compromise Controversy with Old Republic National Title Insurance Company *and Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins (Jewett-Brewster, Monique) (Entered: 05/25/2012) |
| 05/25/2012 | 94 | Notice and Opportunity for Hearing *of Trustee's Motion for Authority to Compromise Controversy (w/proof of service)* (RE: related document(s)93 Application to Compromise Controversy with Old Republic National Title Insurance Company *and Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Jewett-Brewster, Monique) (Entered: 05/25/2012) |
| 05/25/2012 | 95 | Motion for Sale of Property *Motion to Sell Estate Assets [Partnership Interest, Vilcabamba Property]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 05/25/2012) |
| 05/25/2012 | 96 | Declaration of Janina M. Hoskins in support of *Motion to Sell Estate Assets [Partnership Interest, Vilcabamba Property]* (RE: related document(s)95 Motion for Sale of Property). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit Partnership Agreement# (2) Exhibit Deed# (3) Exhibit Asset Purchase Agreement# (4) Exhibit Sale and Assignment of Partnership and Real Property Interests) (Barnier, Jean) (Entered: 05/25/2012) |
| 05/25/2012 | 97 | Notice of Hearing *on Trustee's Motion to Sell Estate Assets (w/proof of service)* (RE: related document(s)95 Motion for Sale of Property *Motion to Sell Estate Assets [Partnership Interest, Vilcabamba Property]* Filed by |

Trustee Janina M. Hoskins). **Hearing scheduled for 6/22/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 05/25/2012)

05/29/2012    98    Request for Notice *for Dana M. Andreoli* Filed by Interested Party Old Republic National Title Insurance Company (Attachments: # (1) Certificate of Service) (Andreoli, Dana) (Entered: 05/29/2012)

06/01/2012    99    Reply to *and Notice of Non-Opposition* (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 06/01/2012)

06/07/2012        Hearing Held. Motion granted. Counsel for moving party to upload an order that grants relief to prosecute the action, but the moving party will not seek personal liability against the debtors. (related document(s): [76] Motion for Relief From Stay) (lp) (Entered: 06/07/2012)

06/12/2012    100    Substitution of Attorney . Attorney Neil Ison and Brian Williams terminated. Barbara Smart added to the case. Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Smart, Barbara) (Entered: 06/12/2012)

06/12/2012    101    Certificate of Service *Regarding Proposed Order* (RE: related document(s)76 Motion for Relief From Stay). Filed by Interested Party Atain Specialty Insurance Company f/k/a USF Insurance Company (Olson, Mark) (Entered: 06/12/2012)

06/13/2012    102    Stipulation, *to Shorten Time for Hearing on Motion to Compel Debtors to Amend Bankruptcy Schedules* Filed by Trustee Janina M. Hoskins. (Attachments: # (1) Declaration In Support Thereof) (Barnier, Jean) (Entered: 06/13/2012)

06/13/2012    103    Motion to Compel *Debtors to File Amended Schedules* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/13/2012)

06/13/2012    104    Declaration of Jean Barnier in Support of *Trustee's Motion to Compel Debtors to File Amended Schedules* (RE: related document(s)103 Motion to Compel). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit - E-mails) (Barnier, Jean) (Entered: 06/13/2012)

06/13/2012    105    Notice of Hearing *on Motion to Compel Debtors to File Amended Schedules (w/proof of service)* (RE: related document(s)103 Motion to Compel *Debtors to File Amended Schedules* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 6/22/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/13/2012)

06/14/2012    106    Order Approving Stipulation To Shorten Time For Hearing On Motion To Compel Debtors To Amend Bankruptcy Schedules (RE: related document(s)102 Stipulation for Miscellaneous Relief filed by Trustee Janina M. Hoskins). (akb) (Entered: 06/14/2012)

06/15/2012    107    Request for Entry of Default Re: *Order Compelling Turnover of Documents [Stephen Haggard, C.P.A.]* (RE: related document(s)88 Motion to Compel, 89 Opportunity for Hearing). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/15/2012)

06/15/2012    108    Brief/Memorandum in Opposition to *Trustee's Motion for Authority to Compromise Controversy and Request for Hearing* (RE: related document(s)93 Application to Compromise Controversy). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Attachments: # (1) Certificate of Service) (Smart, Barbara) (Entered: 06/15/2012)

| | | |
|---|---|---|
| 06/16/2012 | 109 | BNC Certificate of Mailing (RE: related document(s) 106 Order on Stipulation). Notice Date 06/16/2012. (Admin.) (Entered: 06/16/2012) |
| 06/17/2012 | 110 | Order Granting Motion for Relief From Automatic Stay to Continue Federal Court Action (Related Doc # 76) (nw) (Entered: 06/18/2012) |
| 06/17/2012 | 111 | Order Compelling Turnover of Documents (Related Doc # 88) (nw) (Entered: 06/18/2012) |
| 06/18/2012 | 112 | Amended Statement of Financial Affairs  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Smart, Barbara) (Entered: 06/18/2012) |
| 06/18/2012 | 113 | Amended Schedule B, Schedule C, Schedule J. & *Amended Schedules E & F, with Debtors' Declaration Concerning Schedules* Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Smart, Barbara) Modified on 6/20/2012 ERROR: Incorrect Event Code Selected for Amending Schedules E and F. Correct Event Code is "Amended Schedules (D, E, and F - Fee Required)" . Filing Fee of $30 Due (nw). (Entered: 06/18/2012) |
| 06/19/2012 | 114 | Notice of Hearing *on Trustee's Motion to Compromise Controversy (w/proof of service)* (RE: related document(s)93 Application to Compromise Controversy with Old Republic National Title Insurance Company *and Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins. **Hearing scheduled for 6/29/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/19/2012) |
| 06/20/2012 | 115 | Stipulation, to Shorten time for Hearing on Motion to Employ Trustee's Consultant  Filed by Trustee Janina M. Hoskins. (Barnier, Jean) (Entered: 06/20/2012) |
| 06/20/2012 | 116 | Application to Employ Joe Martin as Consultant *; Declaration of Proposed Consultant in Support Thereof* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/20/2012) |
| 06/20/2012 | 117 | Declaration of Janina M. Hoskins in Support of *Motion to Employ Consultant* (RE: related document(s)116 Application to Employ). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/20/2012) |
| 06/20/2012 | 118 | Notice of Hearing *on Trustee's Motion to Employ Consultant (w/proof of service)* (RE: related document(s)116 Application to Employ Joe Martin as Consultant *; Declaration of Proposed Consultant in Support Thereof* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 6/29/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/20/2012) |
| 06/20/2012 | 119 | Declaration of Jean Barnier in Support of *Trustee's Motion to Compel Debtors to File Amended Schedules* (RE: related document(s)103 Motion to Compel). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/20/2012) |
| 06/20/2012 | 120 | Brief/Memorandum in Opposition to *Motion to Compel Debtors to Filed Amended Schedules* (RE: related document(s)103 Motion to Compel). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Attachments: # (1) Certificate of Service) (Smart, Barbara) (Entered: 06/20/2012) |
| 06/20/2012 | 121 | BNC Certificate of Mailing (RE: related document(s) 110 Order on Motion for Relief From Stay). Notice Date 06/20/2012. (Admin.) (Entered: 06/20/2012) |
| 06/20/2012 | 122 | BNC Certificate of Mailing (RE: related document(s) 111 Order on Motion to Compel). Notice Date 06/20/2012. |

(Admin.) (Entered: 06/20/2012)

06/20/2012    123    Order Approving Stipulation to Shorten Time for Hearing on
                     Motion to Employ Consultant (RE: related document(s)115
                     Stipulation for Miscellaneous Relief filed by Trustee
                     Janina M. Hoskins). (nw) (Entered: 06/21/2012)

06/21/2012           Statement Adjourning Meeting of 341(a) Meeting of
                     Creditors. Meeting of Creditors Continued. Next Meeting of
                     Creditors to be Held on 7/25/2012 at 09:30 AM at San
                     Francisco U.S. Trustee Office Debtor appeared. Joint debtor
                     appeared. (Hoskins, Janina) (Entered: 06/21/2012)

06/21/2012    124    Motion *to be Relieved as Counsel* Filed by Joint
                     Debtor Monette Rosemarie Stephens, Debtor Carl Alexander
                     Wescott (Attachments: # (1) Declaration # (2) Certificate
                     of Service) (Smart, Barbara) (Entered: 06/21/2012)

06/21/2012    125    Notice of Hearing *re Motion to be Relieved as
                     Counsel* (RE: related document(s)124 Motion *to be
                     Relieved as Counsel* Filed by Joint Debtor Monette
                     Rosemarie Stephens, Debtor Carl Alexander Wescott).
                     **Hearing scheduled for 7/20/2012 at 10:00 AM at San
                     Francisco Courtroom 22 - Montali.** Filed by Joint Debtor
                     Monette Rosemarie Stephens, Debtor Carl Alexander Wescott
                     (Attachments: # (1) Certificate of Service) (Smart,
                     Barbara) (Entered: 06/21/2012)

06/22/2012    126    PDF with attached Audio File. Court Date & Time [ 6/22/2012
                     10:13:14 AM ]. File Size [ 4324 KB ]. Run Time [ 00:18:01
                     ]. ( ). (admin). (Entered: 06/22/2012)

06/22/2012           Hearing Continued. Debtors are ordered to amend Schedules
                     and Statement of Financial Affairs by 7/5/12. An
                     evidentiary hearing will be held on 7/11/12 at 9:30 a.m If
                     the trustee is satisfied with the amendments, the hearing
                     on 7/11/12 can be dropped from the calendar. (related
                     document(s): [103] Motion to Compel **Hearing scheduled
                     for 07/11/2012 at 09:30 AM at San Francisco Courtroom 22 -
                     Montali.** (lp) (Entered: 06/25/2012)

06/23/2012    127    Order Granting Motion to Sell Estate Assets (Partnership
                     Interest, Vilcabamba Property) (Related Doc # 95) (nw)
                     (Entered: 06/25/2012)

06/26/2012    128    Motion for 2004 Examination *[StubHub, Inc.]* Filed by
                     Trustee Janina M. Hoskins (Attachments: # (1) Exhibit
                     Subpoena# (2) Proposed Order for Examination) (Barnier,
                     Jean) (Entered: 06/26/2012)

06/26/2012           **DOCKET TEXT ORDER** (no separate order issued:)
                     TENTATIVE RULING ON MOTION FOR ORDER AUTHORIZING
                     COMPROMISE: DENY. The motion does not explain how this
                     estate owns claims asserted by 2 Longhorn Ridge Road, LLC
                     nor does it adequately analyze the A & C factors as
                     required in Para. II, E of the Courts Practices and
                     Procedures posted on the website. The trustee may amend the
                     motion to address these concerns and reschedule it for
                     hearing after considering any specific competing offer
                     presented by debtors. If counsel for trustee accepts this
                     tentative, she should notify counsel for debtor and the
                     courtroom deputy (Ms. Lorena Parada, 415-268-2323) no later
                     than noon on June 28, in which case the matter will be
                     dropped from the June 29 calendar. (RE: related
                     document(s)93 Application to Compromise Controversy filed
                     by Trustee Janina M. Hoskins). (Montali, Dennis) (Entered:
                     06/26/2012)

06/26/2012           **DOCKET TEXT ORDER** (no separate order issued:) At the
                     hearing on June 29, 2012, on the motion to employ Mr.
                     Martin as a consultant, counsel for the trustee should be
                     prepared to report on: the likely range of values of the
                     properties to be marketed and sold; the amount of the
                     Martin claim that may or may not be waived, depending on
                     whether there are sales; the estimated extent of fees to be

owed to Honduran attorneys and other related costs of sale; how the trustee would purport to sell property owned by the Lightfoot entities; and the likely impact of any such sales on general unsecured creditors of the estate. (RE: related document(s)116 Application to Employ filed by Trustee Janina M. Hoskins). (Montali, Dennis) (Entered: 06/26/2012)

| | | |
|---|---|---|
| 06/26/2012 | 129 | Objection *United States Trustee's Objection to Trustee's Motion to Employ Consultant.* (RE: related document(s)116 Application to Employ). Filed by U.S. Trustee Office of the U.S. Trustee / SF (Attachments: # (1) Certificate of Service) (Glosson, Julie) (Entered: 06/26/2012) |
| 06/27/2012 | 130 | Corrected Exhibit *A* (RE: related document(s)128 Motion for Examination). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/27/2012) |
| 06/27/2012 | 131 | Substitution of Attorney . Attorney Barbara A. Smart terminated. Sheila Gropper Nelson added to the case. Filed by Joint Debtors Monette Rosemarie Stephens, Monette Rosemarie Stephens, Debtors Carl Alexander Wescott, Carl Alexander Wescott (Nelson, Sheila) (Entered: 06/27/2012) |
| 06/27/2012 | 132 | Request for Notice  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 06/27/2012) |
| 06/27/2012 | 133 | Statement of Non-Opposition *and withdrawal of opposition* (RE: related document(s)93 Application to Compromise Controversy). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 06/27/2012) |
| 06/27/2012 | 134 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 5,000.00  Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 06/27/2012) |
| 06/27/2012 | 137 | Order Compelling debtors to file corrected schedules and statement of financial affairs. IT IS HEREBY ORDERED that the Debtors are to file a set of corrected Schedules and Statement of Financial Affairs on the official forms no later than July 5, 2012. (Related Doc # 103) (ac) (Entered: 06/28/2012) |
| 06/28/2012 | 135 | Supplemental Declaration of Janina M. Hoskins, Chapter 7 Trustee in Support of *Motion to Employ Consultant* (RE: related document(s)116 Application to Employ). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit Wescott-Stephens Family Trust) (Barnier, Jean) (Entered: 06/28/2012) |
| 06/28/2012 | 136 | Supplemental Declaration of Joe Martin in Support of *Trustee's Motion to Employ Consultant* (RE: related document(s)116 Application to Employ). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/28/2012) |
| 06/28/2012 | | Hearing on 6/29/12 at 10:00 a.m. is dropped per the 6/26/12 Docket Text Order. (related document(s): [93] Application to Compromise Controversy) (lp) (Entered: 06/28/2012) |
| 06/29/2012 | | Hearing Continued. The hearing can go off calendar if the matter is resolved prior to the continued hearing date. (related document(s): [116] Application to Employ) **Hearing scheduled for 07/06/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (lp) (Entered: 06/29/2012) |
| 06/30/2012 | 138 | BNC Certificate of Mailing (RE: related document(s) 137 Order on Motion to Compel). Notice Date 06/30/2012. (Admin.) (Entered: 06/30/2012) |
| 07/02/2012 | | Hearing Set On (RE: related document(s)103 Motion to Compel *Debtors to File Amended Schedules*). **Hearing** |

|            |     | scheduled for 7/11/2012 at 09:30 AM at San Francisco Courtroom 22 - Montali. (ac) (Entered: 07/02/2012) |
|------------|-----|---|
| 07/03/2012 |     | Hearing on 7/6/12 at 10:00 a.m. is dropped (related document(s): [116] Application to Employ) (lp) (Entered: 07/03/2012) |
| 07/03/2012 | 139 | PDF with attached Audio File. Court Date & Time [ 6/29/2012 10:38:40 AM ]. File Size [ 2704 KB ]. Run Time [ 00:11:16 ]. ( ). (admin). (Entered: 07/03/2012) |
| 07/05/2012 | 140 | Amended Schedule D Schedule E Schedule F *Amended Sch A, B, C, G, H, I, J, & SOFA (7-5-12)*. Fee Amount $30. Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 07/05/2012) |
| 07/05/2012 |     | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)(12-30143) [misc,amdsch] ( 30.00). Receipt number 17063647, amount $ 30.00 (U.S. Treasury) (Entered: 07/05/2012) |
| 07/09/2012 | 141 | Stipulation, *Re: Trustee's Motion to Employ Joe Martin as Consultant* Filed by Trustee Janina M. Hoskins (RE: related document(s)116 Application to Employ filed by Trustee Janina M. Hoskins). (Barnier, Jean) (Entered: 07/09/2012) |
| 07/09/2012 | 142 | Withdrawal of Documents  (RE: related document(s)116 Application to Employ). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/09/2012) |
| 07/09/2012 | 144 | Amended Stipulation, *re: Trustee's Motion to Employ Consultant* Filed by Trustee Janina M. Hoskins (RE: related document(s)116 Application to Employ filed by Trustee Janina M. Hoskins). (Barnier, Jean) (Entered: 07/09/2012) |
| 07/10/2012 | 145 | Application to Compromise Controversy with Defendant Lodmell & Lodmell, P.C. ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Settlement Agreement and Mutual General Release) (Barnier, Jean) (Entered: 07/10/2012) |
| 07/10/2012 | 146 | Notice and Opportunity for Hearing *of Trustee's Motion for Authority to Compromise Controversy (w/proof of service)* (RE: related document(s)145 Application to Compromise Controversy with Defendant Lodmell & Lodmell, P.C. ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/10/2012) |
| 07/10/2012 | 147 | Amended Notice and Opportunity for Hearing *on Trustee's Motion for Authority to Compromise Controversy (w/proof of service)* (RE: related document(s)145 Application to Compromise Controversy with Defendant Lodmell & Lodmell, P.C. ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/10/2012) |
| 07/10/2012 | 148 | Amended Schedule D Schedule F *and Sch A ($2,050,000.00) & Sch B ($9,082,821.45)*. Fee Amount $30. Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 07/10/2012) |
| 07/10/2012 |     | Receipt of filing fee for Amended Schedules (D, E, and F - Fee Required)(12-30143) [misc,amdsch] ( 30.00). Receipt number 17104041, amount $ 30.00 (U.S. Treasury) (Entered: 07/10/2012) |
| 07/10/2012 | 149 | Declaration of Monette Rosemarie Stephens in in Support of Schedules Amended A, B, C, D & F on July 10, 2012 of  (RE: related document(s)148 Amended Schedules (D, E, and F - Fee Required)). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 07/10/2012) |

| | | |
|---|---|---|
| 07/10/2012 | 150 | Declaration of Monette Rosemarie Stephens in Support of Compliance with Court's June 28, 2012 Order of *to Amend Schedules and as amended on July 5, 2012 and July 10, 2012* (RE: related document(s)148 Amended Schedules (D, E, and F - Fee Required)). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 07/10/2012) |
| 07/10/2012 | 151 | Declaration of Sheila Gropper Nelson in Support of Debtors' Compliance with the Court June 28, 2012 Order to Amend Schedules of *(as amended on both July 5, 2012 and July 10, 2012)* (RE: related document(s)148 Amended Schedules (D, E, and F - Fee Required)). Filed by Joint Debtor Monette Rosemarie Stephens, Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 07/10/2012) |
| 07/11/2012 | | Hearing Held. Evidentiary hearing held. The matter is taken off calendar, but may be restored. (related document(s): [103] Motion to Compel) (lp) (Entered: 07/11/2012) |
| 07/11/2012 | | Hearing scheduled for 7/20/12 at 10:00 a.m. is dropped (related document(s): [124] Motion Miscellaneous Relief) (lp) (Entered: 07/11/2012) |
| 07/11/2012 | 152 | PDF with attached Audio File. Court Date & Time [ 7/11/2012 9:41:57 AM ]. File Size [ 11436 KB ]. Run Time [ 00:47:39 ]. ( ). (admin). (Entered: 07/11/2012) |
| 07/12/2012 | | **CORRECTIVE ENTRY** Modified Schedules A and B in Summary of Schedules (RE: related document(s)148 Amended Schedules (D, E, and F - Fee Required)). (nw) (Entered: 07/12/2012) |
| 07/12/2012 | 153 | Motion for 2004 Examination *[Carl Alexander Wescott and Monette Rosemarie Stephens - Documents] (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit A) (Barnier, Jean) (Entered: 07/12/2012) |
| 07/13/2012 | 154 | Notice of Appearance and Request for Notice  by Vikas Kumar. Filed by U.S. Trustee Office of the U.S. Trustee / SF (Kumar, Vikas) (Entered: 07/13/2012) |
| 07/13/2012 | 155 | Order for Examination Pursuant to Bankruptcy Rule 2004 [Carl Alexander Wescott and Monette Rosemarie Stephens - Documents] (Related Doc # 153) (nw) (Entered: 07/13/2012) |
| 07/15/2012 | 156 | BNC Certificate of Mailing (RE: related document(s) 155 Order on Motion for Examination). Notice Date 07/15/2012. (Admin.) (Entered: 07/15/2012) |
| 07/17/2012 | 157 | Notice of Hearing  (RE: related document(s)145 Application to Compromise Controversy with Defendant Lodmell & Lodmell, P.C. ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 8/3/2012 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/17/2012) |
| 07/19/2012 | | Adversary Case Closed 3:12-ap-3062. (rw) (Entered: 07/19/2012) |
| 07/23/2012 | | Hearing Set On Discovery Dispute. **Hearing scheduled for 7/25/2012 at 11:00 AM at San Francisco Courtroom 22 - Montali.** (lp) (Entered: 07/23/2012) |
| 07/25/2012 | | Hearing Continued. Debtors to file a Motion to Quash by 8/8/12; trustee to respond by 8/16/12. (related document(s): Hearing Set) **Hearing scheduled for 08/22/2012 at 10:30 AM at San Francisco Courtroom 22 - Montali.** (lp) (Entered: 07/25/2012) |
| 07/25/2012 | 158 | PDF with attached Audio File. Court Date & Time [ 7/25/2012 11:00:54 AM ]. File Size [ 2876 KB ]. Run Time [ 00:11:59 ]. ( ). (admin). (Entered: 07/25/2012) |

| | | |
|---|---|---|
| 07/27/2012 | 159 | Motion for 2004 Examination *[Wells Fargo Bank, N.A.]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Subpoena# (2) Order to be Issued) (Barnier, Jean) (Entered: 07/27/2012) |
| 07/27/2012 | 160 | Motion for 2004 Examination *[San Francisco Baseball Associates, L.P.]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Subpoena# (2) Order to be Issued) (Barnier, Jean) (Entered: 07/27/2012) |
| 07/31/2012 | | Hearing on 8/3/12 at 10:00 a.m. is dropped (related document(s): [145] Application to Compromise Controversy) (lp) (Entered: 07/31/2012) |
| 07/31/2012 | 161 | Amended Motion for 2004 Examination *[StubHub, Inc. - Documents]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Subpoena) (Barnier, Jean) (Entered: 07/31/2012) |
| 07/31/2012 | 164 | Order for Examination Pursuant to Bankruptcy Rule 2004 [Wells Fargo Bank, N.A. - Documents] (Related Doc # 159) (nw) (Entered: 08/01/2012) |
| 07/31/2012 | 165 | Order for Examination Pursuant to Bankruptcy Rule 2004 [San Francisco Baseball Associates, L.P.] (Related Doc # 160) (nw) (Entered: 08/01/2012) |
| 07/31/2012 | 166 | Order for Examination Pursuant to Bankruptcy Rule 2004 [StubHub, Inc. - Documents](Related Doc # 161) (nw) (Entered: 08/01/2012) |
| 08/01/2012 | 162 | Withdrawal of Documents *and Declaration of Jean Barnier in Support thereof (w/proof of service)* (RE: related document(s)157 Notice of Hearing). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/01/2012) |
| 08/01/2012 | 163 | Request for Entry of Default Re: *Order Authorizing Compromise of Controversy* (RE: related document(s)145 Application to Compromise Controversy, 146 Opportunity for Hearing). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/01/2012) |
| 08/01/2012 | 167 | Order Authorizing Compromise of Controversy (Related Doc # 145) (nw) (Entered: 08/02/2012) |
| 08/04/2012 | 168 | BNC Certificate of Mailing (RE: related document(s) 167 Order on Application to Compromise Controversy). Notice Date 08/04/2012. (Admin.) (Entered: 08/04/2012) |
| 08/06/2012 | 169 | Motion for 2004 Examination *[Rainforest Capital, LLC]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Subpoena) (Barnier, Jean) (Entered: 08/06/2012) |
| 08/07/2012 | 170 | Order Granting Motion for 2004 Examination (Rainforest Capital, LLC-Documents)(Related Doc # 169) (ac) (Entered: 08/08/2012) |
| 08/08/2012 | 171 | Motion to Quash  (RE: related document(s)153 Motion for Examination filed by Trustee Janina M. Hoskins). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/08/2012) |
| 08/08/2012 | 172 | Notice of Hearing  (RE: related document(s)171 Motion to Quash ). **Hearing scheduled for 8/22/2012 at 10:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/08/2012) |
| 08/08/2012 | 173 | Memorandum of Points and Authorities in Support of (RE: related document(s)171 Motion to Quash). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/08/2012) |

| 08/08/2012 | 174 | Declaration of Sheila Gropper Nelson in Support of (RE: related document(s)171 Motion to Quash). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/08/2012) |
| 08/08/2012 | 175 | Corrected Motion to Quash  (RE: related document(s)171 Motion to Quash filed by Debtor Carl Alexander Wescott). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/08/2012) |
| 08/13/2012 | 176 | Second Motion for 2004 Examination *[Wells Fargo Bank, N.A. - Documents]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit Subpoena# (2) Proposed Order for Examination Pursuant to Bankruptcy Rule 2004 [Wells Fargo Bank, N.A. - Documents]) (Barnier, Jean) (Entered: 08/13/2012) |
| 08/13/2012 | 177 | Order for Examination Pursuant to Bankruptcy Rule 2004 [Wells Fargo Bank, N.A. - Documents] (Related Doc # 176) (nw) (Entered: 08/14/2012) |
| 08/14/2012 | 178 | Stipulation, Stipulation to Shorten Time to Notice and bring Motion for Authority to be Relieved as Counsel for Carl A. Wescott *filed by Sheila Gropper Nelson attorney for and* Filed by Debtor Carl Alexander Wescott. (Nelson, Sheila) (Entered: 08/14/2012) |
| 08/14/2012 | 179 | Declaration of Sheila Gropper Nelson in Support of Sheila Gropper Nelson's Motion for Authority to be Relieved as Counsel for Carl Wescott only with attached proposed motion papers of *Sheila Gropper Nelson*. (RE: related document(s)178 Stipulation for Miscellaneous Relief). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) Modified on 8/16/2012 ERROR: This Declaration is in support of the Stipulation shorten time. Also there is the Motion for Authority to be Relieved as Counsel for Carl Wescott, Notice of Motion and Declaration in Support. (dc) (Entered: 08/14/2012) |
| 08/15/2012 | 180 | Certificate of Service *of supporting declaration and uploaded order in support of Stipulation to Shorten Time for Notice and Motion to be Relieved as Counsel* (RE: related document(s)179 Declaration). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/15/2012) |
| 08/15/2012 | 181 | Brief/Memorandum in Opposition to *Counsel's Motion to Withdraw as Attorney for Carl Wescott Only (w/proof of service)* (RE: related document(s)178 Stipulation for Miscellaneous Relief, 179 Declaration). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Jean Barnier In Support of Opposition# (2) Declaration of Trustee in Support of Opposition# (3) Certificate of Service) (Barnier, Jean) (Entered: 08/15/2012) |
| 08/15/2012 | 182 | Brief/Memorandum in Opposition to *Motion to Quash and/or Limit Order of Examination for Document Production* (RE: related document(s)171 Motion to Quash, 172 Notice of Hearing, 175 Motion to Quash). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit # (2) Exhibit) (Barnier, Jean) (Entered: 08/15/2012) |
| 08/15/2012 | 183 | Declaration of Jean Barnier in Opposition of *Motion to Quash* (RE: related document(s)182 Opposition Brief/Memorandum). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit Partial Transcript) (Barnier, Jean) (Entered: 08/15/2012) |
| 08/15/2012 | 184 | Declaration of Jean Barnier in Opposition of *Motion to Quash Re: Attorney General's Office* (RE: related document(s)182 Opposition Brief/Memorandum). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit 1 -- E-mail Exchange) (Barnier, Jean) (Entered: 08/15/2012) |
| 08/15/2012 | 185 | Certificate of Service *Re: Opposition to Motion to Quash (w/proof of service)* (RE: related document(s)182 |

|            |     | Opposition Brief/Memorandum, 183 Declaration, 184 Declaration). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/15/2012) |
|------------|-----|---|
| 08/16/2012 |     | **ERROR** The Motion for Authority to be Relieved as Counsel for Carl Wescott only, Notice of Motion and Declaration in Support which is included in document #179, should be filed separately.(RE: related document(s) 179 Declaration). (dc) (Entered: 08/16/2012) |
| 08/17/2012 | 186 | Hearing Held (RE: related document(s)179 Declaration of Sheila Gropper Nelson in Support of Sheila Gropper Nelson's Motion for Authority to be Relieved as Counsel for Carl Wescott only with attached proposed motion papers of *Sheila Gropper Nelson*.). Hearing Continued until August 22, 2012 at 10:30 a.m. and will be held in conjunction with the Motion to Quash. (el) (Entered: 08/17/2012) |
| 08/17/2012 | 187 | PDF with attached Audio File. Court Date & Time [ 8/17/2012 10:27:02 AM ]. File Size [ 10552 KB ]. Run Time [ 00:43:58 ]. ( ). (admin). (Entered: 08/17/2012) |
| 08/17/2012 | 188 | Order Granting Stipulation to Shorten Time for Notice of and Motion for Authority to be Relieved as Counsel (RE: related document(s)178 Stipulation for Miscellaneous Relief filed by Debtor Carl Alexander Wescott). (nw) (Entered: 08/20/2012) |
| 08/20/2012 | 189 | Reply to *Opposition to Motion to Quash and/or Limit Document Demand* (RE: related document(s)175 Motion to Quash). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/20/2012) |
| 08/21/2012 | 190 | Certificate of Service *reply to Trustee's Opposition to motion to quash* (RE: related document(s)189 Reply). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/21/2012) |
| 08/22/2012 |     | Hearing Held. Motion granted in part and denied in part. Order to follow. (related document(s): [171] Motion to Quash filed by Carl Alexander Wescott) (lp ) (Entered: 08/22/2012) |
| 08/22/2012 | 191 | Motion to Withdraw as Attorney *as to Wescott Only by Sheila Gropper Nelson* Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/22/2012) |
| 08/22/2012 | 192 | Declaration of Sheila Gropper Nelson in in support of Motion for Authority to be Relieved as Counsel for Carl Wescott only of  (RE: related document(s)191 Motion to Withdraw as Attorney). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/22/2012) |
| 08/22/2012 | 193 | PDF with attached Audio File. Court Date & Time [ 8/22/2012 10:30:37 AM ]. File Size [ 2468 KB ]. Run Time [ 00:10:17 ]. ( ). (admin). (Entered: 08/22/2012) |
| 08/22/2012 |     | Hearing Held. Motion granted as discussed on the record. Ms. Nelson to submit an order. (RE: related document(s)191 Motion to Withdraw as Attorney *as to Wescott Only by Sheila Gropper Nelson*). (lp) (Entered: 08/23/2012) |
| 08/22/2012 |     | Hearing Held re Discovery Dispute. (related document(s): Hearing Set) (lp ) (Entered: 08/23/2012) |
| 08/23/2012 | 194 | Motion *by Chapter 7 Trustee for Authority to Operate Certain Businesses of the Debtors; Verification of Trustee* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/23/2012) |
| 08/23/2012 | 195 | Notice of Hearing *on Trustee's Motion for Authority to Operate Certain Businesses of the Debtors (w/proof of service)* (RE: related document(s)194 Motion *by Chapter 7 Trustee for Authority to Operate Certain* |

*Businesses of the Debtors; Verification of Trustee*
Filed by Trustee Janina M. Hoskins). **Hearing scheduled
for 9/13/2012 at 01:30 PM at San Francisco Courtroom 22 -
Montali.** Filed by Trustee Janina M. Hoskins (Barnier,
Jean) (Entered: 08/23/2012)

| 08/24/2012 | 196 | Declaration of Sheila Gropper Nelson in Support of Proposed Order After Hearing of August 22, 2012 of  (RE: related document(s) Hearing Held (Bk), Hearing Held (Bk)). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/24/2012) |
|---|---|---|
| 08/24/2012 | 197 | Declaration of Jean Barnier *re Form of Order on Motion to Quash* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit 1 -- Debtor's counsel's redline form of order# (2) Exhibit 2 -- Trustee's counsel's comments to redline# (3) Exhibit 3 -- Trustee's counsel's revised form of order) (MacConaghy, John) (Entered: 08/24/2012) |
| 08/24/2012 | 198 | Order Granting Sheila Gropper Nelson's Motion for Authority to be Relieved as Counsel (RE: related document(s)191Motion to Withdraw as Attorney 190 Certificate of Service filed by Debtor Carl Alexander Wescott). (nw) (Entered: 08/24/2012) |
| 08/26/2012 | 199 | BNC Certificate of Mailing (RE: related document(s) 198 Order Granting Related Motion/Application). Notice Date 08/26/2012. (Admin.) (Entered: 08/26/2012) |
| 08/26/2012 | 200 | Order re: Debtor's Motion to Quash Orders for Examination (RE: related document(s)175 Motion to Quash filed by Debtor Carl Alexander Wescott). (nw) (Entered: 08/27/2012) |
| 08/27/2012 | 201 | Declaration of Sheila Gropper Nelson in Compliance with Court's directions to Notify Mr. Wescott of Entry of Order on Motion to Quash of  (RE: related document(s)198 Order Granting Related Motion/Application). Filed by Debtor Carl Alexander Wescott (Nelson, Sheila) (Entered: 08/27/2012) |
| 08/28/2012 | 202 | PDF with attached Audio File. Court Date & Time [ 8/22/2012 10:30:40 AM ]. File Size [ 12412 KB ]. Run Time [ 00:51:43 ]. ( ). (admin). (Entered: 08/28/2012) |
| 08/29/2012 | 203 | BNC Certificate of Mailing (RE: related document(s) 200 Order). Notice Date 08/29/2012. (Admin.) (Entered: 08/29/2012) |
| 09/13/2012 | 204 | Request for Notice  Filed by Creditor Luther Burbank Savings (Attachments: # (1) Certificate of Service) (Scheer, Joshua) (Entered: 09/13/2012) |
| 09/13/2012 | 205 | PDF with attached Audio File. Court Date & Time [ 9/13/2012 1:47:08 PM ]. File Size [ 4896 KB ]. Run Time [ 00:20:24 ]. ( ). (admin). (Entered: 09/13/2012) |
| 09/13/2012 | | Receipt of Exemplification Fee. Amount 21.00 from Macconaghy. Receipt Number 10027393. (admin) (Entered: 09/13/2012) |
| 09/13/2012 | | Hearing Held. The Court tentatively grants the motion. Trustee's counsel to file a Memo of P&A by Honduran counsel re transferring property. If no Memo can be obtained, Ms. Barnier to file a declaration. Ms. Barnier to upload an order. (related document(s): [194] Motion Miscellaneous Relief filed by Janina M. Hoskins) (lp ) (Entered: 09/17/2012) |
| 09/14/2012 | 206 | Exemplification Certificate (RE: related document(s)127 Order on Motion for Sale of Property). (nw) Additional attachment(s) added on 9/18/2012 (nw). (Entered: 09/17/2012) |

| 09/20/2012 | 207 | Motion for Relief from Stay  RS #JLS-283, Fee Amount $176, Filed by Creditor Luther Burbank Savings (Attachments: # (1) RS Cover Sheet # (2) Declaration in Support of Motion for Relief# (3) Exhibit A# (4) Exhibit B# (5) Exhibit C# (6) Exhibit D# (7) Exhibit E# (8) Exhibit F# (9) Exhibit G# (10) Certificate of Service) (Scheer, Joshua) (Entered: 09/20/2012) |
|---|---|---|
| 09/20/2012 |  | Receipt of filing fee for Motion for Relief From Stay(12-30143) [motion,mrlfsty] ( 176.00). Receipt number 17781415, amount $ 176.00 (U.S. Treasury) (Entered: 09/20/2012) |
| 09/20/2012 | 208 | Notice of Hearing  (RE: related document(s)207 Motion for Relief from Stay  RS #JLS-283, Fee Amount $176, Filed by Creditor Luther Burbank Savings). **Hearing scheduled for 10/4/2012 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Creditor Luther Burbank Savings (Scheer, Joshua) (Entered: 09/20/2012) |
| 09/21/2012 | 209 | Transcript regarding Hearing Held 8-11-12 RE: Motion for Authority to be Relieved as Counsel; Hearing Set on Discovery Disputes; Motion to Quash. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber *Jo McCall (480)361-3790*. Notice of Intent to Request Redaction Deadline Due By 9/28/2012. Redaction Request Due By 10/12/2012. Redacted Transcript Submission Due By 10/22/2012. Transcript access will be restricted through 12/20/2012. (McCall, Jo) (Entered: 09/21/2012) |
| 09/21/2012 | 210 | Transcript regarding Hearing Held 8-22-12 RE: Amended Transcript as to Debtors' names on face page only. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber *Jo McCall (480)361-3790*. Notice of Intent to Request Redaction Deadline Due By 9/28/2012. Redaction Request Due By 10/12/2012. Redacted Transcript Submission Due By 10/22/2012. Transcript access will be restricted through 12/20/2012. (McCall, Jo) (Entered: 09/21/2012) |
| 09/21/2012 | 211 | Supplemental Declaration of Jean Barnier in support of Trustee's Motion for Authority to Operate Certain Businesses of the Debtor of  (RE: related document(s)194 Motion Miscellaneous Relief). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 09/21/2012) |
| 09/28/2012 | 212 | Statement of Non-Opposition *(Stephens Only)* (RE: related document(s)207 Motion for Relief From Stay). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 09/28/2012) |
| 10/04/2012 |  | Hearing Held. Motion granted. Counsel for moving party to submit an order. (related document(s): [207] Motion for Relief From Stay filed by Luther Burbank Savings) (lp ) (Entered: 10/04/2012) |
| 10/08/2012 | 213 | Application to Employ Ricardo Padilla as Special Counsel *By Chapter 7 Trustee Pursuant to 11 USC § 328 (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration of Ricardo Padilla In Support of Motion to Employ Special Counsel by Chapter 7 Trustee# (2) Certificate of Service) (Barnier, Jean) (Entered: 10/08/2012) |
| 10/10/2012 | 214 | Certificate of Service *re: Proposed Order Vacating Automatic Stay* Filed by Creditor Luther Burbank Savings (Scheer, Joshua) (Entered: 10/10/2012) |

| | | |
|---|---|---|
| 10/12/2012 | 215 | Order Vacating Automatic Stay (RE: related document(s)207 Motion for Relief From Stay filed by Creditor Luther Burbank Savings). (nw) (Entered: 10/15/2012) |
| 10/12/2012 | 217 | Order Granting Trustee's Motion for Authority to Operate Certain Businesses of the Debtor's (Related Doc # 194) (nw) (Entered: 10/16/2012) |
| 10/15/2012 | 216 | Adversary case 12-03148. 41 (Objection / revocation of discharge - 727(c),(d),(e)) Complaint by Janina M. Hoskins against Carl Alexander Wescott, Monette Rosemarie Stephens. Fee Amount $293. (Attachments: # (1) AP Cover Sheet) (Barnier, Jean) (Entered: 10/15/2012) |
| 10/17/2012 | 218 | BNC Certificate of Mailing (RE: related document(s) 215 Order). Notice Date 10/17/2012. (Admin.) (Entered: 10/17/2012) |
| 10/22/2012 | 219 | Motion for 2004 Examination *[International Aircraft Title & Escrow, Inc. - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 10/22/2012) |
| 10/24/2012 | 220 | Order for Examination pursuant to Bankruptcy Rule 2004 [International Aircraft Title & Escrow, Inc. - Documents] (Related Doc # 219) (nw) (Entered: 10/26/2012) |
| 10/28/2012 | 221 | BNC Certificate of Mailing (RE: related document(s) 220 Order on Motion for Examination). Notice Date 10/28/2012. (Admin.) (Entered: 10/28/2012) |
| 11/01/2012 | 222 | Amended Application to Employ Central Law of Honduras as Special Counsel *for Chapter 7 Trustee (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration (amended) of Ricardo Padilla# (2) Certificate of Service) (Barnier, Jean) (Entered: 11/01/2012) |
| 11/09/2012 | 223 | Order Authorizing Employment of Special Counsel by Chapter 7 Trustee Pursuant to 11 USC § 328 - Central Law of Honduras as special counsel. (Related Doc # 222) (nw) (Entered: 11/13/2012) |
| 11/20/2012 | 224 | Motion for 2004 Examination *[Montecito Bank & Trust - Documents]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit Subpoena) (Barnier, Jean) (Entered: 11/20/2012) |
| 11/20/2012 | 225 | Order for Examination Pursuant to Bankruptcy Rule 2004 [Montecito Bank & Trust - Documents](Related Doc # 224) (nw) (Entered: 11/21/2012) |
| 11/30/2012 | 226 | Request for Entry of Default Re: *Amended Order Authorizing Employment of Special Counsel by Ch. 7 Trustee Pursuant to 11 USC § 328* (RE: related document(s)213 Application to Employ). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 11/30/2012) |
| 12/03/2012 | 227 | Adversary case 12-03166. 13 (Recovery of money/property - 548 fraudulent transfer) Complaint by Janina M. Hoskins against Ivy League Charters, LLC. Fee Amount $293. (Attachments: # (1) Exhibit Bill of Sale# (2) AP Cover Sheet) (Barnier, Jean) (Entered: 12/03/2012) |
| 12/04/2012 | 228 | Amended Order Authorizing Employment Of Special Counsel By Chapter 7 Trustee Pursuant To 11 USC § 328 (RE: related document(s)223 and 226). (rw) (Entered: 12/05/2012) |
| 12/10/2012 | 229 | Application to Employ David Fechheimer as Private Investigator *by Chapter 7 Trustee; Dec of Proposed Private Investigator (w/proof of service)* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Declaration Of Chapter 7 Trustee in Support Thereof) (Barnier, Jean) (Entered: 12/10/2012) |

| | | |
|---|---|---|
| 12/10/2012 | 230 | Order Authorizing Employment Of Private Investigator By Chapter 7 Trustee (Related Doc #229) (akb) (Entered: 12/11/2012) |
| 12/13/2012 | 231 | BNC Certificate of Mailing (RE: related document(s) 230 Order on Application to Employ). Notice Date 12/13/2012. (Admin.) (Entered: 12/13/2012) |
| 01/15/2013 | 232 | Motion for Relief from Stay *The Reliant Group's Motion for Relief from the Automatic Stay* Fee Amount $176, Filed by Creditors Fidelity Cap V, LLC, Fidelity Cap IV, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | | Receipt of filing fee for Motion for Relief From Stay(12-30143) [motion,mrlfsty] ( 176.00). Receipt number 18822263, amount $ 176.00 (U.S. Treasury) (Entered: 01/15/2013) |
| 01/15/2013 | 233 | Memorandum of Points and Authorities in support of *Motion for Relief From the Automatic Stay* Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 234 | Relief From Stay Cover Sheet  (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 235 | Declaration of Daniel K. Slaughter in support of *The Reliant Group's Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 236 | Declaration of Joseph Sherman in Support of *The Reliant Group's Motion For Relief From The Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E# (6) Exhibit F# (7) Exhibit G# (8) Exhibit H# (9) Exhibit I# (10) Exhibit J# (11) Exhibit K# (12) Exhibit L# (13) Exhibit M) (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 237 | Request To Take Judicial Notice *in Support of The Reliant Group's Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 238 | Notice of Hearing *The Reliant Group's Notice of Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief from Stay *The Reliant Group's Motion for Relief from the automatic Stay* Fee Amount $176, Filed by Creditors Fidelity Cap V, LLC, Fidelity Cap IV, LLC, Reliant Group, Inc.). **Hearing scheduled for 2/14/2013 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Attachments: # (1) Proposed Order-FRBP 4001) (Miller, Dennis) (Entered: 01/15/2013) |
| 01/15/2013 | 239 | Certificate of Service  (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 01/15/2013) |
| 01/17/2013 | 240 | Motion for 2004 Examination *[Wells Fargo Bank, N.A. - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean). INCLUDES: Exhibit A. Modified on 1/18/2013 (akb). (Entered: 01/17/2013) |

| | | |
|---|---|---|
| 01/18/2013 | 241 | Order For Examination Pursuant To Bankruptcy Rule 2004 [Wells Fargo Bank, N.A. - Documents] (Related Doc # 240) (akb) (Entered: 01/18/2013) |
| 01/30/2013 | 242 | Brief/Memorandum in Opposition to *Reliant Group's Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/30/2013) |
| 01/30/2013 | 243 | Declaration of Jean Barnier in Opposition of *Reliant Group's Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/30/2013) |
| 02/07/2013 | 244 | Motion for 2004 Examination *[Wells Fargo Bank, N.A. - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 02/07/2013) |
| 02/07/2013 | 245 | Reply to *The Reliant Group's Reply Memorandum in Support of Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 02/07/2013) |
| 02/08/2013 | 246 | Order Granting Motion for 2004 Examination (Wells Fargo Bank, N.A.) (Related Doc # 244) (ac) (Entered: 02/11/2013) |
| 02/14/2013 | | Hearing Continued (related document(s): [232] Motion for Relief From Stay filed by Fidelity Cap V, LLC, Fidelity Cap IV, LLC, Reliant Group, Inc.) **Hearing scheduled for 03/14/2013 at 11:00 AM at San Francisco Courtroom 22 - Montali.** (lp ) (Entered: 02/14/2013) |
| 03/04/2013 | 247 | Ex Parte Application To File Motion For An Order Authorizing Access To Inspect Property Under Seal. Declaration of Gregory J. Babcock in Support Thereof. Filed by Trustee Janina M. Hoskins (dc) Additional attachment(s) added on 3/18/2013 (ac). Additional attachment(s) added on 3/18/2013 (ac). Modified on 3/18/2013 (ac). (Entered: 03/05/2013) |
| 03/04/2013 | 248 | Order Authorizing Filing Motion For An Order Authorizing Access To Inspect Property Under Seal (RE: related document(s)247 Motion Under Seal. filed by Trustee Janina M. Hoskins). (dc) Additional attachment(s) added on 3/18/2013 (ac). Modified on 3/18/2013 (ac). (Entered: 03/05/2013) |
| 03/04/2013 | 249 | Motion For An Order Authorizing Access To Inspect Property Pursuant to Rule 2004. Filed by Trustee Janina M. Hoskins (dc) Additional attachment(s) added on 3/18/2013 (ac). Modified on 3/18/2013 (ac). (Entered: 03/05/2013) |
| 03/04/2013 | 250 | Order Authorizing Access To Inspect Property Pursuant to Rule 2004. (RE: related document(s)249 Motion Under Seal. filed by Trustee Janina M. Hoskins). (dc) Additional attachment(s) added on 3/18/2013 (ac). Modified on 3/18/2013 (ac). (Entered: 03/05/2013) |
| 03/12/2013 | 251 | Motion for 2004 Examination *[Wells Fargo Bank - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/12/2013) |
| 03/13/2013 | 256 | Order Granting Motion for 2004 Examination (Wells Fargo Bank, N.A. -Documents)(Related Doc # 251) (ac) (Entered: 03/14/2013) |
| 03/14/2013 | | Hearing Continued (related document(s): [232] Motion for Relief From Stay filed by Fidelity Cap V, LLC, Fidelity Cap IV, LLC, Reliant Group, Inc.) **Hearing scheduled for 04/18/2013 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (lp ) (Entered: 03/14/2013) |

| | | |
|---|---|---|
| 03/14/2013 | 252 | Ex Parte Motion to Shorten Time *to Serve Notice of Motion to Compel Turnover of Property of the Estate* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 253 | Motion for 2004 Examination *[Wells Fargo Bank - PeopleBridge Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 254 | Motion for 2004 Examination *[Chase Bank - PeopleBridge Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 255 | Motion to Compel *Turnover of Property of the Estate* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 257 | Declaration of Jean Barnier in Support of *Trustee's Motion to Compel Turnover of Property of the Estate* (RE: related document(s)255 Motion to Compel). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 258 | Motion for 2004 Examination *[City Storage - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | | Hearing Set On (RE: related document(s)255 Motion to Compel *Turnover of Property of the Estate*). **Hearing scheduled for 3/15/2013 at 01:30 PM at San Francisco Courtroom 22 - Montali.** (lp) (Entered: 03/14/2013) |
| 03/14/2013 | 259 | Notice of Hearing *on Motion to Compel Turnover of Documents (w/proof of service)* (RE: related document(s)255 Motion to Compel *Turnover of Property of the Estate* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 3/15/2013 at 01:30 PM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 03/14/2013) |
| 03/14/2013 | 260 | Order Granting Motion for 2004 Examination (Wells Fargo Bank, N.A.- Documents) (Related Doc # 253) (ac) (Entered: 03/15/2013) |
| 03/14/2013 | 261 | Order Granting Motion for 2004 Examination (Chase Bank, N.A.- Documents.) (Related Doc # 254) (ac) (Entered: 03/15/2013) |
| 03/15/2013 | | Hearing Held. Motion granted as stated on the record. Ms. Barnier to upload an order after Ms. Gropper Nelson has signed off. (related document(s): [255] Motion to Compel filed by Janina M. Hoskins) (lp) (Entered: 03/15/2013) |
| 03/15/2013 | 262 | Order To Unseal Documents. Docket numbers 247, 248, 249 and 250 are to be unsealed. (ac) Modified on 3/20/2013 (ac). (Entered: 03/15/2013) |
| 03/15/2013 | 263 | PDF with attached Audio File. Court Date & Time [ 3/15/2013 1:28:49 PM ]. File Size [ 3716 KB ]. Run Time [ 00:15:29 ]. ( ). (admin). (Entered: 03/15/2013) |
| 03/15/2013 | 265 | Order Granting Motion for 2004 Examination (City Storage- Document) (Related Doc # 258) (ac) (Entered: 03/19/2013) |
| 03/15/2013 | 266 | Order RE: Trustee's Motion To Compel Turnover of Property of the Estate. (Related Doc # 255) (ac) (Entered: 03/19/2013) |
| 03/17/2013 | 264 | BNC Certificate of Mailing (RE: related document(s) 262 Order). Notice Date 03/17/2013. (Admin.) (Entered: 03/17/2013) |
| 03/21/2013 | 267 | BNC Certificate of Mailing (RE: related document(s) 265 Order on Motion for Examination). Notice Date 03/21/2013. |

(Admin.) (Entered: 03/21/2013)

| | | |
|---|---|---|
| 03/21/2013 | 268 | BNC Certificate of Mailing (RE: related document(s) 266 Order on Motion to Compel). Notice Date 03/21/2013. (Admin.) (Entered: 03/21/2013) |
| 03/27/2013 | 269 | Motion for 2004 Examination *[Supreme Florida Title - Documents]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit) (Barnier, Jean) (Entered: 03/27/2013) |
| 03/29/2013 | 270 | Motion for 2004 Examination *[Documents - Reliant CAP VI, LLC]* Filed by Trustee Janina M. Hoskins (Babcock, Gregory) (Entered: 03/29/2013) |
| 03/29/2013 | 271 | Motion for 2004 Examination *[Documents-CAP VI Qualified Investors Fund, LLC]* Filed by Trustee Janina M. Hoskins (Babcock, Gregory) (Entered: 03/29/2013) |
| 03/29/2013 | 272 | Motion for 2004 Examination *[Documents-Fidelity CAP V, LLC]* Filed by Trustee Janina M. Hoskins (Babcock, Gregory) (Entered: 03/29/2013) |
| 03/29/2013 | 273 | Motion for 2004 Examination *[Documents-Fidelity CAP IV, LLC]* Filed by Trustee Janina M. Hoskins (Babcock, Gregory) (Entered: 03/29/2013) |
| 03/30/2013 | 274 | Order Granting Motion for 2004 Examination (Supreme Florida Title - Documents) (Related Doc # 269) (rw) (Entered: 04/01/2013) |
| 04/01/2013 | 275 | Order Granting Motion for 2004 Examination (Reliant CAP VI, LLC) (Related Doc # 270) (rw) (Entered: 04/02/2013) |
| 04/01/2013 | 276 | Order Granting Motion for 2004 Examination (CAP VI Qualified Investors Fund, LLC) (Related Doc # 271) (rw) (Entered: 04/02/2013) |
| 04/01/2013 | 277 | Order Granting Motion for 2004 Examination (Fidelity CAP V, LLC) (Related Doc # 272) (rw) (Entered: 04/02/2013) |
| 04/01/2013 | 278 | Order Granting Motion for 2004 Examination (Fidelity CAP IV, LLC) (Related Doc # 273) (rw) (Entered: 04/02/2013) |
| 04/11/2013 | 279 | Withdrawal of Documents *The Reliant Group's Withdrawal of Motion for Relief From the Automatic Stay* (RE: related document(s)232 Motion for Relief From Stay). Filed by Creditors Fidelity Cap IV, LLC, Fidelity Cap V, LLC, Reliant Group, Inc. (Miller, Dennis) (Entered: 04/11/2013) |
| 04/11/2013 | 280 | Motion for 2004 Examination *[Stephen Cohen - Documents]* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit) (Babcock, Gregory) (Entered: 04/11/2013) |
| 04/12/2013 | 281 | Motion For Sanctions for Debtors Attorney Misconduct. *Trustee's Motion for Sanctions Against Debtors' Attorney due to Spoilation of Evidence* Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit 1 -- 5/9/12 Order Compelling Debtors to Turnover Documents# (2) Exhibit 2 -- Order for Examination Pursuant to Rule 2004# (3) Exhibit 3 -- Excerpts of Transcript of 8/22/12 Hearing) (Barnier, Jean) (Entered: 04/12/2013) |
| 04/12/2013 | 282 | Notice of Hearing  (RE: related document(s)281 Motion For Sanctions for Debtors Attorney Misconduct. *Trustee's Motion for Sanctions Against Debtors' Attorney due to Spoilation of Evidence* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 5/10/2013 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/12/2013) |
| 04/12/2013 | 283 | Declaration of Jean Barnier in Support of *Trustee's Motion for Sanctions Against Debtors' Attorney Due to* |

|            |     | *Spoilation of Evidence* (RE: related document(s)281 Motion for Sanctions). Filed by Trustee Janina M. Hoskins (Attachments: # (1) Exhibit 1 -- 9/6/2012 email to Debtors' counsel) (Barnier, Jean) (Entered: 04/12/2013) |
|------------|-----|---|
| 04/15/2013 | 284 | Order For Examination Pursuant To Bankruptcy Rule 2004 [Stephen Cohen - Documents] (Related Doc # 280) (akb) (Entered: 04/15/2013) |
| 04/16/2013 | 285 | Certificate of Service *Re: Motion for Sanctions Against Debtors' Attorney Due to Spoliation of Evidence (w/proof of service)* (RE: related document(s)281 Motion for Sanctions, 282 Notice of Hearing, 283 Declaration). Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 04/16/2013) |
| 04/18/2013 | 286 | Report: *re Sale of Vilcabamba* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 04/18/2013) |
| 04/23/2013 | 287 | Corrected Report: *re Sale of Vilcabamba* Filed by Trustee Janina M. Hoskins (Hoskins, Janina). NOTE: The word 'Corrected' inadvertently omitted from PDF. Modified on 4/30/2013 (akb). (Entered: 04/23/2013) |
| 04/26/2013 |     | Adversary Case Closed 3:12-ap-3166. (ac) (Entered: 04/26/2013) |
| 04/26/2013 | 288 | Brief/Memorandum in Opposition to *Motion for Sanctions against attorney* (RE: related document(s)281 Motion for Sanctions). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 04/26/2013) |
| 04/26/2013 | 289 | Declaration of Sheila Gropper Nelson in in Support of Opposition to Motion for Sanctions of  (RE: related document(s)288 Opposition Brief/Memorandum). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 04/26/2013) |
| 04/26/2013 | 290 | Exhibit *A to C* (RE: related document(s)289 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 04/26/2013) |
| 04/30/2013 |     | Request to Remove Primary and All Secondary E-Mail Addresses from Case *[Gregory J. Babcock; gbabcock@macbarlaw.com]*. Filed by Trustee Janina M. Hoskins (Babcock, Gregory) (Entered: 04/30/2013) |
| 05/02/2013 | 291 | Certificate of Service  (RE: related document(s)288 Opposition Brief/Memorandum, 289 Declaration, 290 Exhibit). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 05/02/2013) |
| 05/03/2013 | 292 | NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST. Notice is hereby given that a Judgment Denying Discharge of Debtors was entered on May 2, 2013, in Adversary Proceeding No. 12-03148 DM. It is ordered that the discharge of Carl Alexander Wescott and the discharge of Monette Rosmarie Stephens are denied pursuant to the provisions of 11 U.S.C, 727(a). (akb) (Entered: 05/03/2013) |
| 05/03/2013 | 293 | Reply to *Opposition to Trustee's Motion for Sanctions Against Debtors' Attorney Due to Spoliation of Evidence* (RE: related document(s)281 Motion for Sanctions, 283 Declaration, 288 Opposition Brief/Memorandum, 289 Declaration). Filed by Trustee Janina M. Hoskins (Attachments: # 1 Declaration of Jean Barnier In Support of Reply) (Barnier, Jean) (Entered: 05/03/2013) |
| 05/03/2013 | 294 | Notice of Appearance and Request for Notice  by Jean Barnier. Attorney Gregory James Babcock and Monique Jewett-Brewster terminated. Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 05/03/2013) |
| 05/05/2013 | 295 | BNC Certificate of Mailing - Notice to Creditors and Other Interested Parties (RE: related document(s) 292 Notice). |

|            |     | Notice Date 05/05/2013. (Admin.) (Entered: 05/05/2013) |
|------------|-----|--------|
| 05/10/2013 |     | Hearing Held. Matter is taken under advisement. (related document(s): [281] Motion for Sanctions filed by Janina M. Hoskins) (lp ) (Entered: 05/10/2013) |
| 05/10/2013 | 296 | PDF with attached Audio File. Court Date & Time [ 5/10/2013 12:27:15 PM ]. File Size [ 8024 KB ]. Run Time [ 00:33:26 ]. ( ). (admin). (Entered: 05/10/2013) |
| 05/17/2013 | 297 | Motion for 2004 Examination *[Kipling Capital, Inc.-Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 05/17/2013) |
| 05/17/2013 | 298 | Order Granting Motion for 2004 Examination (Kipling Capital, Inc.)(Related Doc # 297) (ac) (Entered: 05/20/2013) |
| 05/22/2013 |     | Adversary Case Closed 3:12-ap-3057. (ac) (Entered: 05/22/2013) |
| 05/22/2013 |     | Adversary Case Closed 3:12-ap-3058. (ac) (Entered: 05/22/2013) |
| 05/22/2013 | 299 | Order Imposing Sanctions (Related Doc # 281) In the sum of 2500.00 paid to trustee Janina M. Hoskins. Sanctions due by 6/5/2013. (ac) (Entered: 05/23/2013) |
| 05/22/2013 | 300 | Memorandum Decision On Motion For Sanctions. (ac) (Entered: 05/23/2013) |
| 06/04/2013 | 301 | Motion to Reconsider  (RE: related document(s)299 Order on Motion for Sanctions, 300 Memorandum Decision). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) NOTE: Per attorney Sheila Nelson, this document is a Motion To Alter And Amend Sanctions Order, pursuant to FRCP Rule 59(e). Modified on 6/5/2013 (ac). (Entered: 06/04/2013) |
| 06/04/2013 | 302 | Notice of Hearing  (RE: related document(s)301 Motion to Reconsider  (RE: related document(s)299 Order on Motion for Sanctions, 300 Memorandum Decision). Filed by Joint Debtor Monette Rosemarie Stephens). **Hearing scheduled for 7/12/2013 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 06/04/2013) |
| 06/04/2013 | 303 | Declaration of Sheila Gropper Nelson in in Support of Motion to Reconsider et al of  (RE: related document(s)301 Motion to Reconsider). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 06/04/2013) |
| 06/05/2013 | 304 | Exhibit *C* (RE: related document(s)303 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 06/05/2013) |
| 06/05/2013 | 305 | Exhibit *B (List)* (RE: related document(s)303 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 06/05/2013) |
| 06/07/2013 | 306 | Application to Compromise Controversy with Stephen Cohen ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit Settlement Agreement and General Release; incl Declaration of Stephen Cohen) (Barnier, Jean) (Entered: 06/07/2013) |
| 06/07/2013 | 307 | Notice of Hearing *on Trustee's Motion for Authority to Compromise Controversy (w/proof of service)* (RE: related document(s)306 Application to Compromise Controversy with Stephen Cohen ; *Declaration of Trustee in Support Thereof* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit Settlement Agreement and General Release; incl Declaration of Stephen Cohen)). **Hearing** |

|            |     | scheduled for 6/28/2013 at 10:00 AM at San Francisco Courtroom 22 - Montali. Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/07/2013) |
|------------|-----|------|
| 06/17/2013 | 308 | Motion for 2004 Examination *[HPA Mortgage, LLC - Documents]* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/17/2013) |
| 06/18/2013 | 309 | Order Granting Motion for 2004 Examination (Related Doc # 308) (rw) (Entered: 06/19/2013) |
| 06/24/2013 | 310 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 4480 *(Consultation on Adversary Proceeding)* Filed by Joint Debtor Monette Rosemarie Stephens (Katzen, David) (Entered: 06/24/2013) |
| 06/25/2013 |     | **DOCKET TEXT ORDER** (no separate order issued:) The notice dated June 7 [Docket No. 306] of the motion to compromise a controversy between the trustee and Stephen Cohen regarding a Piper Aerostar sets the motion for hearing on June 28. It also states that objections are due 21 days from the date of the notice. Thus, objections are due on the hearing date (June 28) and could potentially be filed after the hearing. The court is therefore taking the compromise motion OFF the June 28 calendar. Further, the motion includes no analysis of the propriety of the proposed compromise based on the A & C factors. See In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986)and Judge Montalis Practices and Procedures on the courts website. If no objections are filed on or before June 28, the trustee can upload an amended motion containing a proper compromise analysis and an order granting the motion. The court will then consider the matter submitted. If an objection is filed, the trustee shall re-set the motion for hearing with at least 7 days notice to the objecting party. (RE: related document(s)306 Application to Compromise Controversy filed by Trustee Janina M. Hoskins). (Montali, Dennis) (Entered: 06/25/2013) |
| 06/26/2013 |     | Hearing on June 28, 2013, at 10:00 a.m. is dropped per the June 25th Docket Text Order. (related document(s): [306] Application to Compromise Controversy filed by Janina M. Hoskins) (lp ) (Entered: 06/26/2013) |
| 06/28/2013 | 311 | Brief/Memorandum in Opposition to *Motion for Reconsideration of Sanctions Order* (RE: related document(s)301 Motion to Reconsider). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/28/2013) |
| 06/28/2013 | 312 | Declaration of Jean Barnier in Support of *Trustee's Opposition to Motion for Reconsideration of Sanctions Order* (RE: related document(s)311 Opposition Brief/Memorandum). Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit 1; # 2 Exhibit 2; # 3 Exhibit 3; # 4 Exhibit 4; # 5 Exhibit 5) (Barnier, Jean) (Entered: 06/28/2013) |
| 07/01/2013 | 313 | Motion for Entry of Default *Order Authorizing Compromise of Controversy; Declaration of Jean Barnier* (RE: related document(s)306 Application to Compromise Controversy filed by Trustee Janina M. Hoskins, 307 Notice of Hearing filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/01/2013) |
| 07/02/2013 | 314 | Order Authorizing Compromise of Controversy with Stephen Cohen (Related Doc 313) (dc) Modified on 7/11/2013 (dc). (Entered: 07/03/2013) |
| 07/05/2013 | 315 | Declaration of Sheila Gropper Nelson in Support of Motion to Reconsider and in reply to opposition to the motion of *to Reconsider* (RE: related document(s)311 Opposition Brief/Memorandum, 312 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 07/05/2013) |

| | | |
|---|---|---|
| 07/05/2013 | 316 | BNC Certificate of Mailing (RE: related document(s) 314 Order on Motion for Entry of Default). Notice Date 07/05/2013. (Admin.) (Entered: 07/05/2013) |
| 07/11/2013 | 317 | Certificate of Service  (RE: related document(s)315 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 07/11/2013) |
| 07/12/2013 | | Hearing Held-Matter taken under advisement. (related document(s): [301] Motion to Reconsider filed by Monette Rosemarie Stephens) (gh ) (Entered: 07/15/2013) |
| 07/18/2013 | 318 | Objection to Claim *No. 17 and Notice of Opportunity to be Heard Thereon (w/proof of service)* Filed by Trustee Janina M. Barnier. (Barnier, Jean) (Entered: 07/18/2013) |
| 07/18/2013 | 319 | Notice and Opportunity for Hearing *of Objection to Claim No. 17 (w/proof of service)* (RE: related document(s)318 Objection to Claim *No. 17 and Notice of Opportunity to be Heard Thereon (w/proof of service)* Filed by Trustee Janina M. Hoskins.). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/18/2013) |
| 07/18/2013 | 320 | Objection to Claim *No. 19 and Notice of Opportunity to be Heard Thereon (w/proof of service)* Filed by Trustee Janina M. Hoskins. (Barnier, Jean) (Entered: 07/18/2013) |
| 07/18/2013 | 321 | Notice and Opportunity for Hearing *of Objection to Claim No. 19 (w/proof of service)* (RE: related document(s)320 Objection to Claim *No. 19 and Notice of Opportunity to be Heard Thereon (w/proof of service)* Filed by Trustee Janina M. Hoskins.). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/18/2013) |
| 08/04/2013 | 322 | Amended Memorandum Decision On Motion for Sanctions. (RE: related document(s)301 Motion to Reconsider filed by Joint Debtor Monette Rosemarie Stephens). (ac) (Entered: 08/05/2013) |
| 08/09/2013 | 323 | Request for Entry of Default Re: *Order Sustaining Trustee's Objection to Claim No. 17* (RE: related document(s)318 Objection to Claim, 319 Opportunity for Hearing). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/09/2013) |
| 08/09/2013 | 324 | Request for Entry of Default Re: *Order Sustaining Trustee's Objection to Claim No. 19* (RE: related document(s)320 Objection to Claim, 321 Opportunity for Hearing). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/09/2013) |
| 08/12/2013 | 325 | Order Sustaining Trustee's Objection To Claim No. 19. Claimant: Peng Leong (RE: related document(s)320 Objection to Claim filed by Trustee Janina M. Hoskins). (rw) (Entered: 08/13/2013) |
| 08/12/2013 | 326 | Order Sustaining Trustee's Objection To Claim No. 17. (RE: related document(s)318 Objection to Claim filed by Trustee Janina M. Hoskins). (ac) (Entered: 08/13/2013) |
| 08/15/2013 | 327 | BNC Certificate of Mailing (RE: related document(s) 325 Order on Objection). Notice Date 08/15/2013. (Admin.) (Entered: 08/15/2013) |
| 08/15/2013 | 328 | BNC Certificate of Mailing (RE: related document(s) 326 Order on Objection). Notice Date 08/15/2013. (Admin.) (Entered: 08/15/2013) |
| 09/24/2013 | 329 | NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST:Notice is hereby given that an Order Granting Stephens' Motion to Vacate Entry of Order Denying Stephens' Discharge Pursuant to FRCP 59 et seq was entered on July 18, 2013 in Adversary No. 12-3148 DM. Accordingly, it is ordered that the Judgment Denying Discharge of Debtors entered on May 2, |

2013 is vacated as to Monette Rosemarie Stephens only. (dc) (Entered: 09/24/2013)

| 09/26/2013 | 330 | BNC Certificate of Mailing - Notice to Creditors and Other Interested Parties (RE: related document(s) 329 Notice). Notice Date 09/26/2013. (Admin.) (Entered: 09/26/2013) |

| 09/30/2013 | | **DOCKET TEXT ORDER** (no separate order issued:) Defendant may call as percipient witnesses Laura Ralph, Kristine Schwartz, Mark Cromack or Vanessa Watt provided she lays a foundation to establish their personal knowledge, subject to any otherwise applicable objections. Those witnesses may provide lay opinion testimony under FRE 701, however, only if Defendant establishes that the facts are difficult of explanation, or complex (such as in the City of Vallejo case, 408 B.R. 280), or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, and the impressions and opinions based on what the witnesses observed would be helpful to the court as trier of fact (See U.S. v. Skeet, 665 F 2d 983, 985 (9th Cir 1982) cited in the Vallejo decision. Other witnesses will be excluded or permitted to testify base on the colloquy on the record earlier today. (Montali, Dennis) (Entered: 09/30/2013) |

| 10/22/2013 | 331 | Motion to Compel *Debtors to Prepare and File Tax Returns* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 10/22/2013) |

| 10/22/2013 | 332 | Notice of Hearing *on Trustee's Motion to Compel Debtors to Prepare and File Tax Returns (w/proof of service)* (RE: related document(s)331 Motion to Compel *Debtors to Prepare and File Tax Returns* Filed by Trustee Janina M. Hoskins). **Hearing scheduled for 11/22/2013 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 10/22/2013) |

| 10/30/2013 | 333 | Notice of Change of Address *RE: Proof of Claim No. 13* Filed by Creditor JPMorgan Chase Bank, N.A.. (Smith, Crystal) (Entered: 10/30/2013) |

| 11/01/2013 | 334 | Interim Application for Compensation *(Expenses Only)* for Jean Barnier, Trustee's Attorney, Fee: $0.00, Expenses: $25,033.02. Filed by Attorney Jean Barnier (Attachments: # 1 Time Record # 2 Time Record # 3 Time Record # 4 Time Record) (Barnier, Jean) (Entered: 11/01/2013) |

| 11/01/2013 | 335 | Notice of Hearing *on Interim Application for Reimbursement of Expenses (w/cert of service)* (RE: related document(s)334 Interim Application for Compensation *(Expenses Only)* for Jean Barnier, Trustee's Attorney, Fee: $0.00, Expenses: $25,033.02. Filed by Attorney Jean Barnier (Attachments: # 1 Time Record # 2 Time Record # 3 Time Record # 4 Time Record)). **Hearing scheduled for 12/6/2013 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 11/01/2013) |

| 11/18/2013 | 336 | Document: . Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 11/18/2013) |

| 11/18/2013 | 337 | Document: *Non Availability.*. Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 11/18/2013) |

| 11/18/2013 | 338 | Withdrawal of Documents *Number 337 (duplicate of 336)* (RE: related document(s)337 Document). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 11/18/2013) |

| 11/21/2013 | 339 | Brief/Memorandum in Opposition to *(Limited Opposition)* (RE: related document(s)331 Motion to |

|  |  | Compel). Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 11/21/2013) |
|---|---|---|
| 11/22/2013 |  | Hearing Held. Motion is taken off calendar. (related document(s): [331] Motion to Compel filed by Janina M. Hoskins) (lp ) (Entered: 11/22/2013) |
| 11/22/2013 | 340 | Withdrawal of Documents  (RE: related document(s)331 Motion to Compel). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 11/22/2013) |
| 11/22/2013 | 341 | PDF with attached Audio File. Court Date & Time [ 11/22/2013 10:19:01 AM ]. File Size [ 3008 KB ]. Run Time [ 00:12:32 ]. ( ). (admin). (Entered: 11/22/2013) |
| 12/06/2013 |  | Hearing Dropped. No appearance required. The motion is granted; order to follow. (related document(s): [334] Application for Compensation filed by Jean Barnier, Janina M. Hoskins) (lp ) (Entered: 12/06/2013) |
| 12/09/2013 | 342 | Order Granting Application For Compensation (Related Doc 334). fees awarded: $0.00, expenses awarded: $25,033.02 for Jean Barnier (bg) (Entered: 12/10/2013) |
| 12/20/2013 | 343 | Motion for 2004 Examination *[Zoomsystems - Documents Only]* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Order To Be Issued) (Barnier, Jean) (Entered: 12/20/2013) |
| 01/09/2014 | 344 | Withdrawal of Documents *[Motion for Order for Examination Pursuant to Bankruptcy Rule 2004 [Zoomsystems]* (RE: related document(s)343 Motion for Examination). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/09/2014) |
| 02/13/2014 | 345 | Notice of Change of Address *of Sheila Gropper nelson and Law Office of Sheila Gropper Nelson for Monette Stephens only* Filed by Joint Debtor Monette Rosemarie Stephens (Nelson, Sheila) (Entered: 02/13/2014) |
| 02/18/2014 | 346 | Application to Employ Bruce Jacobs, Esq. as Special Counsel Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit 1 -- Retention agreement) (MacConaghy, John) (Entered: 02/18/2014) |
| 02/25/2014 | 347 | Order authorizing employment of Special Counsel pursuant to bankruptcy code Section 328. Bruce Jacobs, Esq. (Related Doc # 346) (ac) (Entered: 02/26/2014) |
| 04/04/2014 | 348 | Application to Compromise Controversy with The Reliant Group, Inc.  *and Declaration of Trustee* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit) (Barnier, Jean) (Entered: 04/04/2014) |
| 04/04/2014 | 349 | Notice and Opportunity for Hearing *on Trustee's Motion for Order Authorizing Compromise (w/cert of service)* (RE: related document(s)348 Application to Compromise Controversy with The Reliant Group, Inc.  *and Declaration of Trustee* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit)). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/04/2014) |
| 04/30/2014 | 350 | Motion for Entry of Default *Order Authorizing Compromise of Controversy [The Reliant Group, Inc.]; Declaration of Jean Barnier* (RE: related document(s)348 Application to Compromise Controversy filed by Trustee Janina M. Hoskins, 349 Opportunity for Hearing filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/30/2014) |
| 04/30/2014 | 351 | Order Authorizing Compromise of Controversy (Related Doc # 348)(Related Doc # 350) (bg) (Entered: 05/01/2014) |

| 05/03/2014 | 352 | BNC Certificate of Mailing (RE: related document(s) 351 Order on Application to Compromise Controversy). Notice Date 05/03/2014. (Admin.) (Entered: 05/03/2014) |
|---|---|---|
| 07/24/2014 | 353 | Motion for Sale of Property *Pursuant to Prior Court Order and to Pay Compensation to Property Consultants and Special Counsel* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit # 2 Exhibit) (MacConaghy, John) (Entered: 07/24/2014) |
| 07/24/2014 | 354 | Declaration of Janina M. Hoskins in Support of *Motion for Authority to (1) Sell Property Pursuant to Prior Court Order and (2) Pay Compensation to Real Estate Consultants and Special Counsel* (RE: related document(s)353 Motion for Sale of Property). Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 07/24/2014) |
| 07/24/2014 | 355 | Notice of Hearing *on Trustee's Motion for Authority to (1) Sell Real Property Pursuant to Prior Order and (2) Pay Compensation to Property Consultants and Special Counsel (w/cert of service)* (RE: related document(s)353 Motion for Sale of Property *Pursuant to Prior Court Order and to Pay Compensation to Property Consultants and Special Counsel* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit # 2 Exhibit)). **Hearing scheduled for 8/22/2014 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 07/24/2014) |
| 07/28/2014 | | **\*\*ERROR\*\*** Incorrect time stated in the body of notice of hearing. (RE: related document(s)355 Notice of Hearing). (gh) (Entered: 07/28/2014) |
| 08/11/2014 | 356 | Motion for Relief from Stay  RS #CJO-334, Fee Amount $176, Filed by Creditor U.S. Bank Trust, N.A. (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Certificate of Service # 5 Exhibit) (O, Christina) (Entered: 08/11/2014) |
| 08/11/2014 | 357 | Notice of Hearing  (RE: related document(s)356 Motion for Relief from Stay  RS #CJO-334, Fee Amount $176, Filed by Creditor U.S. Bank Trust, N.A. (Attachments: # 1 RS Cover Sheet # 2 Memorandum of Points and Authorities # 3 Declaration # 4 Certificate of Service # 5 Exhibit)). **Hearing scheduled for 9/4/2014 at 09:30 AM at San Francisco Courtroom 22 - Montali.** Filed by Creditor U.S. Bank Trust, N.A. (O, Christina) (Entered: 08/11/2014) |
| 08/11/2014 | | Receipt of filing fee for Motion for Relief From Stay(12-30143) [motion,mrlfsty] ( 176.00). Receipt number 23103407, amount $ 176.00 (re: Doc# 356 Motion for Relief from Stay  RS #CJO-334, Fee Amount $176,) (U.S. Treasury) (Entered: 08/11/2014) |
| 08/11/2014 | 358 | Report: *re Business Operations* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 08/11/2014) |
| 08/22/2014 | | Hearing Held. Motion granted. Ms. Barnier to upload an order that approves the sale and authorizes the real estate commission; all attorney fees that are unpaid will be addressed by separate order. Trustee to file a declaration approving fees and upload an order. (related document(s): [353] Motion for Sale of Property filed by Janina M. Hoskins) (lp ) (Entered: 08/22/2014) |
| 08/22/2014 | 359 | PDF with attached Audio File. Court Date & Time [ 8/22/2014 10:02:28 AM ]. File Size [ 2136 KB ]. Run Time [ 00:08:54 ]. (admin). (Entered: 08/22/2014) |
| 08/27/2014 | 360 | Declaration of Janina M. Hoskins in Support of *Compensation for Honduran Special Counsel* (RE: related document(s)353 Motion for Sale of Property). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 08/27/2014) |

| 08/27/2014 | 361 | Order Granting Motion for Sale of Property (Related Doc # 353) (ac) (Entered: 08/29/2014) |
| 08/28/2014 | 362 | Order authorizing compensation for Honduran special counsel. (RE: related document(s)360 Declaration filed by Trustee Janina M. Hoskins). (ac) (Entered: 08/29/2014) |
| 09/04/2014 | | Hearing Held. Motion granted; counsel for moving party to upload an order. (related document(s): [356] Motion for Relief From Stay filed by U.S. Bank Trust, N.A.) (lp ) (Entered: 09/04/2014) |
| 09/09/2014 | 363 | Certificate of Service *regarding proposed Order* (RE: related document(s)356 Motion for Relief From Stay). Filed by Creditor U.S. Bank Trust, N.A. (O, Christina) (Entered: 09/09/2014) |
| 09/09/2014 | 364 | Order Granting Motion for Relief From Stay (Related Doc # 356) (bg) (Entered: 09/10/2014) |
| 09/10/2014 | | Receipt of Exemplification Fee. Amount 21.00 from Macconaghy & Barnier Plc. Receipt Number 30061131. (admin) (Entered: 09/10/2014) |
| 09/11/2014 | 365 | Exemplification Certificate Issued (RE: related document(s)361 Order on Motion for Sale of Property). (dc) (Entered: 09/11/2014) |
| 09/12/2014 | 366 | Application to Compromise Controversy with Allison Cull and Catlin Ins. Co. *and to pay compensation to Special Counsel* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit 1- 3) (MacConaghy, John) (Entered: 09/12/2014) |
| 09/12/2014 | 367 | Notice of Hearing *on Trustee's Motion for Authority to Compromise Controversy with Allison Cull and Caitlin Insurance Company and to Pay Compensation to Special Counsel (w/cert of service)* (RE: related document(s)366 Application to Compromise Controversy with Allison Cull and Catlin Ins. Co. *and to pay compensation to Special Counsel* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit 1- 3)). **Hearing scheduled for 10/3/2014 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 09/12/2014) |
| 09/12/2014 | 368 | BNC Certificate of Mailing (RE: related document(s) 364 Order on Motion for Relief From Stay). Notice Date 09/12/2014. (Admin.) (Entered: 09/12/2014) |
| 10/01/2014 | | **DOCKET TEXT ORDER** (no separate order issued:) Granted The court has reviewed the motion of the trustee to compromise with the insurer for Alison Cull and Caitlin Insurance Company and to pay special counsel. The motion is well-taken, the A&C factors have been considered, the settlements are in the range of reasonableness and no party has filed a timely objection. Accordingly, the motion is GRANTED in all respects and the matter is dropped from the October 3, 2014, calendar. Counsel for the trustee should upload an order re the two compromises and a separate order allowing the fees and costs of special counsel. (RE: related document(s)366 Application to Compromise Controversy filed by Trustee Janina M. Hoskins). (Montali, Dennis) (Entered: 10/01/2014) |
| 10/01/2014 | | Hearing Dropped. The hearing on 10/3/14 at 10:00 a.m. is taken off calendar per the 10/1/14 Docket Text Order. (related document(s): [366] Application to Compromise Controversy filed by Janina M. Hoskins) (lp ) (Entered: 10/01/2014) |
| 10/02/2014 | 369 | Order Discharging Debtor (RE: related document(s) Meeting (Chapter 7)). For Monette Rosemarie Stephens only. (ac) (Entered: 10/02/2014) |

| | | |
|---|---|---|
| 10/02/2014 | 370 | Order Granting Application to Compromise Controversy with Allison Cull and Catlin Ins. Co. (Related Doc # 366) (bg) (Entered: 10/03/2014) |
| 10/02/2014 | 371 | Order Authorizing Payment of Compensation to Special Counsel (RE: related document(s)366 Application to Compromise Controversy filed by Trustee Janina M. Hoskins). (bg) (Entered: 10/03/2014) |
| 10/04/2014 | 372 | BNC Certificate of Mailing - Order of Discharge. (RE: related document(s) 369 Order Discharging Debtor). Notice Date 10/04/2014. (Admin.) (Entered: 10/04/2014) |
| 10/27/2014 | 373 | Substitution of Attorney . Attorney Sheila Gropper Nelson terminated. Gary M. Kaplan added to the case. Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 10/27/2014) |
| 10/27/2014 | 374 | Notice of Appearance and Request for Notice  by Gary M. Kaplan. Filed by Joint Debtor Monette Rosemarie Stephens (Attachments: # 1 Certificate of Service) (Kaplan, Gary) (Entered: 10/27/2014) |
| 10/27/2014 | 375 | Statement of Pursuant to Rule 2016(b)  Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 10/27/2014) |
| 10/31/2014 | 376 | Brief/Memorandum in Opposition to *Trustee's Motion for New Trial; Request for Award of Sanctions Against Trustee and Counsel* Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) Modified on 11/3/2014 ERROR: Pleadings should be docketed in Adversary Case 12-3148 (gh). (Entered: 10/31/2014) |
| 10/31/2014 | 377 | Declaration of Monette Rosemarie Stephens in Support of *Defendant Monette Rosemarie Stephens' Opposition to Trustee's Motion for New Trial and Request for Award of Sanctions Against Trustee and Counsel* (RE: related document(s)376 Opposition Brief/Memorandum). Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) Modified on 11/3/2014 ERROR: Pleading should be docketed in Adversary Case 12-3148 (gh). (Entered: 10/31/2014) |
| 10/31/2014 | 378 | Objection *Defendant Monette Rosemarie Stephens' Objections to Declaration of Jean Barnier In Support of Trustee's Motion for New Trial* Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) Modified on 11/3/2014 ERROR: Pleading should be docketed in Adversary Case 12-3148 (gh). (Entered: 10/31/2014) |
| 11/03/2014 | | **ERROR** Pleadings should be docketed in Adversary Case 12-3148 (RE: related document(s)376 Opposition Brief/Memorandum, 377 Declaration, 378 Objection). (gh) Modified on 11/3/2014 (gh). (Entered: 11/03/2014) |
| 12/22/2014 | 379 | Motion for 2004 Examination *[Monette Rosemarie Stephens - Documents] (w/cert of service)* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit A # 2 Order to be Issued) (Barnier, Jean) (Entered: 12/22/2014) |
| 12/24/2014 | 380 | Brief/Memorandum in Opposition to *[Debtor Monette Stephens Limited Opposition to Trustees Motion for Examination Pursuant to Bankruptcy Rule 2004]* (RE: related document(s)379 Motion for Examination). Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 12/24/2014) |
| 12/24/2014 | 381 | Declaration of Gary M. Kaplan in Support of *[Debtor Monette Stephens Limited Opposition to Trustees Motion for Examination Pursuant to Bankruptcy Rule 2004]* (RE: related document(s)380 Opposition Brief/Memorandum). Filed by Joint Debtor Monette Rosemarie Stephens (Attachments: # 1 Exhibit 1) (Kaplan, Gary) (Entered: 12/24/2014) |

| | | |
|---|---|---|
| 12/29/2014 | 382 | Order Granting Motion for 2004 Examination [Monette Rosemarie Stephens-Documents] (Related Doc # 379) (ac) (Entered: 12/30/2014) |
| 01/01/2015 | 383 | BNC Certificate of Mailing (RE: related document(s) 382 Order on Motion for Examination). Notice Date 01/01/2015. (Admin.) (Entered: 01/01/2015) |
| 01/09/2015 | 384 | Motion for 2004 Examination [Monette Stephens] (w/proof of service) Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/09/2015) |
| 01/13/2015 | | Adversary Case Closed 3:12-ap-3148. (ac) (Entered: 01/13/2015) |
| 01/13/2015 | 385 | Order Granting Motion for 2004 Examination (Related Doc # 384) (bg) (Entered: 01/14/2015) |
| 01/16/2015 | | Receipt of Abandonment Filing Fee. Amount 176.00 from Carl Alexander Wescott. Receipt Number 30061524. (admin) (Entered: 01/16/2015) |
| 01/16/2015 | 386 | Motion to Compel Abandonment. Fee Amount $176. Filed by Debtor Carl Alexander Wescott (gh) (Entered: 01/20/2015) |
| 01/20/2015 | 387 | Amended Motion to Compel Abandonment (RE: related document(s)386 Motion to Compel filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh) (Entered: 01/21/2015) |
| 01/21/2015 | 388 | Notice of Hearing (RE: related document(s)387 Amended Motion to Compel Abandonment (RE: related document(s)386 Motion to Compel filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh)). **Hearing scheduled for 2/13/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Debtor Carl Alexander Wescott (gh) (Entered: 01/23/2015) |
| 01/23/2015 | 389 | Proof Of Service (RE: related document(s)387 Amended Application/Motion, 388 Notice of Hearing). Filed by Debtor Carl Alexander Wescott (rw) (Entered: 01/26/2015) |
| 01/23/2015 | 390 | Proof of Service (RE: related document(s)387 Amended Application/Motion, 388 Notice of Hearing, 389 Certificate of Service). Filed by Debtor Carl Alexander Wescott (rw) (Entered: 01/26/2015) |
| 01/26/2015 | 391 | Notice of Hearing. (RE: related document(s)387 Amended Motion to Compel Abandonment (RE: related document(s)386 Motion to Compel filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh)). Filed by Debtor Carl Alexander Wescott (gh) (Entered: 01/27/2015) |
| 01/30/2015 | 392 | Notice of Hearing *on Debtor Monette Stephens Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004 [Monette Rosemarie Stephens]* (RE: related document(s)393). **Hearing scheduled for 2/27/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) Clerk corrected linkage from Docket 379 to 393. Modified on 1/30/2015 (rw). (Entered: 01/30/2015) |
| 01/30/2015 | 393 | Motion *to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004 [Monette Rosemarie Stephens]* Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 01/30/2015) |
| 01/30/2015 | | Hearing Set On (RE: related document(s)393 Motion *to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004 [Monette Rosemarie Stephens]*). **Hearing scheduled for 2/27/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (rw) (Entered: 01/30/2015) |

| | | |
|---|---|---|
| 01/30/2015 | 394 | Declaration of Gary Kaplan in support of *Debtor Monette Stephens Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004 [Monette Rosemarie Stephens]* (RE: related document(s)393 Motion Miscellaneous Relief). Filed by Joint Debtor Monette Rosemarie Stephens (Attachments: # 1 Exhibit 1 # 2 Certificate of Service) (Kaplan, Gary) (Entered: 01/30/2015) |
| 01/30/2015 | 395 | Response *Debtor Monette Stephens' Limited Response to Debtor Carl Alexander Wescott's Motion to Compel Abandonment* (RE: related document(s)387 Amended Application/Motion). Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 01/30/2015) |
| 01/30/2015 | 396 | Brief/Memorandum in Opposition to *Debtor's Motion to Compel Abandonment* (RE: related document(s)387 Amended Application/Motion). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/30/2015) |
| 02/02/2015 | 397 | Certificate of Service *[Trustee's Opposition to Debtor's Motion to Abandon Assets]* (RE: related document(s)396 Opposition Brief/Memorandum). Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 02/02/2015) |
| 02/06/2015 | 398 | Reply *Trustee's Reply to "Debtor Monette Stephens' Limited Response to Debtor Carl Alexander Wescott's Motion to Compel Abandonment"* (RE: related document(s)395 Response). Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 02/06/2015) |
| 02/11/2015 | 399 | (Amended) Motion To Compel Abandonment (RE: related document(s)387 Amended Application/Motion filed by Debtor Carl Alexander Wescott . Filed by Debtor Carl Alexander Wescott **Hearing scheduled for 2/13/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (ac) (Entered: 02/11/2015) |
| 02/11/2015 | 400 | Notice of Change of Address Filed by Debtor Carl Alexander Wescott (gh) (Entered: 02/12/2015) |
| 02/13/2015 | 401 | Brief/Memorandum in Opposition to *Debtor Monette Stephens Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004* (RE: related document(s)393 Motion Miscellaneous Relief). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 02/13/2015) |
| 02/13/2015 | 402 | Declaration of Jean Barnier in Support of *Opposition to Debtor Monette Stephens' Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004* (RE: related document(s)393 Motion Miscellaneous Relief). Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit) (Barnier, Jean) (Entered: 02/13/2015) |
| 02/13/2015 | | Hearing held and continued. The court authorizes abandonment to the debtors as to People Bridge, Inc. and Unexpected Development, LLC. The motion as to Gunvor, SA is continued to 3/20/15 at 10:00 a.m. Ms. Barnier shall upload an order. The motion as to Atlas Consulting, LLC shall be continued to 2/27/15 at 10:00 a.m. Ms. Stephens shall file a declaration regarding Atlas by 2/20/15. If the matters is resolved prior to the continued hearing, Mr. Kaplan may uplad an order an the hearing on 2/27/15 shall be dropped from the calendar. (related document(s): [399] Amended Application/Motion filed by Carl Alexander Wescott) **Hearing scheduled for 03/20/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (lp ) (Entered: 02/13/2015) |
| 02/13/2015 | | Hearing Set On Motion to Abandon re Atlas Consulting, LLC. (RE: related document(s)399 Amended Motion). **Hearing scheduled for 2/27/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (lp) (Entered: 02/13/2015) |

| | | |
|---|---|---|
| 02/13/2015 | 403 | PDF with attached Audio File. Court Date & Time [ 2/13/2015 10:14:15 AM ]. File Size [ 4652 KB ]. Run Time [ 00:19:23 ]. (admin). (Entered: 02/13/2015) |
| 02/18/2015 | 404 | Order Authorizing Abandonment of Assets Of The Estate.(RE: related document(s)387 Amended Application/Motion filed by Debtor Carl Alexander Wescott). (ac) (Entered: 02/18/2015) |
| 02/20/2015 | 405 | Reply *of Debtor Monette Stephens to Trustee's Opposition to Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004* (RE: related document(s)401 Opposition Brief/Memorandum. Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 02/20/2015) |
| 02/20/2015 | 406 | Declaration of Monette Rosemarie Stephens in Support of *Reply to Trustee's Opposition to Motion to Set Aside or Modify Order for Examination Pursuant to Bankruptcy Rule 2004* (RE: related document(s)405 Reply). Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 02/20/2015) |
| 02/20/2015 | 407 | Declaration of Monette Rosemarie Stephens in Support of *Bankruptcy Estate's Abandonment of Atlas Consulting, LLC* Filed by Joint Debtor Monette Rosemarie Stephens (Attachments: # 1 Exhibit 1) (Kaplan, Gary) (Entered: 02/20/2015) |
| 02/20/2015 | 408 | BNC Certificate of Mailing (RE: related document(s) 404 Order). Notice Date 02/20/2015. (Admin.) (Entered: 02/20/2015) |
| 02/25/2015 | 409 | Reply *to Debtor Monette Stephens' Motion to Compel Abandonment of Atlas Consulting, LLC* (RE: related document(s) Hearing Set). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 02/25/2015) |
| 02/26/2015 | 410 | Supplemental Declaration of Monette Rosemarie Stephens in Support of *Bankruptcy Estate's Abandonment of Atlas Counsulting, LLC* (RE: related document(s)407 Declaration). Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 02/26/2015) |
| 02/26/2015 | 411 | Supplemental Declaration of Jean Barnier in opposition of *Debtor's Motion to Strike Order for Examination* (RE: related document(s)393 Motion Miscellaneous Relief). Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit) (Barnier, Jean) (Entered: 02/26/2015) |
| 02/27/2015 | | Hearing Held. Motion denied for the reasons stated on the record. The Court orders that Ms. Stephens be available for a deposition sometime in March (date to be determined) at the office of trustee's counsel. The Court will issue a written order. (related document(s): [393] Motion Miscellaneous Relief filed by Monette Rosemarie Stephens) (lp) (Entered: 02/27/2015) |
| 02/27/2015 | | Hearing held and continued. Trustee shall file by 4/3/15 a brief with supporting facts and legal argument re real property located at Carol Ave. Debtor, Monette Stephens, shall reply by 4/8/15. (related document(s): [399] Amended Application/Motion filed by Carl Alexander Wescott) **Hearing scheduled for 04/10/2015 at 09:30 AM at San Francisco Courtroom 22 - Montali.** (lp ) (Entered: 02/27/2015) |
| 02/27/2015 | 412 | Order Denying Motion. (Related Doc # 393) (ac) (Entered: 02/27/2015) |
| 02/27/2015 | 413 | PDF with attached Audio File. Court Date & Time [ 2/27/2015 10:17:22 AM ]. File Size [ 13428 KB ]. Run Time [ 00:55:57 ]. (admin). (Entered: 02/27/2015) |

| | | |
|---|---|---|
| 03/01/2015 | 414 | BNC Certificate of Mailing (RE: related document(s) 412 Order on Motion for Miscellaneous Relief). Notice Date 03/01/2015. (Admin.) (Entered: 03/01/2015) |
| 03/09/2015 | 415 | Motion for 2004 Examination *[Nancy Hoffman Gallery - Documents Only]* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit) (Barnier, Jean) (Entered: 03/09/2015) |
| 03/12/2015 | 416 | Order Granting Motion for 2004 Examination [Nancy Hoffman Gallery-Documents Only] (Related Doc # 415) (ac) (Entered: 03/12/2015) |
| 03/14/2015 | 417 | BNC Certificate of Mailing (RE: related document(s) 416 Order on Motion for Examination). Notice Date 03/14/2015. (Admin.) (Entered: 03/14/2015) |
| 03/19/2015 | | Hearing Dropped. The hearing on 3/20/15 at 10:00 a.m. is taken off calendar. (related document(s): [399] Amended Application/Motion filed by Carl Alexander Wescott) (lp ) (Entered: 03/19/2015) |
| 03/27/2015 | 418 | Amended motion to Compel Abandonment (RE: related document(s)399 Amended Application/Motion filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh) (Entered: 03/30/2015) |
| 03/30/2015 | | Hearing Set On (RE: related document(s)418 Amended motion to Compel Abandonment (RE: related document(s)399 Amended Application/Motion filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh)). **Hearing scheduled for 4/17/2015 at 10:00 AM at San Francisco Courtroom 22 - Montali.** (gh) (Entered: 03/30/2015) |
| 03/30/2015 | 419 | Notice of Hearing for (Amended) Motion to Compel Abandonment. (RE: related document(s)418 (Amended) Motion To Compel Abandonment (RE: related document(s)399 (Amended) Motion To Compel Abandonment (RE: related document(s)387 Amended Application/Motion . Filed by Debtor Carl Alexander Wescott (gh) Modified on 3/31/2015 (dc). (Entered: 03/31/2015) |
| 04/01/2015 | 420 | Corrected Notice of Hearing for (Amended) Motion to Compel Abandonment. (RE: related document(s)418 Amended motion to Compel Abandonment (RE: related document(s)399 Amended Application/Motion filed by Debtor Carl Alexander Wescott) . Filed by Debtor Carl Alexander Wescott (gh)). Filed by Debtor Carl Alexander Wescott (gh) (Entered: 04/02/2015) |
| 04/01/2015 | 421 | Proof of Service. Filed by Debtor Carl Alexander Wescott (gh) (Entered: 04/02/2015) |
| 04/07/2015 | 422 | Statement of Non-Opposition *to Amended Motion to Compel Abandonment (w/cert of service)* (RE: related document(s)418 Amended Application/Motion). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/07/2015) |
| 04/07/2015 | 423 | Statement of Non-Opposition *to Abandonment of Atlas Consulting, LLC (w/cert of service)* (RE: related document(s) Hearing Continued/Rescheduled). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/07/2015) |
| 04/07/2015 | 424 | Request for Entry of Default Re: *[Debtor Monette Stephens Request For Entry Of Order Granting Relief By Default On Abandonment Of Atlas Consulting, LLC]* Filed by Joint Debtor Monette Rosemarie Stephens (Kaplan, Gary) (Entered: 04/07/2015) |
| 04/08/2015 | 425 | Motion for Sale of Property - *Limited Partnership Interest, Subject to Overbid* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/08/2015) |

| | | |
|---|---|---|
| 04/08/2015 | 426 | Declaration of Jean Barnier in Support of *Motion to Sell Limited Partnership Interest Subject to Overbid* (RE: related document(s)425 Motion for Sale of Property). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/08/2015) |
| 04/08/2015 | 427 | Notice and Opportunity for Hearing *on Trustee's Motion to Sell Limited Partnership Interest Subject to Overbid (w/cert of service)* (RE: related document(s)425 Motion for Sale of Property - *Limited Partnership Interest, Subject to Overbid* Filed by Trustee Janina M. Hoskins. Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 04/08/2015) |
| 04/09/2015 | | Hearing Dropped. A statement of non-opposition has been filed. The hearing on 4/10/15 at 9:30 a.m. is vacated. Gary Kaplan is to submit a proposed form of order. (related document(s): [399] Amended Application/Motion filed by Carl Alexander Wescott) (bg ) (Entered: 04/09/2015) |
| 04/16/2015 | 429 | Order Granting Debtor Monette Stephens' Request for Abandonment of Estate's Interest in Atlas Consulting, LLC (RE: related document(s)395 Response Debtor Monette Stephens' Limited Response to Debtor Carl Alexander Wescott's Motion to Compel Abandonment, filed by Joint Debtor Monette Rosemarie Stephens). (dc) (Entered: 04/17/2015) |
| 04/17/2015 | | Hearing Held. Motion granted; order signed in court. Two conformed copies of the order provided to Mr. Wescott. (related document(s): 418 Amended Application/Motion filed by Carl Alexander Wescott) (lp ) (Entered: 04/17/2015) |
| 04/17/2015 | 428 | Order Authorizing Abandonment of Assets of the Estate (Related Doc # 418) (dc) (Entered: 04/17/2015) |
| 04/17/2015 | 430 | PDF with attached Audio File. Court Date & Time [ 4/17/2015 10:03:07 AM ]. File Size [ 3312 KB ]. Run Time [ 00:13:48 ]. (admin). (Entered: 04/17/2015) |
| 04/20/2015 | 431 | Notice of Change of Address Filed by Creditors Leigh F. Martin , Joseph E. Martin (ac) (Entered: 04/21/2015) |
| 05/05/2015 | 432 | Report: *re Proposed Sale of Agua Dulce* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 05/05/2015) |
| 05/05/2015 | 433 | Supplemental Report: *re Business Operations* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 05/05/2015) |
| 05/14/2015 | 434 | Order Authorizing Trustee To Sell Assets Of The Estate. (Related Doc # 425) (ac) (Entered: 05/14/2015) |
| 05/16/2015 | 435 | BNC Certificate of Mailing (RE: related document(s) 434 Order on Motion for Sale of Property). Notice Date 05/16/2015. (Admin.) (Entered: 05/16/2015) |
| 06/08/2015 | 436 | Report: *of Sale re Catamount Ventures LLP Interest* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 06/08/2015) |
| 06/18/2015 | 437 | Motion for Sale of Property *Trustee's Motion for Authority to Sell Certain Assets of the Estate Subject to Overbid [Lightfoot Holdings, SA and Lightfoot Investments, SA]* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit) (Barnier, Jean) (Entered: 06/18/2015) |
| 06/18/2015 | 438 | Declaration of Janina Hoskins in Support of *Trustee's Motion for Authority to Sell Certain Assets of the Estate Subject to Overbid [Lightfoot Holdings, SA and Lightfoot Investments, SA]* (RE: related document(s)437 Motion for Sale of Property). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/18/2015) |

| | | |
|---|---|---|
| 06/18/2015 | 439 | Notice and Opportunity for Hearing *on Trustee's Motion for Authority to Sell Certain Assets of the Estate (w/cert of service)* (RE: related document(s)437 Motion for Sale of Property *Trustee's Motion for Authority to Sell Certain Assets of the Estate Subject to Overbid [Lightfoot Holdings, SA and Lightfoot Investments, SA]* Filed by Trustee Janina M. Hoskins (Attachments: # 1 Exhibit)). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 06/18/2015) |
| 07/10/2015 | | Adversary Case Closed 3:12-ap-3086. (ac) (Entered: 07/10/2015) |
| 07/13/2015 | 440 | Motion for Entry of Default *Order Authorizing Trustee's Sale of Certain Assets of the Estate; Declaration of Jean Barnier in Support [Ex Parte Motion]* (RE: related document(s)437 Motion for Sale of Property filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 07/13/2015) |
| 07/13/2015 | 441 | Order Authorizing Trustee to Sell Certain Assets of The Estate. (Related Doc # 437), Motion for Entry of Default (Related Doc # 440) (ac) (Entered: 07/13/2015) |
| 07/15/2015 | 442 | BNC Certificate of Mailing (RE: related document(s) 441 Order on Motion for Sale of Property). Notice Date 07/15/2015. (Admin.) (Entered: 07/15/2015) |
| 07/22/2015 | | Receipt of Exemplification Fee. Amount 21.00 from Macconaghy And Barnier. Receipt Number 30062098. (admin) (Entered: 07/22/2015) |
| 07/23/2015 | 443 | Exemplification Certificate Issued (RE: related document(s)441 Order Authorizing Trustee to Sell Certain Assets of The Estate.). (dc) (Entered: 07/23/2015) |
| 09/08/2015 | | Meeting of Creditors Held. . (Hoskins, Janina) (Entered: 09/08/2015) |
| 10/20/2015 | 444 | Notice of Change of Address Filed by Creditor Ionian 36 LLC (gh) (Entered: 10/21/2015) |
| 11/03/2015 | 445 | Document: *Notice of Change of Address.* Filed by Trustee Accountant Jay D. Crom (Crom, Jay) NOTE: Correct event: Notice of Change of Address. Modified on 11/4/2015 (ac). (Entered: 11/03/2015) |
| 12/27/2015 | 446 | Report: *re Sale of Lightfoot Holdings SA and Lightfoot Investment SA* Filed by Trustee Janina M. Hoskins (Hoskins, Janina) (Entered: 12/27/2015) |
| 01/04/2016 | 447 | Final Application for Compensation *together with Proof of Service* for Jay D. Crom, Trustee's Accountant, Fee: $174,971.00, Expenses: $789.48. Filed by Trustee Accountant Jay D. Crom (Attachments: # 1 Exhibit A # 2 Exhibit B) (Crom, Jay) (Entered: 01/04/2016) |
| 01/06/2016 | 448 | Motion to Approve Document *Ex Parte Application for Order Approving Nunc Pro Tunc "Amended Stipulation Re: Trustee's Motion to Employ Joe Martin as Consultant"* (RE: related document(s)144 Stipulation for Miscellaneous Relief filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (MacConaghy, John) (Entered: 01/06/2016) |
| 01/07/2016 | 449 | Order Approving Amended Stipulation Re: Trustee's Motion to Employ Joe Martin As Consultant Nunc Pro Tunc. (Related Doc # 448) (ac) (Entered: 01/08/2016) |
| 01/08/2016 | 450 | Application for Compensation *and Reimbursement of Expenses* for Jean Barnier, Trustee's Attorney, Fee: $419,080.00, Expenses: $7,415.99. Filed by Attorney Jean Barnier (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 |

|            |     | Exhibit 7 # 8 Exhibit 9 # 9 Exhibit 9) (Barnier, Jean) (Entered: 01/08/2016) |
|------------|-----|---|
| 01/15/2016 | 451 | Motion *for Compensation by Real Estate Consultant for Chapter 7 Trustee (Including Declaration)* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/15/2016) |
| 01/15/2016 | 454 | Application for Compensation for Joe Martin , Consultant, Fee: $3750.00, Expenses: $. (gh) Clerk modified to trustee's other professional. Modified on 2/18/2016 (ac). (Entered: 02/17/2016) |
| 01/21/2016 | 452 | Motion to Pay *Administrative Expenses Nunc Pro Tunc* Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/21/2016) |
| 01/21/2016 | 453 | Notice and Opportunity for Hearing *on Trustee's Motion for Order Authorizing Payment of Administrative Expenses Nunc Pro Tunc (w/cert of service)* (RE: related document(s)452 Motion to Pay *Administrative Expenses Nunc Pro Tunc* Filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 01/21/2016) |
| 02/17/2016 |     | **CORRECTIVE ENTRY** Clerk had to redocket using correct event code. (RE: related document(s)451 Motion *for Compensation by Real Estate Consultant for Chapter 7 Trustee (Including Declaration)*, 454 Application for Compensation for Joe Martin, Consultant, Fee: $3750.00, Expenses: $.). (gh) (Entered: 02/17/2016) |
| 02/17/2016 | 455 | Motion for Entry of Default *Order Authorizing Payment of Administrative Expenses Nunc Pro Tunc [Ex Parte]* (RE: related document(s)452 Motion to Pay filed by Trustee Janina M. Hoskins). Filed by Trustee Janina M. Hoskins (Barnier, Jean) (Entered: 02/17/2016) |
| 02/20/2016 | 456 | Order Authorizing Payment of Administrative Expenses Nunc Pro Tunc (Related Doc # 452) (dc) (Entered: 02/22/2016) |
| 03/24/2016 | 457 | Chapter 7 Trustee's Final Report filed on behalf of Trustee Janina Hoskins. The United States Trustee has reviewed the Chapter 7 Trustee's Final Report.  Filed by Trustee Janina M. Hoskins. (U.S. Trustee (MS)) (Entered: 03/24/2016) |
| 03/24/2016 | 458 | Application for Compensation  for Janina M. Hoskins, Trustee Chapter 7, Fee: $20,255.94, Expenses: $107.67. The UST has reviewed the Application for Compensation of the trustee and submitted to the U.S. Bankruptcy Court for filing. Filed by Trustee Janina M. Hoskins. (U.S. Trustee (MS)) (Entered: 03/24/2016) |
| 03/24/2016 | 459 | Notice of Filing of Trustee's Final Report . Filed by Trustee Janina M. Hoskins. (U.S. Trustee (MS)) (Entered: 03/24/2016) |
| 03/24/2016 | 460 | Notice of Hearing on Trustee's Final Application(s) for Compensation. **Final Meeting scheduled for 4/22/2016 at 09:30 AM at San Francisco Courtroom 17 - Montali.** Filed by Trustee Janina M. Hoskins. (U.S. Trustee (MS)) (Entered: 03/24/2016) |
| 03/27/2016 | 461 | BNC Certificate of Mailing - PDF Document. (RE: related document(s) 460 Final Meeting Sched/Resched). Notice Date 03/27/2016. (Admin.) (Entered: 03/27/2016) |
| 03/27/2016 | 462 | BNC Certificate of Mailing (RE: related document(s) 459 Notice of Final Report). Notice Date 03/27/2016. (Admin.) (Entered: 03/27/2016) |
| 04/11/2016 | 463 | Notice of Change of Address Filed by Creditors Stephen Donecker , Krista Donecker (gh) (Entered: 04/12/2016) |

| | | |
|---|---|---|
| 04/22/2016 | 464 | Order Granting Trustee's Final Account and Application for Compensation (Related Doc # 458). fees awarded: $20255.94, expenses awarded: $107.67 for Janina M. Hoskins. (wbk) (Entered: 04/22/2016) |
| 04/22/2016 | | Hearing Dropped. No appearance required at the hearing. The applications are allowed as filed; order to be uploaded. (related document(s): [460] Final Meeting Sched/Resched filed by Janina M. Hoskins.) (lp ) (Entered: 04/22/2016) |
| 04/25/2016 | 465 | Order Approving and Authorizing Compensation to Accountants (Related Doc # 447). fees awarded: $174971.00, expenses awarded: $789.48 for Jay D. Crom. (wbk) (Entered: 04/26/2016) |
| 04/28/2016 | 466 | Order Authorizing Compensation for Attorney for Chapter 7 Trustee (Related Doc # 450). fees awarded: $419080.00, expenses awarded: $7415.99 for Jean Barnier. (wbk) (Entered: 04/28/2016) |
| 05/02/2016 | 467 | Order Authorizing Compensation for Real Estate Consultant (Related Doc 454). fees awarded: $3750.00, expenses awarded: $0.00 for Joe Martin (dmf) Modified on 5/15/2016 (dc). (Entered: 05/03/2016) |
| 07/14/2016 | 468 | Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged filed on behalf of Trustee, Janina M. Hoskins. The United States Trustee has reviewed the Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged. The United States Trustee does not object to the relief requested.  Filed by Trustee Janina M. Hoskins. (U.S. Trustee (dj)) (Entered: 07/14/2016) |
| 07/15/2016 | 469 | Final Decree (dmf) (Entered: 07/15/2016) |
| 07/15/2016 | | Bankruptcy Case Closed. (dmf) (Entered: 07/15/2016) |
| 07/17/2016 | 470 | BNC Certificate of Mailing (RE: related document(s) 469 Final Decree). Notice Date 07/17/2016. (Admin.) (Entered: 07/17/2016) |
| 05/26/2017 | 471 | Adversary case 17-03034. 91 (Declaratory judgment), 72 (Injunctive relief - other), 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)) Complaint by Carl Alexander Wescott against Travis Arnovick , Stephanie Arnovick , Merrill Arnovick & Jones . Fee Amount $0.00. (Attachments: # 1 AP Cover Sheet) (cp) (Entered: 05/26/2017) |
| 07/10/2017 | 472 | Notice of Change of Address Filed by Debtor Carl Alexander Wescott (gh) (Entered: 07/11/2017) |
| 09/05/2017 | 473 | Notice of Change of Address Filed by Debtor Carl Alexander Wescott (gh) (Entered: 09/06/2017) |
| 09/29/2017 | | Adversary Case Closed 3:17-ap-3034. (wbk) (Entered: 09/29/2017) |
| 06/12/2018 | 474 | Motion to Reopen Chapter 7 Case . Fee Amount $260 Filed by Interested Partys Stephanie Arnovick, Travis Arnovick (Attachments: # 1 Memorandum of Points and Authorities # 2 Declaration # 3 Request for Judicial Notice # 4 Exhibit 1-5 to Request for Judicial Notice # 5 Exhibits 6-10 to Request for Judicial Notice # 6 Exhibit 11 to Request for Judicial Notice # 7 Exhibit 12, Part 1 to Request for Judicial Notice # 8 Exhibit 12, Part 2 to Request for Judicial Notice # 9 Exhibits 13-14 to Request for Judicial Notice # 10 Exhibits 15-16 to Request for Judicial Notice # 11 Exhibit 17 to Request for Judicial Notice # 12 Exhibit 18 to Request for Judicial Notice # 13 Exhibit 19, Part 1 to Request for Judicial Notice # 14 Exhibit 19, Part 2 to Request for Judicial Notice # 15 |

Exhibit 20 to Request for Judicial Notice # 16 Exhibits 21-
28 to Request for Judicial Notice # 17 Certificate of
Service) (Kaplan, Robert)DEFECTIVE ENTRY: Parts of PDF are
illegible on pages #9-#19 on Exhibit 21. (2) Notice of
Hearing or Opportunity for Hearing to be filed separately.
Modified on 6/13/2018 (aw). (Entered: 06/12/2018)

06/12/2018    475    Notice of Hearing  (RE: related document(s)474
Motion to Reopen Chapter 7 Case . Fee Amount $260
Filed by Interested Partys Stephanie Arnovick, Travis
Arnovick (Attachments: # 1 Memorandum of Points and
Authorities # 2 Declaration # 3 Request for Judicial Notice
# 4 Exhibit 1-5 to Request for Judicial Notice # 5 Exhibits
6-10 to Request for Judicial Notice # 6 Exhibit 11 to
Request for Judicial Notice # 7 Exhibit 12, Part 1 to
Request for Judicial Notice # 8 Exhibit 12, Part 2 to
Request for Judicial Notice # 9 Exhibits 13-14 to Request
for Judicial Notice # 10 Exhibits 15-16 to Request for
Judicial Notice # 11 Exhibit 17 to Request for Judicial
Notice # 12 Exhibit 18 to Request for Judicial Notice # 13
Exhibit 19, Part 1 to Request for Judicial Notice # 14
Exhibit 19, Part 2 to Request for Judicial Notice # 15
Exhibit 20 to Request for Judicial Notice # 16 Exhibits 21-
28 to Request for Judicial Notice # 17 Certificate of
Service)). **Hearing scheduled for 7/27/2018 at 10:00 AM
at San Francisco Courtroom 17 - Montali.** Filed by
Interested Partys Stephanie Arnovick, Travis Arnovick
(Kaplan, Robert) (Entered: 06/12/2018)

06/12/2018           Receipt of filing fee for Motion to Reopen Chapter 7/13
Case(12-30143) [motion,mreop713] ( 260.00). Receipt number
28678483, amount $ 260.00 (re: Doc# 474 Motion to Reopen
Chapter 7 Case . Fee Amount $260) (U.S. Treasury)
(Entered: 06/12/2018)

06/13/2018    476    Substitution of Attorney . Attorney Julie M. Glosson
and Vikas Kumar terminated. Timothy S. Laffredi added to
the case. Filed by U.S. Trustee Office of the U.S. Trustee
/ SF (Laffredi, Timothy) (Entered: 06/13/2018)

--------------------------------------------------------------------------------
                          PACER Service Center
                          Transaction Receipt

                          06/19/2018 16:57:53

PACER Login: mm1985:2737623:0      Client Code: Martin
Description: Docket Report          Search Criteria: 12-30143 Fil or Ent: filed
                                    From: 1/17/2012 To: 6/19/2018
                                    Doc From: 0 Doc To: 99999999
                                    Term: included    Format: text
                                    Page counts for documents:
                                    included
Billable Pages: 30                  Cost: 3.00
--------------------------------------------------------------------------------

.

# EXHIBIT G

1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, SBN 83684
2  JEAN BARNIER, SBN 231683
   MONIQUE JEWETT-BREWSTER, SBN 217792
3  645 First St. West, Suite D
   Sonoma, California 95476
4  Telephone: (707) 935-3205
   Email:        jbarnier@macbarlaw.com
5

6  Attorneys for Trustee
   JANINA M. HOSKINS
7

8                UNITED STATES BANKRUPTCY COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 In re                              )
                                      )    Case No. 12-30143 DM
12 CARL ALEXANDER WESCOTT AND         )    (Chapter 7)
   MONETTE ROSEMARIE STEPHENS,        )
13                                    )    STIPULATION RE: TRUSTEE'S
                                      )    MOTION TO EMPLOY JOE MARTIN
14                                    )    AS CONSULTANT
                                      )
15                                    )
                Debtors.              )
16                                    )
                                      )
17 _____   )

18        Janina M. Hoskins, Trustee in Bankruptcy of the Estate of Carl Alexander Wescott and

19 Monette Rosemarie Stephens, and the Office of the United States Trustee, through their

20 respective counsel of record, hereby enter into a Stipulation. This Stipulation is made with

21 respect to the following facts:

22                                    I

23                                RECITALS

24        A.      On June 20, 2012, the Trustee filed her Motion to Employ Consultant [Docket

25 No. 116], to represent the Trustee regarding the Estate's efforts to market and sell either 1) the

26 interest held by Carl Wescott in Lightfoot Holding SA and Lightfoot Investments SA which

[8039.stipulation.employ.consultant.UST]                                    PAGE 1

1   controls 371 acres of undeveloped land located in La Ceiba, Honduras or 2) the real property

2   consisting of 371 acres of undeveloped land located in La Ceiba, Honduras.

3       B.    On June 26, 2012, the Office of the U.S. Trustee filed it's Objection to Trustee's

4   Motion to Employ Consultant [Docket No. 129].

5       C.    WHEREAS, the Trustee and the Office of the United States Trustee now wish to

6   avoid the delays and expenses caused by further litigation over the Trustee's Motion to Employ

7   Consultant.

8   II

9   STIPULATION

10       NOW, THEREFORE,  in consideration of these Recitals, the parties hereby stipulate and

11   agree as follows:

12       1.    The parties hereby stipulate that the Trustee shall withdraw the Motion to Employ

13   Consultant.

14       2.    The parties hereby further stipulate that if Martin's efforts result in a sale of either

15   the subject land or the interest in the Lightfoot entities, Martin will be paid at the close of said

16   sale following a duly noticed Motion, served on all creditors pursuant to 11 USC Section 503(b).

17       3.    If Martin receives money from the sale of the subject land or the interest in the

18   Lightfoot entities, Martin will not receive distributions on his claim against the Bankruptcy

19   Estate.

20       4.    If Martin fails to sell the subject land or interest in the Lightfoot entities, his claim

21   against the Estate will be allowed upon approval by Chapter 7 Trustee.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

Dated:    July 5, 2012            MacConaghy & Barnier, PLC


_____ /s/ Jean Barnier _____
By Jean Barnier
Attorneys for Trustee


Dated:    July 9, 2012            Office of the United States Trustee


_____ /s/ Julie M. Glosson _____
By Julie M. Glosson
Attorney for the U.S. Trustee