1
2
3
4
5             UNITED STATES DISTRICT COURT
6         FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                     OAKLAND DIVISION
8

| | |
|---|---|
| CARL ALEXANDER WESCOTT, | Case No: C 18-5842 SBA |
| Plaintiff, | Related to:<br>No. C 17-7330 SBA |
| vs. | **ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IFP** |
| JOSEPH MARTIN, et al., | |
| Defendants. | Dkt. 4 |

On December 27, 2017, Plaintiff Carl Wescott ("Plaintiff") filed a pro se breach of contract action against Defendants Joseph Martin and his wife, Lena Lightfoot (collectively "Defendants"). See Wescott v. Martin, et al., C 17-7330 SBA ("Wescott I"). The Court dismissed Wescott I without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), based on Plaintiff's failure to comply with the Court's order to timely respond to Defendants' motion to dismiss. Plaintiff has now refiled his lawsuit against Defendants and submitted a request to proceed in forma pauperis ("IFP").

By statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). A district court has the authority to waive these fees for any person who shows in an affidavit that he or she is unable to pay it. Id. § 1915(a)(1). Although 28 U.S.C. § 1915(a) "does not itself define what constitutes insufficient assets," a plaintiff seeking IFP status "must allege poverty with some particularity, definiteness and certainty." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks omitted). The determination whether a plaintiff is indigent, and thus unable to pay

the filing fee, falls within the district court's reasonable discretion.  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).  Section 1915(e) authorizes a court to "dismiss [a] case if the allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

In his IFP application, Plaintiff claims that he is homeless, unemployed, has no source of income, no assets, no bank account and possesses only $94.50 in cash.  Dkt. 4 at 2-3.  In terms of expenses, Plaintiff states that he pays $100 per month for a cellular telephone.  Id.  He also claims to have $100 million in debt.  Plaintiff's claim of poverty, however, is at odds with the information he submitted to the Court in Wescott I.  In that action, Plaintiff attempted to excuse his late response to Defendants' motion to dismiss by claiming that he had been away for a couple of weeks to commence law school at the Mitchell Hamline School of Law in St. Paul, Minnesota, and had just returned to San Francisco.  See Wescott I, Dkt. 34.  It is unclear how Plaintiff can claim to be destitute and homeless—and yet, at the same time—be enrolled in a law school located in another state and travel back and forth between California and Minnesota.

The Court is not persuaded that Plaintiff is providing accurate and complete information regarding his financial status.  As a result, the Court denies Plaintiff's IFP application.  Nevertheless, the Court will afford Plaintiff an opportunity to submit a renewed IFP application that provides more specific information regarding his financial ability to pay the filing fee.  See United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (stating that it is within the district court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his or her poverty).  Among other things, Plaintiff shall provide information regarding, inter alia:  (1) the basis of his claim that he has debts totaling over $100 million; (2) the source of income that enables him to pay his $100 per month cellular telephone bill; and (3) the source of income that enables him to pay the cost of law school, law books, room and board, and travelling to and from St. Paul.  Accordingly,

//

//

IT IS HEREBY ORDERED THAT

1. Plaintiff's application to proceed IFP is DENIED without prejudice. By no later than November 5, 2018, Plaintiff shall either file a renewed IFP application which includes the information specified above or pay the $350 filing fee. Any renewed application must be under penalty of perjury. Failure to comply with this Order will result in the dismissal of the action.

2. Pursuant to Civil Local Rule 3-12, the Court deems the instant action related to Case No. C 17-7330 SBA.

3. The Clerk shall file a copy of this Order in both the instant action and Case No. C 17-7330 SBA.

IT IS SO ORDERED.

Dated: 10/25/2018

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge